1  THOMAS E. MONTGOMERY, County Counsel
   County of San Diego
2  By FERNANDO KISH, Senior Deputy (SBN 236961)
      CHRISTINA I. VILASECA, Senior Deputy (SBN 290910)
3  1600 Pacific Highway, Room 355
   San Diego, California 92101-2469
4  Telephone:  (619) 531-4713
   E-mail: fernando.kish@sdcounty.ca.gov
5  E-mail: christina.vilaseca@sdcounty.ca.gov

6  Attorneys for Defendant County of San Diego

7

8                  **UNITED STATES DISTRICT COURT**

9               **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  JANE DOE, an Individual,                    )  No. **'19CV2335 JM   AGS**
                                                )
12          Plaintiff,                          )  **NOTICE OF LODGMENT OF**
                                                )  **EXHIBITS IN SUPPORT OF**
13      v.                                      )  **DEFENDANT COUNTY OF SAN**
                                                )  **DIEGO'S NOTICE OF REMOVAL OF**
14  COUNTY OF SAN DIEGO, a California           )  **STATE COURT ACTION PURSUANT**
    Municipality; TIMOTHY WILSON, an           )  **TO 28 U.S.C. SECTION 1441(a), 28**
15  individual; and DOES 1 through 10,          )  **U.S.C. SECTION 1331 (FEDERAL**
    inclusive                                   )  **QUESTION), and 28 U.S.C. SECTION**
16                                              )  **1367(a) (SUPPLEMENTAL**
            Defendants.                         )  **JURISDICTION)**
17  _____         )

18

19          Pursuant to 28 U.S.C. § 1446, Defendant County of San Diego ("County")

20  lodges the following exhibits, attached hereto, in support of its notice of removal of

21  state court action to this court.

22  Exhibit A:    Register of Action ("Docket") as of December 6, 2019 for Superior Court of

23                California, County of San Diego case entitled *Jane Doe v. County of San*

24                *Diego, Timothy Wilson, and Does 1-10,* Case No. 37-2019-00020094-CU-

25                CR-CTL.

26  Exhibit B:    Plaintiff's Complaint for Damages and Request for Jury Trial filed April 2,

27                2019.

28  Exhibit C:    Plaintiff's Civil Case Cover Sheet filed April 2, 2019.

Exhibit D:   Plaintiff's Motion to Permit Use of Pseudonym filed April 2, 2019.

Exhibit E:   Order Granting Jane Doe's Motion to Permit Use of Pseudonym filed April 15, 2019.

Exhibit F:   Notice of Case Assignment and Case Management Conference filed on April 18, 2019.

Exhibit G:   Summons filed April 29, 2019.

Exhibit H:   Proof of Service of Summons and Complaint on Timothy Wilson completed on May 8, 2019 and filed on June 10, 2019.

Exhibit I:   Proof of Service of Summons and Complaint on County of San Diego completed on May 8, 2019 and filed on June 10, 2019.

Exhibit J:   Request for Entry of Default of Timothy Wilson filed on June 10, 2019.

Exhibit K:   Plaintiff's First Amended Complaint filed July 2, 2019.

Exhibit L:   Plaintiff and County of San Diego's Stipulation and Order to Allow County Additional Time to Respond to Complaint filed August 1, 2019 and Order signed on August 6, 2019.

Exhibit M:   Plaintiff's Motion for Leave to File Second Amended Complaint filed August 16, 2019.

Exhibit N:   County of San Diego's Notice of Jury Fee Deposit filed September 19, 2019.

Exhibit O:   County of San Diego's CMC Statement filed September 19, 2019.

Exhibit P:   Plaintiff's CMC Statement filed September 26, 2019.

Exhibit Q:   Plaintiff's Notice of Jury Fee Deposit filed October 3, 2019.

Exhibit R:   County of San Diego's Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint filed October 28, 2019.

Exhibit S:   Plaintiff's Reply to Opposition for Leave to File Second Amended Complaint filed on November 1, 2019.

Exhibit T:   Superior Court's Tentative Ruling on Plaintiff's Motion for Leave to File Second Amended Complaint entered on November 7. 2019.

Exhibit U:   Court's Notice of Ruling served on November 12, 2019.

Exhibit V:   Plaintiff's Second Amended Complaint filed on November 14, 2019.

Exhibit W:   Plaintiff's Application and Order Appointing GAL - Jennifer Tanis, and
            Supporting Declarations filed on November 15, 2019.


DATED: December 6, 2019                THOMAS E. MONTGOMERY, County Counsel

                                       By: s/FERNANDO KISH, Senior Deputy
                                       Attorneys for Defendant County of San Diego

EXHIBIT "A"

**SUPERIOR COURT OF CALIFORNIA**
# County of SAN DIEGO

**Register of Actions Notice**

| | | | |
|---|---|---|---|
| Case Number: | 37-2019-00020094-CU-CR-CTL | Filing Date: | 04/02/2019 |
| Case Title: | Doe vs County of San Diego [IMAGED] | Case Age: | 248 days |
| Case Status: | Pending | Location: | Central |
| Case Category: | Civil - Unlimited | Judicial Officer: | Ronald F. Frazier |
| Case Type: | Civil Rights | Department: | C-65 |

## Future Events

| Date | Time | Department | Event |
|---|---|---|---|
| 01/17/2020 | 10:30 AM | C-65 | Civil Case Management Conference - Complaint |

## Participants

| Name | Role | Representation |
|---|---|---|
| County of San Diego | Defendant | Kish, Fernando |
| Doe, Jane | Plaintiff | Licari, Michael A |
| Tanis, Jennifer | Guardian Ad Litem | |
| Wilson, Timothy | Defendant | |

## Representation

| Name | Address | Phone Number |
|---|---|---|
| KISH, FERNANDO | 1600 Pacific Hwy Rm 355 San Diego CA 92101 2469 | (619) 531-4860 |
| LICARI, MICHAEL  A | 7801 Mission Court Court 240 San Diego CA 92108 | |

| ROA# | Entry Date | Short/Long Entry | Filed By |
|---|---|---|---|
| 1 | 04/02/2019 | Complaint filed by Doe, Jane.<br>Refers to: County of San Diego; Wilson, Timothy | Doe, Jane (Plaintiff) |
| 2 | 04/02/2019 | Civil Case Cover Sheet filed by Doe, Jane. | Doe, Jane (Plaintiff) |
| 3 | 04/02/2019 | Declaration - Other (Jane Doe's Motion to Permit use of Pseudonym) filed by Doe, Jane. | Doe, Jane (Plaintiff) |
| 4 | 04/15/2019 | Order - Other (Granting Jane Doe's motion to permit use of Pseudonym) filed by Doe, Jane. | Doe, Jane (Plaintiff) |
| 5 | 04/02/2019 | Declaration - Other (of Jane Doe in support of her motion to permit use of a Pseudonym) filed by Doe, Jane. | Doe, Jane (Plaintiff) |
| 6 | 04/18/2019 | Summons issued. | |
| 7 | 04/02/2019 | Case assigned to Judicial Officer Frazier, Ronald. | |
| 8 | 04/18/2019 | Civil Case Management Conference scheduled for 10/04/2019 at 11:00:00 AM at Central in C-65 Ronald F. Frazier. | |
| 9 | 04/18/2019 | Case initiation form printed. | |
| 10 | 04/02/2019 | Sealed Document(s) (Complaint/Motion to permit use of Pseudonym/Order) filed by The Superior Court of San Diego. | |
| 11 | 04/02/2019 | Sealed Document(s) (Civil Case Cover Sheet) filed by The Superior Court of San Diego. | |
| 12 | 04/25/2019 | [Another document for ROA# 12] | |
| 12 | 04/25/2019 | [Another document for ROA# 12] | |
| 12 | 04/25/2019 | [Another document for ROA# 12] | |
| 12 | 04/25/2019 | [Another document for ROA# 12] | |
| 12 | 04/25/2019 | [Another document for ROA# 12] | |
| 12 | 04/25/2019 | E-filing transaction partially accepted. | |
| 13 | 04/29/2019 | Original Summons filed by Doe, Jane. | Doe, Jane (Plaintiff) |

EXHIBIT A

| | | | |
|---|---|---|---|
| 14 | 06/10/2019 | Proof of Service of 10-day Summons & Complaint - Personal filed by Doe, Jane.<br>Refers to: Wilson, Timothy | Doe, Jane (Plaintiff) |
| 15 | 06/10/2019 | Proof of Service of 10-day Summons & Complaint - Personal filed by Doe, Jane.<br>Refers to: County of San Diego | Doe, Jane (Plaintiff) |
| 16 | 06/10/2019 | Request for Entry of Default filed by Doe, Jane.<br>Refers to: Wilson, Timothy | Doe, Jane (Plaintiff) |
| 17 | 06/10/2019 | The default filed by Doe, Jane was entered as to Wilson, Timothy on Complaint .  Override feature used. | |
| 18 | 07/02/2019 | Amended Complaint (First) filed by Doe, Jane.<br>Refers to: Wilson, Timothy; County of San Diego | Doe, Jane (Plaintiff) |
| 19 | 08/01/2019 | Stipulation - Other - Fee Due (to Allow the County of San Diego Additional Time to Respond to Jane Doe's Complaint and Order) filed by Doe, Jane; County of San Diego. | Doe, Jane (Plaintiff); County of San Diego (Defendant) |
| 20 | 08/16/2019 | Motion Hearing (Civil) scheduled for 11/08/2019 at 08:30:00 AM at Central in C-65 Ronald F. Frazier. | |
| 21 | 08/16/2019 | Motion for Leave to Amend filed by Doe, Jane. | Doe, Jane (Plaintiff) |
| 22 | 08/16/2019 | Declaration - Other (Declaration of Michael Licari) filed by Doe, Jane. | Doe, Jane (Plaintiff) |
| 23 | 08/16/2019 | Proposed Order submitted by Doe, Jane received but not filed on 08/16/2019. | Doe, Jane (Plaintiff) |
| 24 | 09/19/2019 | Notice of Jury Fee Deposit filed by County of San Diego. | County of San Diego (Defendant) |
| 25 | 09/19/2019 | Case Management Statement filed by County of San Diego. | County of San Diego (Defendant) |
| 26 | 09/19/2019 | Proof of Service by Mail filed by County of San Diego. | County of San Diego (Defendant) |
| 27 | 09/26/2019 | Case Management Statement filed by Doe, Jane. | Doe, Jane (Plaintiff) |
| 28 | 10/03/2019 | Notice of Jury Fee Deposit filed by Doe, Jane. | Doe, Jane (Plaintiff) |
| 31 | 10/04/2019 | Civil Case Management Conference continued pursuant to party's motion to 11/08/2019 at 08:30AM before Judge Ronald F. Frazier. | |
| 32 | 10/04/2019 | Minutes finalized for Civil Case Management Conference heard 10/04/2019 11:00:00 AM. | |
| 33 | 10/28/2019 | Memorandum of Points and Authorities (in opposition to plaintiffs motion for leave to file second amended complaint) filed by County of San Diego. | County of San Diego (Defendant) |
| 34 | 10/28/2019 | Proof of Service (of memorandum of points and authorities) filed by County of San Diego. | County of San Diego (Defendant) |
| 35 | 11/01/2019 | Reply to Opposition - Other filed by Doe, Jane. | Doe, Jane (Plaintiff) |
| 36 | 11/01/2019 | Declaration - Other filed by Doe, Jane. | Doe, Jane (Plaintiff) |
| 37 | 11/07/2019 | Tentative Ruling for Motion Hearing (Civil) published. | |
| 40 | 11/08/2019 | Civil Case Management Conference continued pursuant to Court's motion to 01/17/2020 at 10:30AM before Judge Ronald F. Frazier. | |
| 41 | 11/08/2019 | Minutes finalized for  Multiple Events  heard 11/08/2019 08:30:00 AM. | |
| 42 | 11/08/2019 | Clerk's Certificate of Service By Mail (Minutes Only) SD generated. | |
| 43 | 11/08/2019 | Appointment of Official Reporter Pro Tempore (SUZANNE TATE #8120) filed by The Superior Court of San Diego. | |
| 44 | 11/14/2019 | Amended Complaint (Second) filed by Doe, Jane.<br>Refers to: Wilson, Timothy; County of San Diego | Doe, Jane (Plaintiff) |
| 45 | 11/19/2019 | Application and Order Appointing Guardian Ad Litem (Order signed 11/19/2019) filed by Doe, Jane.<br>Refers to: Tanis, Jennifer | Doe, Jane (Plaintiff) |
| 46 | 11/15/2019 | Declaration - Other (Of Jennifer Tanis) filed by Doe, Jane. | Doe, Jane (Plaintiff) |

EXHIBIT A

47    11/15/2019    Declaration - Other (of Lejon Jackson) filed by Doe, Jane.    Doe, Jane (Plaintiff)

EXHIBIT A

# EXHIBIT "B"

MICHAEL LICARI (SBN 265241)
**SPRINKLE LLOYD & LICARI LLP**
Attorneys at Law
2801 B. St., Ste. 556
San Diego, CA 92102
Telephone: (858) 717-0013
Email: Mike@SL2Law.com

Attorneys for Jane Doe

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/02/2019** at 03:51:41 PM

Clerk of the Superior Court
By Carolina Miranda, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO – CENTRAL DISTRICT

| | |
|---|---|
| JANE DOE, an Individual, | Case No.: 37-2019-00020094-CU-CR-CTL |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1) **INJUNCTIVE RELIEF** |
| COUNTY OF SAN DIEGO, a California Municipality; TIMOTHY WILSON, an individual; and ROES 1 through 10, inclusive, | 2) **NEGLIGENCE** <br> 3) **INVASION OF PRIVACY** <br> 4) **BATTERY** |
| Defendants. | **[Image File]** <br> **Jury Trial Demanded** |

Plaintiff Jane Doe. alleges as follows:

## PARTIES

1. Plaintiff JANE DOE ("Jane Doe") was a fourteen-year-old girl at the time that the events that give rise to this complaint occurred and is resident of the County of San Diego and in the State of California.

2. Sheriff's Deputy Timothy Wilson ("Deputy Wilson") was and is a resident of the County of San Diego.

3. Jane Doe Deputy Wilson and the County of San Diego may be collectively referred to as the "Parties."

4. Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate

EXHIBIT B

1    or otherwise, of those Defendants sued herein as Roes 1 through 10, inclusive, which Plaintiff

2    therefore sues by such fictitious names. Plaintiff is informed and believes, and thereon

3    alleges, that each of the fictitiously named Defendants is in some way responsible and/or

4    liable to Plaintiff as herein alleged and caused the damage to Plaintiff as herein alleged.

5    Plaintiff will amend this Complaint to allege the true names and capacities and the

6    responsibility and/or liability of such fictitiously named Defendants when their identities have

7    been ascertained.

8  5.  Plaintiff is informed and believes, and on this basis alleges, that at all times herein mentioned,

9    Defendants sued herein as Roes 1 through 10, inclusive, and each of them, were acting as the

10    duly authorized agent, servant, representative, joint venturer, co-venturer, co-conspirator,

11    partner, employee, and/or alter ego of each of the remaining Defendants and with the

12    knowledge, permission, consent, ratification and/or for the benefit of each of said remaining

13    Defendants, and in doing the things herein mentioned, each of the Defendants named herein

14    was acting in the course and scope of such employment, agency, conspiracy and/or

15    representative capacity with the ratification and consent of the other Defendants , and acted in

16    concert with them.

17                           **VENUE**

18  6.  Based on information and belief, venue is proper in the San Diego County Superior Court

19    because all acts that give rise to this Complaint occurred in the County of San Diego.

20                   **GENERAL ALLEGATIONS**

21  7.  Plaintiff realleges and incorporates herein by this reference each and every allegation

22    contained above in paragraphs 1 through 5, inclusive, as though fully set forth herein.

23  8.  On March 21, 2018 at a Panda Express in Vista, CA, Deputy Wilson approached Jane Doe

24    from behind, sexually assaulted her and quickly exited the Panda Express thereafter.

25  9.  That same day, Jane Doe and her mother reported the incident to the San Diego County

26    Sheriff's Department. The San Diego County Sheriff's Department thereafter opened an

27    investigation into the matter.

28  10. The Sheriff's Department arrested Deputy Wilson on May 18, 2018.

Sprinkle Lloyd &
Licari, LLP
Attorneys At Law
San Diego

2

PLAINTIFF JANE DOE'S COMPLAINT

EXHIBIT B

11. Deputy Wilson pled guilty to one count of committing a lewd act on a minor and two counts of unlawfully taking computer data on October 3, 2018. Judge Goldstein sentenced Deputy Wilson to one year in jail, five years' probation, and he must register as a sex offender.

12. Prior to his arrest, Deputy Wilson used his unique position as an employee of the San Diego County Sherriff's department to access Jane Doe's investigative file forty-four times from March 21, 2018 until his arrest on May 18, 2018. Deputy Wilson worked for San Diego County as a Sheriff's Deputy in the local Vista jail. Deputy Wilson was not part of the investigative team for Jane Doe's case nor does he conduct investigations of any kind and certainly not sexual assaults investigations of minors.

13. Based on information and belief, the Sheriff's Department has the capability to limit access to investigative files, does limit access in rare circumstances, but did not limit access of any kind to Jane Doe's sexual assault investigative file.

14. In the course of accessing Jane Doe's file, Deputy Wilson downloaded photographs of Jane Doe and sent them to his personal email account. In one instance, Deputy Wilson titled at least one photograph, "White Pants" to describe Jane Doe. Deputy Wilson was also able to learn Jane Doe's name, address and cell phone number by gaining access to Jane Doe's file, as well as where Jane Doe attended school.

15. Based on information and belief, at no time did anyone from the Sheriff's Department realize nor did anyone find it unusual that a corrections officer at the local jail had accessed the investigative file of a minor sexual assault victim's case file forty-four times prior to Deputy Wilson's arrest. Based on information and belief, Deputy Wilson's access of Jane Doe's file had no bearing whatsoever on his arrest.

16. The San Diego County Sheriff's Department arrested Deputy Wilson because a San Diego County employee identified Deputy Wilson in a video feed from the Panda Express security footage that the local news outlets broadcasted as part of their story.

17. Once Jane Doe discovered that her assailant accessed her personal file, downloaded photographs of her and knew where she lived, Jane Doe became extremely fearful for her life and safety. Thereafter, Jane Doe, at times became depressed, sick, confused, irritable, and

1    experienced periods of isolation so much so, that she has sought medical treatment as a result
2    of knowing that her personal information was breached forty-four times by the individual who
3    sexually assaulted her and law enforcement never noticed. For example, Jane Doe has
4    preferred to isolate herself as opposed to socializing with friends and peers as she attempts to
5    process what has happened to her and why. Jane Doe lacks trust in adults now and becomes
6    quickly uncomfortable and nervous when an adult male makes eye contact with her in an
7    otherwise typical social interaction. Jane Doe's ability to seek a relationship with the opposite
8    sex has also been impaired by the events in this case. Each of these unfortunate consequences
9    may have a long-lasting negative impact on Jane Doe's long-term growth and social
10   development.

11   18. Jane Doe also changed schools because Deputy Wilson discovered where Jane Doe attended
12       school by accessing her case file.

13   19. Jane Doe submitted a claim with San Diego County as required by the California Govt. Code.
14       Section 900 et. seq. San Diego County rejected Jane Does' claim and denied any
15       responsibility or liability on October 18, 2018.

16                                   **FIRST CAUSE OF ACTION**
17                        **Injunctive Relief Against the County of San Diego**

18   20. Plaintiff realleges and incorporates herein by this reference each and every allegation
19       contained above in paragraphs 1 through 18, inclusive, as though fully set forth herein.

20   21. In 2008, the California legislature created the Victim's Bill of Rights called Marsy's Law and
21       enumerated those rights in the California Constitution under Article I, § 28, section (b).
22       Among those rights are the following:

23       a. To be treated with fairness and respect for the victim's privacy and dignity and to be free
24       from intimidation, harassment, and abuse, throughout the criminal and juvenile justice
25       process;

26       b. To be reasonably protected from the defendant and persons acting on behalf of defendant;
27       and

28       c. To prevent the disclosure of confidential information or records to the defendant, the

Sprinkle Lloyd &
Licari, LLP
Attorneys At Law
San Diego

4
PLAINTIFF JANE DOE'S COMPLAINT
EXHIBIT B

defendant's attorney, or any other person acting on behalf of the defendant, which could be used to locate or harass the victim or the victim's family or which disclose confidential communications made in the course of medical or counseling treatment, or which are otherwise privileged or confidential by law.

22. Based on information and belief, the San Diego County Sheriff grants access to all criminal investigative files to all San Diego County employees with few limited exceptions. The County's policy regarding access to investigative files is completely at odds with the California Constitution's requirements to protect the victim's identity and personal and confidential information private, and out of the hands of criminal defendants.

23. San Diego County Sheriff spokesperson Lt. Karen Stubkjaer revealed that the department has "the ability to limit access to certain investigatory files when necessary" and "there was no indication upon the reporting of this incident that there would be a necessity to limit access by Department peace officers."

24. At least nine members of law enforcement in San Diego, five from the San Diego Police Department and four San Diego County Sherriff's Department employees have been arrested on charges of sexual misconduct since 2005 and likely had access to the victim's investigative file and personal information. The number could be higher but the City and County of San Diego do not track sexual misconduct complaints. The California Legislature passed Senate Bill 1421 in 2018 and the bill took effect on January 1, 2019, which requires law enforcement agencies to release information when an officer committed sexual assault, lied when reporting a crime or in an investigation, or used force that caused a person serious harm or death. To date, the San Diego County Sheriff's department has released two such files: Deputy Wilson and Deputy Juan Andrade.

25. Here, Deputy Wilson is but one example where the County granted access to a minor victim's sexual assault file to a nonessential employee who then unlawfully accessed the file and the victim's confidential information forty-four times. Of course, no one from the department noticed that the Deputy systematically and endlessly accessed Jane Doe's file, nor did the department take any steps to prevent Deputy Wilson's continuous access of Jane Doe's

Sprinkle Lloyd &
Licari, LLP
Attorneys At Law
San Diego

5

PLAINTIFF JANE DOE'S COMPLAINT

EXHIBIT B

1    confidential file until his arrest.

2    26. Jane Doe seeks injunctive relief from this Court that forces the San Diego County Sherriff's

3         Department to limit access to investigative files that involve victims to essential personnel

4         only so as to be in compliance with Marsy's Law.

5                                    **SECOND CAUSE OF ACTION**

6                             **Negligence Against the County of San Diego**

7    27. Plaintiff realleges and incorporates herein by this reference each and every allegation

8         contained above in paragraphs 1 through 25, inclusive, as though fully set forth herein.

9    28. The California Constitution imposes certain duties on law enforcement when law enforcement

10        is investigating and prosecuting crimes that involve victims. Among them are a duty to protect

11        the privacy of an individual including but not limited to the victim's confidential information

12        as described in paragraph twenty above.

13   29. Here, the San Diego County Sherriff's Office breached its duties to Jane Doe by implementing

14        a system where nonessential employees including Deputy Wilson could access Jane Doe's

15        underage sexual assault investigative files that contained confidential and private information

16        about Jane Doe forty-four times without preventing further access.

17   30. It was entirely foreseeable that Jane Doe's offender could be one of 4,000 San Diego County

18        employees because law enforcement employees in the Sherriff's Office and the San Diego

19        County Police Department have been arrested, charged and/or convicted of crimes including

20        sexual assault on at least nine occasions since 2005.

21   31. The Sheriff's Department's breach of its duties to Jane Doe have caused Jane Doe serious

22        emotional distress and therefore, Jane Doe is entitled to compensation for her injuries in an

23        amount to be awarded at trial.

24                                    **THIRD CAUSE OF ACTION**

25                             **Invasion of Privacy against All Parties**

26   32. Plaintiff realleges and incorporates herein by this reference each and every allegation

27        contained above in paragraphs 1 through 30, inclusive, as though fully set forth herein.

28   33. As the victim of sexual assault, the California Constitution provides all victims of crime a

Sprinkle Lloyd &
Licari, LLP
Attorneys At Law
San Diego

6

PLAINTIFF JANE DOE'S COMPLAINT

EXHIBIT B

reasonable expectation of privacy regarding confidential information, identity, home address and phone number.

34. Deputy Wilson intentionally intruded on Jane Doe's privacy rights by using his position as a Deputy with the San Diego County Sheriff's Department and his access credentials given to him by the San Diego County Sheriff's Office to access Jane Doe's private, confidential information during normal business hours that the Department stored on its computer system and server. Deputy Wilson then converted Jane Doe's private, confidential information for his own personal use including photographs of Jane Doe just weeks after Deputy Wilson sexually assaulted Jane Doe. For these reasons, the San Diego County Sheriff's Department is vicariously liable for Deputy Wilson's conduct.

35. Deputy Wilson's conduct was within the scope of his employment when he committed his tortious acts and thus, the County of San Diego is vicariously liable.

36. Deputy Wilson's intrusion is not only highly offensive to a reasonable person, but also violates California law.

37. As a consequence of Deputy Wilson's intrusion, Jane Doe was harmed as particularly described in paragraphs sixteen and seventeen of this Complaint.

## FOURTH CAUSE OF ACTION

### Sexual Battery against Timothy Wilson

38. Plaintiff realleges and incorporates herein by this reference each and every allegation contained above in paragraphs 1 through 36, inclusive, as though fully set forth herein.

39. On March 21, 2018 at a Panda Express in Vista, CA, Deputy Wilson approached Jane Doe from behind, sexually assaulted and battered her by grabbing Jane Doe in intimate areas on her body without her consent.

40. The offensive and wrongfully touching was intentional and caused Jane Doe injuries and damages in an amount to be awarded at trial.

41. The acts of Timothy Wilson, as alleged herein were willful, wanton, and malicious and were intended to oppress and cause injury to Jane Doe. In light of the willful, wanton, malicious and intentional conduct engaged in by Deputy Wilson, Jane Doe is entitled to an award of

Sprinkle Lloyd &
Licari, LLP
Attorneys At Law
San Diego

7

PLAINTIFF JANE DOE'S COMPLAINT

EXHIBIT B

1   punitive damages.

2                          **PRAYER FOR RELIEF**

3   WHEREFORE, Jane Doe. prays for relief against the County of San Diego as follows:

4   **For the First Causes of Action:**

5        1.  An order from the Court directing the County of San Diego to modify its policies

6            regarding access to criminal investigative files involving victims so that it complies

7            with Marsy's Law and the California Constitution;

8   **For Causes of Action Two and Three:**

9        2.  Compensatory damages in an amount to be awarded at trial;

10       3.  Costs of the lawsuit;

11       4.  Such other relief the Court deems appropriate;

12  **For Cause of Action Four:**

13       5.  Compensatory damages in an amount to be awarded at trial;

14       6.  Costs of the lawsuit;

15       7.  Punitive Damages;

16       8.  Such other relief the Court deems appropriate.

17  DATED: April 1, 2019                    **SPRINKLE LLOYD & LICARI, LLP**

18

19                                    *Michael Licari*
                                By: _____
20                                   Michael Licari Attorney for Jane Doe

21

22

23

24

25

26

27

28

SPRINKLE LLOYD &
LICARI, LLP
ATTORNEYS AT LAW
SAN DIEGO

8
PLAINTIFF JANE DOE'S COMPLAINT

EXHIBIT B

# EXHIBIT "C"

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>Michael A. Licari (265241)<br>Sprinkle Lloyd & Licari LLP<br>2801 B. St. Ste. 556<br>San Diego, CA 92102<br> TELEPHONE NO.  858-717-0013  FAX NO.<br>ATTORNEY FOR *(Name)*  Jane Doe | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego County |
|---|
| STREET ADDRESS  330 West Broadway |
| MAILING ADDRESS |
| CITY AND ZIP CODE  San Diego, CA 92102 |
| BRANCH NAME  Central |

**04/02/2019** at 03:51:41 PM

Clerk of the Superior Court
By Carolina Miranda, Deputy Clerk

| CASE NAME:<br>Jane Doe v. County of San Diego and Timothy Wilson | 0777494 |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER<br>37-2019-00020094-CU-CR-CTL |
|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE  Judge Ronald F. Frazier<br>DEPT |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
✓ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ✓ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ✓ monetary    b. ✓ nonmonetary, declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify)*  four
5. This case ☐ is    ✓ is not  a class action suit
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 1, 2019

Michael A. Licari
_____
(TYPE OR PRINT NAME)

Michael Licari
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

EXHIBIT C

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
  Physicians & Surgeons
 Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
  and fall)
 Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
 Intentional Infliction of
  Emotional Distress
 Negligent Infliction of
  Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
  *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
  Contract *(not unlawful detainer
   or wrongful eviction)*
 Contract/Warranty Breach–Seller
  Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
  Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
  Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
  Case Matter
 Writ–Other Limited Court Case
  Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
  Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
  County)
 Confession of Judgment *(non-
  domestic relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment
  Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
 above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
  harassment)*
 Mechanics Lien
 Other Commercial Complaint
  Case *(non-tort/non-complex)*
 Other Civil Complaint
  *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified
 above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
  Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
  Claim
 Other Civil Petition

**CIVIL CASE COVER SHEET**

EXHIBIT C

EXHIBIT "D"

MICHAEL A. LICARI (BAR NO. CA 265241)
**SPRINKLE LLOYD & LICARI LLP**
Attorneys at Law
2801 B. St. Ste. 556
San Diego, CA  92108
Telephone: (858) 717-0013

Attorney for Jane Doe

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**04/02/2019** at 03:51:41 PM

Clerk of the Superior Court
By Carolina Miranda, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO – CENTRAL DISTRICT

| | |
|---|---|
| JANE DOE, | Case No.: 37-2019-00020094-CU-CR-CTL |
| Plaintiff, | |
| v. | **JANE DOE'S MOTION TO PERMIT USE OF PSEUDONYM** |
| COUNTY OF SAN DIEGO, a California Municipality; TIMOTHY WILSON, an individual; and ROES 1-10, inclusive. | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Jane Doe was fourteen when Sheriff's Deputy Timothy Wilson ("Deputy Wilson") sexually assaulted her in 2018 at a Panda Express. Plaintiff is now fifteen and a victim of sexual assault. Plaintiff's claims are against the County of San Diego however, for their failure to safeguard her private information by taking reasonable steps to limit who had access to the Jane Doe's private and confidential information that was part of the investigative file.

Deputy Wilson accessed Jane Doe's file at least forty-four times before his arrest in May, 2018. Deputy Wilson downloaded photographs of Jane Do, emailed them to his personal email account and procured personal information about her including where she lived and where she attended school. Deputy Wilson worked in the County jail and had no reason nor should he have

EXHIBIT D

had the ability to access the criminal investigative file about a minor sexual assault victim. The case garnered substantial local media attention. No doubt, Jane Doe is humiliated by the incident and embarrassed and confused about the entire ordeal. Additionally, Jane Doe has severe medical issues that were caused by the incident.

For these reasons, Jane Doe seeks leave of the Court to file her Complaint under the pseudonym of Jane Doe to protect her medical privacy but also her identity as a minor victim of sexual assault.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

Our Court of Appeals rely on the federal courts to guide this request, "Federal courts 'have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm; (2) *when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature*; and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution. *Doe v. Lincoln Unified School Dist.,* (2010) 188 Cal.App.4th 758, 767 [emphasis added]. The court went on to hold that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.*

California authorities have also approved the use of pseudonyms to protect a plaintiff's privacy under similar circumstances. *Doe v. Sup.Ct.*, (2011) 194 Cal.4th 750, 754. The Rutter Guide lists several factors as illustrative that weigh in Jane Doe's favor:

a. The reasonableness of Plaintiff's fears;

b. The age of the person whose identity is sought to be protected;

c. The severity of the threatened harm;

d. Whether the Defendant would be prejudiced if the Plaintiff were allowed to proceed anonymously. Rutter Guide, Civ. Pro. Before Trial ¶ 2:136.7.

Despite the media's consistent coverage of Deputy Wilson's criminal trial, Jane Doe's identity has remained unknown to the general public. To the extent that classmates were aware of Jane Doe's experience, Jane Doe has switched schools to get a fresh start. Revealing her identity to

SPRINKLE LLOYD &
LICARI LLP
ATTORNEYS AT LAW
SAN DIEGO

2

JANE DOE'S MOTION/APPLICATION TO PERMIT USE OF PSEUDONYM

EXHIBIT D

1  her peers could have extremely negative consequences for any fifteen-year-old girl and could

2  severely impair Jane Doe's recovery from her mental health impairments caused by the traumatic

3  experience.

4      As for any concern that the County may be prejudiced, the County will have an opportunity

5  to argue any prejudice after being served the complaint if it feels it necessary to challenge Jane

6  Doe's request to maintain her anonymity. As of drafting of this motion, Jane Doe has discovered

7  no prejudice to the County.

8      Jane Doe wishes to point out that juvenile offenders are nearly always granted anonymity

9  so as to avoid the stigma that comes with being convicted of a crime while a minor. Jane Doe, as a

10  fifteen-year-old victim of sexual assault is merely asking for these same protections. Forcing a

11  minor victim to use her real name in a civil suit could have a chilling effect on victim's willingness

12  to exercise her rights in a civil action.

13      Lastly, the California Constitution provides certain confidential protections for victims of

14  crimes including the right to have their confidential information remain private, which is the crux

15  of the lawsuit against the County of San Diego. If the Court were to deny this motion, the outcome

16  would be at odds with the intent of Marsy's law and would be contrary to the entire purpose behind

17  the lawsuit.[1]

18  ### III. CONCLUSION

19      For the reasons stated above, Jane Doe respectfully requests that the Court grant her motion

20  to file a Complaint pseudonymously.

21  DATED: April 2, 2019          **SPRINKLE LLOYD & LICARI, LLP**

22

23                      By: *Michael Licari*
                           _____
24                           Michael Licari
                             Attorney for Jane Doe
25

26

27  [1] One of several intents behind Marsy's Law is "To prevent the disclosure of confidential information or records to the defendant, the defendant's attorney, or any other person acting on behalf of the defendant, which could be used to

28  locate or harass the victim or the victim's family or which disclose confidential communications made in the course of medical or counseling treatment, or which are otherwise privileged or confidential by law." Cal. Const. Art. 28.

3

EXHIBIT D

MICHAEL A. LICARI (BAR NO. CA 265241)
**SPRINKLE LLOYD & LICARI LLP**
Attorneys at Law
2801 B. St. Ste. 556
San Diego, CA  92108
Telephone: (858) 717-0013

Attorney for Jane Doe

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**04/02/2019** at 03:51:41 PM
Clerk of the Superior Court
By Carolina Miranda, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO – CENTRAL DISTRICT

JANE DOE,

           Plaintiff,

      v.

COUNTY OF SAN DIEGO, and ROES 1-
10, inclusive.

           Defendants.

Case No.: 37-2019-00020094-CU-CR-CTL

**DECLARATION OF JANE DOE IN SUPPORT OF HER MOTION TO PERMIT USE OF A PSEUDONYM**

I, Jane Doe declare the following:

1. I have personal knowledge of the forgoing and I believe the following to be true and would testify as to these matters if called upon to do so.

2. I am currently fifteen years old. I was fourteen at the time of the incident. In March, 2018, Deputy Timothy Wilson grabbed me from behind and sexually assaulted me in a Panda Express in Vista, CA.

3. I learned shortly after his arrest in 2018 that Deputy Wilson accessed my personal investigative file at the San Diego County Sheriff's Department forty-four times. Deputy Wilson knows where I live, where I went to school and he downloaded photographs of me and emailed them to his personal computer.

EXHIBIT D

1   4. The entire situation has caused me severe anxiety, depression and humiliation. I am often

2   scared because Deputy Wilson knows where I live.

3   5. I have changed schools since the incident because I did not want Deputy Wilson to know

4   where I am during the day. To my knowledge, the children at my new school are unaware of what

5   happened to me. I am very nervous and afraid if they do find out.

6   6. I am currently in therapy and I am trying to understand why this has happened to me. I wish to

7   remain anonymous so that any attention from this case will focus on the acts alleged, and not on

8   me the victim. I am afraid that any increased intention on me from this case will make it more

9   difficult for me to respond well to the treatment I am currently receiving.

10  I declare under penalty of perjury under the laws of the State of California that the foregoing is

11  true and correct.

12

13  DATED: April 2, 2019                              _Jane Doe_____
                                                       Jane Doe

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT D

# EXHIBIT "E"

<table>
<tr><td>1</td><td>MICHAEL A. LICARI (BAR NO. CA 265241)<br>**SPRINKLE LLOYD & LICARI LLP**</td></tr>
</table>

1

MICHAEL A. LICARI (BAR NO. CA 265241)
**SPRINKLE LLOYD & LICARI LLP**

2

Attorneys at Law
2801 B. St. Ste. 556

3

San Diego, CA  92108
Telephone: (858) 717-0013

4

Attorney for Jane Doe

5

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/15/2019** at 03:51:00 PM

Clerk of the Superior Court
By Carolina Miranda, Deputy Clerk

6

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

7

## FOR THE COUNTY OF SAN DIEGO – CENTRAL DISTRICT

8

9

JANE DOE,

10

Plaintiff,

11

v.

12

COUNTY OF SAN DIEGO, a California
Municipality; TIMOTHY WILSON, an

13

individual; and ROES 1 through 10,
inclusive;

14

15

Defendants.

16

17

18

Case No.: 37-2019-00020094-CU-CR-CTL

**[PROPOSED] ORDER GRANTING JANE DOE'S MOTION TO PERMIT USE OF PSEUDONYM**

19

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

20

Plaintiff Jane Doe filed this motion seeking permission to use a pseudonym in lieu of her

21

real name concurrently with her complaint against the County of San Diego. Having read the

22

motion, the Court rules as follows:

23

1. Jane Doe's motion to permit use of a pseudonym is GRANTED.

24

IT IS SO ORDERED

25

26

DATED: **04/15/19**

*Randa Trapp*
_____
**Judge Randa Trapp**
Honorable Judge of the San Diego Superior Court

27

28

1

EXHIBIT E

# EXHIBIT "F"

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS | 330 W Broadway |
| MAILING ADDRESS | 330 W Broadway |
| CITY AND ZIP CODE | San Diego, CA 92101-3827 |
| BRANCH NAME | Central |
| TELEPHONE NUMBER | (619) 450-7065 |

PLAINTIFF(S) / PETITIONER(S)    Jane Doe

DEFENDANT(S) / RESPONDENT(S)   County of San Diego et al

DOE VS COUNTY OF SAN DIEGO [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER |
|---|---|
| | 37-2019-00020094-CU-CR-CTL |

## CASE ASSIGNMENT

Judge:  Ronald F. Frazier                                    Department:  C-65

**COMPLAINT/PETITION FILED:** 04/02/2019

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 10/04/2019 | 11:00 am | C-65 | Ronald F. Frazier |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725)

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS:  Court reporters are not provided by the Court in Civil cases.  See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

EXHIBIT F

EXHIBIT "G"

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COUNTY OF SAN DIEGO, a California Municipality; TIMOTHY WILSON, an individual; and ROES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JANE DOE, an Individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/29/2019** at 05:18:00 PM

Clerk of the Superior Court
By Marc David, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 o más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es)* San Diego Superior Court Central Dist.
330 West Broadway San Diego, CA 92101

| CASE NUMBER: | |
|---|---|
| *(Número del Caso)* | 37-2019-00020094-CU-CR-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Michael Licari 2801 B. St. Ste. 556 San Diego, CA 92102 858-717-0013

| DATE | 05/01/2019 | Clerk, by | | Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | **M. David** | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

EXHIBIT G

# EXHIBIT "H"

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Michael Licari SBN 265241<br>Sprinkle Lloyd & Licari, LLP<br>2801 B Street, #556<br>SanDiego, ca 92102<br>TELEPHONE NO.: 858-717-0013     FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*  Jane Doe, an Individual | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**06/10/2019** at 11:05:00 AM<br><br>Clerk of the Superior Court<br>By E- Filing, Deputy Clerk |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS:   330 W Broadway
MAILING ADDRESS:
CITY AND ZIP CODE:   San Diego, 92101
BRANCH NAME:   Central

| PLAINTIFF/PETITIONER: Jane Doe, an Individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: San Diego County, Timothy Wilson | 37-2019-00020094-CU-CR-CTL |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):*  See Attachment A for additional papers served

3. a. Party served *(specify name of party as shown on documents served):*
      Timothy Wilson (Black male adult, mid 40's, 5'6", 145 lbs with dark hair and beard)

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
      under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   1173 Front Street, San Diego, ca 92101
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party  (1) on *(date):* 5/8/19           (2) at *(time):*  11:15 a.m.
   b. ☐ **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
             of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
             place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
             address of the person to be served, other than a United States Postal Service post office box. I informed
             him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
             at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
             *(date):*          from *(city):*          or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417 |
|---|---|---|

EXHIBIT H

| PLAINTIFF/PETITIONER: Jane Doe, an Individual | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: San Diego County, Timothy Wilson | 37-2019-00020094-CU-CR-CTL |

5. c. [ ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*         (2) from *(city):*

    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ] **by other means** *(specify means of service and authorizing code section):*

    [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [✓] as an individual defendant.
  b. [ ] as the person sued under the fictitious name of *(specify):*
  c. [ ] as occupant.
  d. [ ] On behalf of *(specify):*
    under the following Code of Civil Procedure section:

      [ ] 416.10 (corporation)       [ ] 415.95 (business organization, form unknown)
      [ ] 416.20 (defunct corporation)       [ ] 416.60 (minor)
      [ ] 416.30 (joint stock company/association)   [ ] 416.70 (ward or conservatee)
      [ ] 416.40 (association or partnership)     [ ] 416.90 (authorized person)
      [ ] 416.50 (public entity)          [ ] 415.46 (occupant)
                                [ ] other:

7. **Person who served papers**
  a. Name: Greg Long
  b. Address: P.O. Box 178474, San Diego, ca 92177
  c. Telephone number: 619-210-5800
  d. **The fee** for service was: $ 125.00
  e. I am:

    (1) [ ] not a registered California process server.
    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
    (3) [✓] a registered California process server:
      (i) [✓] owner [ ] employee [ ] independent contractor.
      (ii) Registration No.: 3012
      (iii) County: San Diego

8. [✓] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [ ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 5/9/19

Greg Long                          ▶
  (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                (SIGNATURE )

EXHIBIT H

ATTACHMENT A – ADDITIONAL DOCUMENTS SERVED:

Case #37-2019-00020094-CU-CR-CTL

PETITIONER/PLAINTIFF: Jane Doe, an Individual

RESPONDENT/DEFENDANT: San Diego County, Timothy Wilson

NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT
CONFERENCE

NOTICE OF ELIGIBILITY TO EFILE AND ASSIGNMENT TO
IMAGING DEPARTMENT

STIPULATION TO USE ADR

Declaration of Jane Doe in support her motion to permit use of
pseudonym

Order granting Jane Doe motion to permit use of pseudonym

6A~
_____
(Initials)

EXHIBIT H

EXHIBIT "I"

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>Michael Licari SBN 265241<br>Sprinkle Lloyd & Licari, LLP<br>2801 B Street, #556<br>SanDiego, ca 92102<br>   TELEPHONE NO. 858-717-0013   FAX NO. *(Optional)*<br>E-MAIL ADDRESS *(Optional)*<br>ATTORNEY FOR *(Name)*   Jane Doe, an Individual | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**06/10/2019** at 11:05:00 AM<br><br>Clerk of the Superior Court<br>By E- Filing, Deputy Clerk |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego<br>   STREET ADDRESS:   330 W Broadway<br>   MAILING ADDRESS:<br>   CITY AND ZIP CODE:   San Diego, 92101<br>   BRANCH NAME:   Central | |
| PLAINTIFF/PETITIONER: Jane Doe, an Individual<br><br>DEFENDANT/RESPONDENT: San Diego County, Timothy Wilson | CASE NUMBER:<br>37-2019-00020094-CU-CR-CTL |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  ☑  summons
    b.  ☑  complaint
    c.  ☑  Alternative Dispute Resolution (ADR) package
    d.  ☑  Civil Case Cover Sheet *(served in complex cases only)*
    e.  ☐  cross-complaint
    f.  ☑  other *(specify documents):* See Attachment A for additional papers served

3.  a.  Party served *(specify name of party as shown on documents served):*
       San Diego County

    b.  ☑  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
           under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
           Board Assistant Crystal Rodriguez accepted papers

4.  Address where the party was served:
    1600 Pacific Highway, #402, San Diego, ca 92101
5.  I served the party *(check proper box)*
    a.  ☑  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
           receive service of process for the party  (1) on *(date):* 5/8/19       (2) at *(time):*  12:10 p.m.
    b.  ☐  **by substituted service.** On *(date):*        at *(time):*       I left the documents listed in item 2 with or
           in the presence of *(name and title or relationship to person indicated in item 3):*

        (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
               of the person to be served. I informed him or her of the general nature of the papers.

        (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
               place of abode of the party. I informed him or her of the general nature of the papers.

        (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
               address of the person to be served, other than a United States Postal Service post office box. I informed
               him or her of the general nature of the papers.

        (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
               at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
               *(date):*       from *(city):*        or ☐  a declaration of mailing is attached.

        (5) ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

EXHIBIT I

| PLAINTIFF/PETITIONER: Jane Doe, an Individual | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: San Diego County, Timothy Wilson | 37-2019-00020094-CU-CR-CTL |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:            (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☑ On behalf of *(specify):* San Diego County
under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☑ 416.50 (public entity)             ☐ 415.46 (occupant)
                                    ☐ other:

7. **Person who served papers**
a. Name: Greg Long
b. Address: P.O. Box 178474, San Diego, ca 92177
c. Telephone number: 619-210-5800
d. **The fee for service was:** $ 125.00
e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
        (i) ☑ owner   ☐ employee   ☐ independent contractor.
        (ii) Registration No.: 3012
        (iii) County: San Diego

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 5/9/19

Greg Long
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)           (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**     Page 2 of 2

EXHIBIT I

ATTACHMENT A – ADDITIONAL DOCUMENTS SERVED:

Case #37-2019-00020094-CU-CR-CTL

PETITIONER/PLAINTIFF: Jane Doe, an Individual

RESPONDENT/DEFENDANT:  San Diego County, Timothy Wilson

NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

NOTICE OF ELIGIBILITY TO EFILE AND ASSIGNMENT TO IMAGING DEPARTMENT

STIPULATION TO USE ADR

Declaration of Jane Doe in support her motion to permit use of pseudonym

Order granting Jane Doe motion to permit use of pseudonym

(Initials)

EXHIBIT I

# EXHIBIT "J"

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: 265241 | FOR COURT USE ONLY |
|---|---|---|

NAME: Michael Licari
FIRM NAME: Sprinkle Lloyd & Licari LLP
STREET ADDRESS: 2801 B. St. Ste. 556
CITY: San Diego          STATE: CA     ZIP CODE: 92102
TELEPHONE NO.: 858-717-0013     FAX NO.:
E-MAIL ADDRESS: Mike@SL2Law.com
ATTORNEY FOR (name): Jane Doe, an individual

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**06/10/2019** at 12:18:00 PM
Clerk of the Superior Court
By Melissa Reyes, Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

Plaintiff/Petitioner: Jane Doe, an Individual
Defendant/Respondent: County of San Diego, Timothy Wilson

| REQUEST FOR (Application) | [x] Entry of Default      [ ] Clerk's Judgment<br>[ ] Court Judgment | CASE NUMBER:<br>37-2019-00020094-CU-CR-CTL |
|---|---|---|

**Not for use in actions under the Fair Debt Buying Practices Act (Civ. Code, § 1788.50 et seq.)** *(see CIV-105)*

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date)*: Apr 2, 2019
   b. by *(name)*: JANE DOE, an indvidual
   c. [x] Enter default of defendant *(names)*:
      TIMOTHY WILSON, an individual

   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names)*:

      *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. [ ] Enter clerk's judgment
      (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
         [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) [ ] under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) [ ] for default previously entered on *(date)*:

2. **Judgment to be entered.**

| | | Amount | Credits acknowledged | Balance |
|---|---|---|---|---|
| a. | Demand of complaint . . . . . . . . . . . . | $ | $ | $ |
| b. | Statement of damages* | | | |
| | (1) Special . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| | (2) General . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| c. | Interest . . . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| d. | Costs *(see reverse)* . . . . . . . . . . . . | $ | $ | $ |
| e. | Attorney fees . . . . . . . . . . . . . . . . | $ | $ | $ |
| f. | **TOTALS** . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| g. | **Daily damages** were demanded in complaint at the rate of: $ | | per day beginning *(date)*: | |

*(\* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)*

3. [ ] *(Check if filed in an unlawful detainer case.)* **Legal document assistant or unlawful detainer assistant** information is on the reverse *(complete item 4).*

Date: Jun 10, 2019

Michael A. Licari                                      *Michael Licari*
(TYPE OR PRINT NAME)                        ► (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| **FOR COURT USE ONLY** | (1) [✓] Default entered as requested on *(date)*: 06/10/2019 | |
|---|---|---|
| | (2) [ ] Default NOT entered as requested *(state reason)*: | M. RN |
| | Clerk, by _____ M. Reyes , Deputy | Page 1 of 2 |

Form Adopted for Mandatory Use
Judicial Council of California
CIV-100 [Rev. January 1, 2018]

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Code of Civil Procedure, §§ 585–587, 1169
www.courts.ca.gov

*EXHIBIT J*

**CIV-100**

| | | |
|---|---|---|
| Plaintiff/Petitioner: | Jane Doe, an Individual | CASE NUMBER:<br>37-2019-00020094-CU-CR-CTL |
| Defendant/Respondent: | Timothy Wilson, an Individual | |

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant ☐ did ☒ did **not** for compensation give advice or assistance with this form. If declarant has received **any** help or advice for pay from a legal document assistant or unlawful detainer assistant, state:

a. Assistant's name:

b. Street address, city, and zip code:

c. Telephone no.:

d. County of registration:

e. Registration no.:

f. Expires on *(date)*:

5. ☐ **Declaration under Code Civ. Proc., § 585.5** *(for entry of default under Code Civ. Proc., § 585(a))*. This action

   a. ☐ is ☒ is not   on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).

   b. ☐ is ☒ is not   on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).

   c. ☐ is ☒ is not   on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587).** A copy of this *Request for Entry of Default* was

   a. ☐ **not mailed** to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names)*:

   b. ☒ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

   (1) Mailed on *(date)*: June 10, 2019

   (2) To *(specify names and addresses shown on the envelopes)*:
   Timothy Wilson
   1173 Front St.
   San Diego, CA 92101

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.

Date:  June 10 , 2019

| Michael A. Licari | *Michael Licari* |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

7. **Memorandum of costs** *(required if money judgment requested)*. Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):

   a. Clerk's filing fees  . . . . . . . . . . . . . . . . . . .  $

   b. Process server's fees  . . . . . . . . . . . . . . . .  $

   c. Other *(specify)*:  $

   d.  $

   e. **TOTAL**  . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ _____

   f. ☐ Costs and disbursements are waived.

   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

| | |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

8. **Declaration of nonmilitary status** *(required for a judgment)*. No defendant named in item 1c of the application is in the military service as that term is defined by either the Servicemembers Civil Relief Act, 50 U.S.C. App. § 3911(2), or California Military and Veterans Code section 400(b).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 10, 2019

| Michael A. Licari | *Michael Licari* |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

EXHIBIT J

Re: *Doe v. County of San Diego*
*Case No.* 37-2019-00020094-CU-CR-CTL

### PROOF OF SERVICE
### Code of Civil Procedure §§ 1013a, 210.5

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action. My business address is 2801 B Street, Unit 556, San Diego, CA 92102. On June 10, 2019, I served the following document(s):

**Notice of Entry of Default**

___x____By placing the document(s) listed above in a sealed envelope, addressed as set forth below, and placing the envelop for collection and mailing it overnight.

_____By transmitting via fax the document(s) listed above to the fax numbers set forth below on this date before 5:00 pm.

_____By transmitting via One Legal the document(s) listed above to the person(s) listed below

_____By E-mailing the document(s) listed above to the address set forth below on this date before 5:00pm.

_____By Causing a true and correct copy thereof to be personally delivered to the person(s) at the addresses set forth below.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under the practice, it would be deposited with the U.S. Postal Service on the same day with the postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 10, 2019 at San Diego, California.

_____
Michael A. Licari

EXHIBIT J

**<u>Service List</u>**:

Timothy Wilson
1173 Front St.
San Diego, CA 92101

Fernando Kish
Office of County Counsel
1600 Pacific Highway, Room 355
San Diego, California 92101

EXHIBIT J

# EXHIBIT "K"

MICHAEL LICARI (SBN 265241)
**SPRINKLE LLOYD & LICARI LLP**
Attorneys at Law
2801 B. St., Ste. 556
San Diego, CA 92102
Telephone: (858) 717-0013
Email: Mike@SL2Law.com

Attorneys for Jane Doe

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/02/2019** at 04:57:00 PM
Clerk of the Superior Court
By Marc David, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO – CENTRAL DISTRICT

| | |
|---|---|
| JANE DOE, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a California Municipality; TIMOTHY WILSON, an individual; and ROES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 37-2019-00020094-CU-CR-CTL<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1) **INJUNCTIVE RELIEF**<br>2) **NEGLIGENCE**<br>3) **INVASION OF PRIVACY**<br>4) **BATTERY**<br>5) **NEGLIGENT SUPERVISION AND/OR TRANING**<br><br>**[Image File]**<br>**Jury Trial Demanded** |

Plaintiff Jane Doe. alleges as follows:

## PARTIES

1. Plaintiff JANE DOE ("Jane Doe") was a fourteen-year-old girl at the time that the events that give rise to this complaint occurred and is resident of the County of San Diego and in the State of California.

2. Sheriff's Deputy Timothy Wilson ("Deputy Wilson") was and is a resident of the County of San Diego.

3. Jane Doe Deputy Wilson and the County of San Diego may be collectively referred to as the "Parties."

SPRINKLE LLOYD &
LICARI, LLP
ATTORNEYS AT LAW
SAN DIEGO

1

PLAINTIFF JANE DOE'S FIRST AMENDED COMPLAINT

EXHIBIT K

4.   Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate or otherwise, of those Defendants sued herein as Roes 1 through 10, inclusive, which Plaintiff therefore sues by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is in some way responsible and/or liable to Plaintiff as herein alleged and caused the damage to Plaintiff as herein alleged. Plaintiff will amend this Complaint to allege the true names and capacities and the responsibility and/or liability of such fictitiously named Defendants when their identities have been ascertained.

5.   Plaintiff is informed and believes, and on this basis alleges, that at all times herein mentioned, Defendants sued herein as Roes 1 through 10, inclusive, and each of them, were acting as the duly authorized agent, servant, representative, joint venturer, co-venturer, co-conspirator, partner, employee, and/or alter ego of each of the remaining Defendants and with the knowledge, permission, consent, ratification and/or for the benefit of each of said remaining Defendants, and in doing the things herein mentioned, each of the Defendants named herein was acting in the course and scope of such employment, agency, conspiracy and/or representative capacity with the ratification and consent of the other Defendants , and acted in concert with them.

## **VENUE**

6.   Based on information and belief, venue is proper in the San Diego County Superior Court because all acts that give rise to this Complaint occurred in the County of San Diego.

## **GENERAL ALLEGATIONS**

7.   Plaintiff realleges and incorporates herein by this reference each and every allegation contained above in paragraphs 1 through 5, inclusive, as though fully set forth herein.

8.   On March 21, 2018 at a Panda Express in Vista, CA, Deputy Wilson approached Jane Doe from behind, sexually assaulted her and quickly exited the Panda Express thereafter.

9.   That same day, Jane Doe and her mother reported the incident to the San Diego County Sherriff's Department. The San Diego County Sheriff's Department thereafter opened an investigation into the matter.

SPRINKLE LLOYD &
LICARI, LLP
ATTORNEYS AT LAW
SAN DIEGO

2
PLAINTIFF JANE DOE'S FIRST AMENDED COMPLAINT

EXHIBIT K

10. The Sheriff's Department arrested Deputy Wilson on May 18, 2018.

11. Deputy Wilson pled guilty to one count of committing a lewd act on a minor and two counts of unlawfully taking computer data on October 3, 2018. Judge Goldstein sentenced Deputy Wilson to one year in jail, five years' probation, and he must register as a sex offender.

12. Prior to his arrest, Deputy Wilson used his unique position as an employee of the San Diego County Sherriff's department to access Jane Doe's investigative file forty-four times from March 21, 2018 until his arrest on May 18, 2018. Deputy Wilson worked for San Diego County as a Sheriff's Deputy in the local Vista jail. Deputy Wilson was not part of the investigative team for Jane Doe's case nor does he conduct investigations of any kind and certainly not sexual assaults investigations of minors.

13. Based on information and belief, the Sheriff's Department has the capability to limit access to investigative files, does limit access in rare circumstances, but did not limit access of any kind to Jane Doe's sexual assault investigative file.

14. In the course of accessing Jane Doe's file, Deputy Wilson downloaded photographs of Jane Doe and sent them to his personal email account. In one instance, Deputy Wilson titled at least one photograph, "White Pants" to describe Jane Doe. Deputy Wilson was also able to learn Jane Doe's name, address and cell phone number by gaining access to Jane Doe's file, as well as where Jane Doe attended school.

15. Based on information and belief, at no time did anyone from the Sheriff's Department realize nor did anyone find it unusual that a corrections officer at the local jail had accessed the investigative file of a minor sexual assault victim's case file forty-four times prior to Deputy Wilson's arrest. Based on information and belief, Deputy Wilson's access of Jane Doe's file had no bearing whatsoever on his arrest.

16. The San Diego County Sheriff's Department arrested Deputy Wilson because a San Diego County employee identified Deputy Wilson in a video feed from the Panda Express security footage that the local news outlets broadcasted as part of their story.

17. Once Jane Doe discovered that her assailant accessed her personal file, downloaded photographs of her and knew where she lived, Jane Doe became extremely fearful for her life

Sprinkle Lloyd &
Licari, LLP
Attorneys At Law
San Diego

3

PLAINTIFF JANE DOE'S FIRST AMENDED COMPLAINT

EXHIBIT K

1   and safety. Thereafter, Jane Doe, at times became depressed, sick, confused, irritable, and

2   experienced periods of isolation so much so, that she has sought medical treatment as a result

3   of knowing that her personal information was breached forty-four times by the individual who

4   sexually assaulted her and law enforcement never noticed. For example, Jane Doe has

5   preferred to isolate herself as opposed to socializing with friends and peers as she attempts to

6   process what has happened to her and why. Jane Doe lacks trust in adults now and becomes

7   quickly uncomfortable and nervous when an adult male makes eye contact with her in an

8   otherwise typical social interaction. Jane Doe's ability to seek a relationship with the opposite

9   sex has also been impaired by the events in this case. Each of these unfortunate consequences

10  may have a long-lasting negative impact on Jane Doe's long-term growth and social

11  development.

12  18. Jane Doe also changed schools because Deputy Wilson discovered where Jane Doe attended

13      school by accessing her case file.

14  19. Jane Doe submitted a claim with San Diego County as required by the California Govt. Code.

15      Section 900 et. seq. San Diego County rejected Jane Does' claim and denied any

16      responsibility or liability on October 18, 2018.

17  **<u>FIRST CAUSE OF ACTION</u>**

18  **Injunctive Relief against the County of San Diego**

19  20. Plaintiff realleges and incorporates herein by this reference each and every allegation

20      contained above in paragraphs 1 through 18, inclusive, as though fully set forth herein.

21  21. In 2008, the California legislature created the Victim's Bill of Rights called Marsy's Law and

22      enumerated those rights in the California Constitution under Article I, § 28, section (b).

23      Among those rights are the following:

24      a. To be treated with fairness and respect for the victim's privacy and dignity and to be free

25      from intimidation, harassment, and abuse, throughout the criminal and juvenile justice

26      process;

27      b. To be reasonably protected from the defendant and persons acting on behalf of defendant;

28      and

c. To prevent the disclosure of confidential information or records to the defendant, the defendant's attorney, or any other person acting on behalf of the defendant, which could be used to locate or harass the victim or the victim's family or which disclose confidential communications made in the course of medical or counseling treatment, or which are otherwise privileged or confidential by law.

22. Based on information and belief, the San Diego County Sheriff grants access to all criminal investigative files including cases involving minor sexual assault victims to all San Diego County employees with few limited exceptions. The County's policy regarding access to investigative files is completely at odds with the California Constitution's requirements to protect the victim's identity and personal and confidential information private, and out of the hands of criminal defendants.

23. San Diego County Sheriff spokesperson Lt. Karen Stubkjaer revealed that the department has "the ability to limit access to certain investigatory files when necessary" and "there was no indication upon the reporting of this incident that there would be a necessity to limit access by Department peace officers."

24. At least nine members of law enforcement in San Diego, five from the San Diego Police Department and four San Diego County Sherriff's Department employees have been arrested on charges of sexual misconduct since 2005 and likely had access to the victim's investigative file and personal information. The number could be higher but the City and County of San Diego do not track sexual misconduct complaints. The California Legislature passed Senate Bill 1421 in 2018 and the bill took effect on January 1, 2019, which requires law enforcement agencies to release information when an officer committed sexual assault, lied when reporting a crime or in an investigation, or used force that caused a person serious harm or death. To date, the San Diego County Sheriff's department has released two such files: Deputy Wilson and Deputy Juan Andrade.

25. Here, Deputy Wilson is but one example where the County granted access to a minor victim's sexual assault file to a nonessential employee who then unlawfully accessed the file and the victim's confidential information forty-four times. Of course, no one from the department

SPRINKLE LLOYD &
LICARI, LLP
ATTORNEYS AT LAW
SAN DIEGO

5
PLAINTIFF JANE DOE'S FIRST AMENDED COMPLAINT
EXHIBIT K

1    noticed that Deputy Wilson systematically and endlessly accessed Jane Doe's file and emailed

2    the file to his personal email account, nor did the department take any steps to prevent Deputy

3    Wilson's continuous access of Jane Doe's confidential file until his arrest.

4    26. Jane Doe seeks injunctive relief from this Court that forces the San Diego County Sherriff's

5    Department to limit access to investigative files that involve victims to essential personnel

6    only so as to be in compliance with Marsy's Law. In seeking the injunction, Jane Doe seeks to

7    ensure that no one other than essential personnel can view, use and appropriate Jane Doe's

8    and other similar minor victims' confidential and private information as required by the

9    California Constitution

10    **SECOND CAUSE OF ACTION**

11    **Negligence against the County of San Diego**

12    27. Plaintiff realleges and incorporates herein by this reference each and every allegation

13    contained above in paragraphs 1 through 26, inclusive, as though fully set forth herein.

14    28. The California Constitution imposes certain duties on law enforcement when law enforcement

15    is investigating and prosecuting crimes that involve victims. Among them are a duty to protect

16    the privacy of an individual including but not limited to the victim's confidential information

17    as described in paragraph twenty above.

18    29. Here, the San Diego County Sheriff's Office breached its duties to Jane Doe by implementing

19    a system where nonessential employees including Deputy Wilson could access Jane Doe's

20    underage sexual assault investigative files stored on computer software that contained

21    confidential and private information about Jane Doe forty-four times without preventing

22    further access.

23    30. It was entirely foreseeable that Jane Doe's offender could be one of 4,000 San Diego County

24    employees because law enforcement employees in the Sherriff's Office and the San Diego

25    County Police Department have been arrested, charged and/or convicted of crimes including

26    sexual assault on at least nine occasions since 2005.

27    31. The Sheriff's Department's breach of its duties to Jane Doe have caused Jane Doe serious

28    emotional distress and therefore, Jane Doe is entitled to compensation for her injuries in an

SPRINKLE LLOYD &
LICARI, LLP
ATTORNEYS AT LAW
SAN DIEGO

6

EXHIBIT K

1  amount to be awarded at trial.

2  **THIRD CAUSE OF ACTION**

3  **Invasion of Privacy against All Parties**

4  32. Plaintiff realleges and incorporates herein by this reference each and every allegation

5  contained above in paragraphs 1 through 31, inclusive, as though fully set forth herein.

6  33. As the victim of sexual assault, the California Constitution provides all victims of crime a

7  reasonable expectation of privacy regarding confidential information, identity, home address

8  and phone number.

9  34. Deputy Wilson intentionally intruded on Jane Doe's privacy rights by using his position as a

10  Deputy with the San Diego County Sheriff's Department and his access credentials given to

11  him by the San Diego County Sheriff's Office to access Jane Doe's private, confidential

12  information during normal business hours that the Department stored on its computer system

13  and server. Deputy Wilson then converted Jane Doe's private, confidential information for his

14  own personal use including photographs of Jane Doe just weeks after Deputy Wilson sexually

15  assaulted Jane Doe. For these reasons, the San Diego County Sheriff's Department is

16  vicariously liable for Deputy Wilson's conduct.

17  35. Deputy Wilson's conduct was within the scope of his employment when he committed his

18  tortious acts and thus, the County of San Diego is vicariously liable.

19  36. Deputy Wilson's intrusion is not only highly offensive to a reasonable person, but also

20  violates California law under Civil Code section 1798, the California Constitution and

21  California common law.

22  37. As a consequence of Deputy Wilson's intrusion, Jane Doe was harmed as particularly

23  described in paragraphs sixteen and seventeen of this Complaint.

24  **FOURTH CAUSE OF ACTION**

25  **Sexual Battery against Timothy Wilson**

26  38. Plaintiff realleges and incorporates herein by this reference each and every allegation

27  contained above in paragraphs 1 through 37, inclusive, as though fully set forth herein.

28  39. On March 21, 2018 at a Panda Express in Vista, CA, Deputy Wilson approached Jane Doe

Sprinkle Lloyd &
Licari, LLP
Attorneys At Law
San Diego

7

PLAINTIFF JANE DOE'S FIRST AMENDED COMPLAINT

EXHIBIT K

1   from behind, sexually assaulted and battered her by grabbing Jane Doe in intimate areas on

2   her body without her consent.

3   40. The offensive and wrongfully touching was intentional and caused Jane Doe injuries and

4   damages in an amount to be awarded at trial.

5   41. The acts of Timothy Wilson, as alleged herein were willful, wanton, and malicious and were

6   intended to oppress and cause injury to Jane Doe. In light of the willful, wanton, malicious

7   and intentional conduct engaged in by Deputy Wilson, Jane Doe is entitled to an award of

8   punitive damages.

9   ## FIFTH CAUSE OF ACTION

10   ### Negligent Supervision against the County of San Diego

11   42. Plaintiff realleges and incorporates herein by this reference each and every allegation

12   contained above in paragraphs 1 through 41, inclusive, as though fully set forth herein.

13   43. Plaintiff is informed and believes and based therefore alleges that the supervisors of Deputy

14   Wilson had, and did exercise, supervisory authority over Deputy Wilson, while engaged in,

15   and required by, the course and scope of their employment during regular business hours.

16   44. Plaintiff is informed and believes and based therefore alleges that Deputy Wilson's

17   unauthorized use of the government databases was done during regular business hours, on an

18   ongoing basis throughout his tenure at the Sheriff's Department and ostensibly while Deputy

19   Wilson was engaged in the course and scope of his employment and performing his required

20   official duties as a County Sheriff's Deputy.

21   45. Plaintiff is informed and believes and based therefore alleges that the San Diego County

22   Sheriff's Department and Deputy Wilson's supervisors had actual and/or constructive

23   knowledge that Deputy Wilson was using the time and resources of the County, and to gather

24   information for the personal use of himself on a routine basis, and while acting as a county

25   deputy when logging in to these government databases.

26   46. Deputy Wilson's continuous use of the government database for personal reasons made

27   Deputy Wilson unfit for his position as a Deputy Sheriff with the San Diego County Sheriff's

28   Department.

Sprinkle Lloyd &
Licari, LLP
Attorneys At Law
San Diego

PLAINTIFF JANE DOE'S FIRST AMENDED COMPLAINT

EXHIBIT K

47. Notwithstanding such knowledge, Deputy Wilson's supervisors, and thus the County negligently, carelessly and failed to properly supervise, train and control Wilson as a Sheriff's Deputy. These failures enabled and allowed Deputy Wilson to access Jane Doe's investigative file forty-four times and download the file and email it to his personal email address all in violation of Jane Doe's rights as a victim and in violation of her right to privacy.

48. The supervisors' failure to properly supervise, train and control Deputy Wilson were a substantial cause of Jane Doe's damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Jane Doe. prays for relief against the County of San Diego as follows:

**For the First Causes of Action:**

   1.   An order from the Court directing the County of San Diego to modify its internal policies regarding access to criminal investigative files involving victims so that it complies with Marsy's Law and the California Constitution;

**For Causes of Action Two, Three and Five:**

   2.   Compensatory damages in an amount to be awarded at trial;

   3.   Costs of the lawsuit;

   4.   Such other relief the Court deems appropriate;

**For Cause of Action Four:**

   5.   Compensatory damages in an amount to be awarded at trial;

   6.   Costs of the lawsuit;

   7.   Punitive Damages;

   8.   Such other relief the Court deems appropriate.

DATED: July 2, 2019            **SPRINKLE LLOYD & LICARI, LLP**

By:   *Michael Licari*
          Michael Licari Attorney for Jane Doe

SPRINKLE LLOYD &
LICARI, LLP
ATTORNEYS AT LAW
SAN DIEGO

PLAINTIFF JANE DOE'S FIRST AMENDED COMPLAINT

EXHIBIT K

Re: *Luajan et al. v. VVCS et al.*
*Case No.* 2018-00026174

**PROOF OF SERVICE**
**Code of Civil Procedure §§ 1013a, 210.5**

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action. My business address is 2801 B Street, Unit 556, San Diego, CA 92102. On July 2, 2019, I served the following document(s):

**Jane Doe's First Amended Complaint**

___x____By placing the document(s) listed above in a sealed envelope, addressed as set forth below, and placing the envelop for collection and mailing it overnight.

_____By transmitting via fax the document(s) listed above to the fax numbers set forth below on this date before 5:00 pm.

_____By transmitting via One Legal the document(s) listed above to the person(s) listed below

_____By E-mailing the document(s) listed above to the address set forth below on this date before 5:00pm.

_____By Causing a true and correct copy thereof to be personally delivered to the person(s) at the addresses set forth below.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under the practice, it would be deposited with the U.S. Postal Service on the same day with the postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 2, 2019 at San Diego, California.

_____
Michael A. Licari

EXHIBIT K

Service List:

Fernando Kish
Office of County Counsel
1600 Pacific Highway, Ste. 355
San Diego, CA 92101

Timothy Wilson
1173 Front Street
San Diego, CA 92101

EXHIBIT K

EXHIBIT "L"

1  MICHAEL A. LICARI (BAR NO. CA 265241)
   **SPRINKLE LLOYD & LICARI LLP**

2  Attorneys at Law
   2801 B. St. Ste. 556

3  San Diego, CA 92108
   Telephone: (858) 717-0013

4
   Attorney for Jane Doe

5

6                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7              **FOR THE COUNTY OF SAN DIEGO – CENTRAL DISTRICT**

8

9  JANE DOE,                              Case No.: 37-2019-000-20094-CU-CR-CTL

10        Plaintiff,

11     v.                                 **STIPULATION TO ALLOW THE COUNTY
                                          OF SAN DIEGO ADDITIONAL TIME TO
12 COUNTY OF SAN DIEGO, a California       RESPOND TO JANE DOE'S COMPLAINT
   Municipality; TIMOTHY WILSON, an       AND [PROPOSED ORDER]**
13 individual; and ROES 1-10, inclusive.

14        Defendants.

15

16

17

18

19      **IT IS HEREBY REQUESTED,** pursuant to Cal. Civ. Proc. §412.20(a)(3) and Cal. Rules

20 of Court § 3.110(e), by and between Jane Doe and the County of San Diego through their

21 respective counsel of record, that County of San Diego be permitted an extension of time to file a

22 response to Jane Doe's First Amended Complaint until ten days after the Court denies plaintiff's

23 Motion for Leave to File a Second Amended Complaint or 30 days after plaintiff serves the

24 County with the Second Amended Complaint after obtaining leave of court.

25      Jane Doe previously served the First Amended Complaint on the County of San Diego on

26 July 2, 2019 and a response was due August 1, 2019. The County of San Diego intended to file a

27 demurrer and met and conferred with plaintiff as required. Plaintiff is now currently drafting an

28 Second Amended Complaint and will be submittion a motion for leave to file that complaint by

1

SPRINKLE LLOYD &
LICARI, LLP
ATTORNEYS AT LAW
SAN DIEGO

**EXHIBIT L**

---

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/01/2019** at 01:50:00 PM

Clerk of the Superior Court
By Jessica Pascual, Deputy Clerk

1   no later than August 15, 2019. The parties have met and conferred on the First Amended

2   Complaint and determined that judicial economy would best be served if the County refrained

3   from filing a demurrer to the First Amended Complaint while Plaintiff's Motion for Leave to File

4   a Second Amended Complaint is pending.

5        As such, the parties stipulate and jointly request the Court grant an extension of time such

6   that the County's deadline to file a responsive pleading is not due until either:

7        1.       If the Court denies Plaintiff's Motion for Leave to File a Second Amended

8   Complaint, ten days after the Court issues its ruling on that motion; or

9        2.       If Plaintiff is granted leave to file a Second Amended Complaint, thirty days after

10  plaintiff serves the County with the Second Amended Complaint after obtaining leave of Court.

11  DATED: August 1, 2019                     **SPRINKLE LLOYD & LICARI, LLP**

12

13                                            By:  *Michael Licari*

14                                                 Michael Licari
                                                   Attorney for Jane Doe

15  DATED: August 1, 2019                     **OFFICE OF COUNTY COUNSEL**

16

17                                            By:

18                                                 Fernando Kish
                                                   Attorney for the County of San Diego

19                                            **ORDER**

20  **IT IS SO ORDERED:**

21  The County of San Diego's deadline to file a responsive pleading is not due until either:

22
23       1.       If the Court denies Plaintiff's Motion for Leave to File a Second Amended

24  Complaint, ten days after the Court issues its ruling on that motion; or

25       2.       If Plaintiff is granted leave to file a Second Amended Complaint, thirty days after

26  plaintiff serves the County with the Second Amended Complaint after obtaining leave of Court

27  **8/6/19**
    Date                                            Judge San Diego Superior Court

28                                                  Judge Ronald F. Frazier

SPRINKLE LLOYD &
LICARI LLP
ATTORNEYS AT LAW
SAN DIEGO

JOINT STIPULATION TO GRANT MORE TIME FOR THE COUNTY OF SAN DIEGO TO FILE A RESPONSIVE
PLEADING/ORDER

EXHIBIT L

EXHIBIT "M"

MICHAEL A. LICARI (BAR NO. CA 265241)
**SPRINKLE LLOYD & LICARI LLP**
Attorneys at Law
2801 B. St. Ste. 556
San Diego, CA  92108
Telephone: (858) 717-0013

Attorney for Jane Doe

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/16/2019** at 09:45:00 AM
Clerk of the Superior Court
By Treva Cutts, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO – CENTRAL DISTRICT

| | |
|---|---|
| JANE DOE, an Individual, | Case No.: 37-2019-00020094-CU-CR-CTL |
| Plaintiff, | **JANE DOE'S NOTICE OF MOTION; MOTION SEEKING LEAVE TO FILE A SECOND AMENDED COMPLAINT; SUPPORTING DECLARATIONS** |
| v. | |
| COUNTY OF SAN DIEGO, a California Municipality; TIMOTHY WILSON, an individual; and ROES 1 through 10, inclusive, | Judge: Hon. Ronald Frazier Dept: C-65 |
| Defendants. | **[IMAGE FILE]** |

**PLEASE TAKE NOTICE** that on November 8, 2019 or as soon thereafter as counsel may be heard in Department C-65 of the above-entitled Court located at 330 West Broadway, San Diego, CA 92101.

Plaintiff, Jane Doe, will move the court for an order granting leave to amend the First Amended Complaint, filed on July 2, 2019, on the grounds that said Complaint failed to state a particular cause of action and to correct certain deficiencies revealed in a meet and confer process with counsel for the County of San Diego.

This motion will be made pursuant to, as applicable; Code Civ. Proc. § 473(a)(1) which permits amendments, in furtherance of justice, to correct a mistake in any respect; Code Civ. Proc.

EXHIBIT M

§ 576, which grants the court authority to amend a pleading at any time before or after commencement of trial; and/or Code Civ. Proc. § 426.50, which permits amendment of a pleading to assert a cause of action which was omitted from the original pleading through oversight, inadvertence, mistake, neglect, or other cause.

This motion is further based upon Cal. Rules of Court, rule 3.1324, this notice, the attached Memorandum of Points and Authorities, the Declaration of Michael Licari filed herewith; upon the records and files in this action; and upon such further evidence and argument as may be presented prior to or at the time of hearing on the motion.

DATED: August 16, 2019          **SPRINKLE LLOYD & LICARI, LLP**

By: *Michael Licari*
          Michael Licari
          Attorney for Jane Doe

SPRINKLE LLOYD &
LICARI LLP
ATTORNEYS AT LAW
SAN DIEGO

2

JANE DOE'S NOTICE OF MOTION AND MOTION TO AMEND COMPLAINT

EXHIBIT M

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.   STATEMENT OF RELEVANT FACTS**

3       Jane Doe is a minor sexual assault victim. Timothy Wilson pled guilty to one count of

4   committing a lewd act on a minor and one count of unlawfully taking computer data on October

5   3, 2019. Wilson was working for the San Diego County Sheriff's Department as a Deputy Sheriff.

6   Wilson was off-duty at the time of the sexual assault. Wilson, however was acting in the course

7   and scope of his employment when he illegally accessed Jane Doe's criminal investigative file

8   including her confidential information forty-four times and emailed the file to his personal email

9   address. Wilson's access of Jane Doe's private, confidential information violated Jane Doe's

10   constitutional right to privacy. Additionally, the County of San Diego's haphazard policy of

11   allowing any and all deputies access to every single criminal investigation including those that

12   involve minors also violated Jane Doe's constitutional right to privacy.

13       Jane Doe filed her complaint against Wilson and the County on April 2, 2019. Wilson

14   defaulted, but the County reached out to discuss the contents of the complaint on June 3, 2019.

15   After a meet and confer with County Counsel on June 7th, Jane Doe filed a First Amended

16   Complaint on July 2, 2019. The parties met and conferred regarding the First Amended

17   Complaint on 17, 2019 and Jane Doe determined that further amendments were needed. Counsel

18   for Jane Doe reached out to experienced counsel in San Diego about a strategy to amend the

19   pleadings to properly hold the County responsible for Jane Doe's injuries. Experienced counsel

20   recommended adding section 1983 claims under the U.S.C.

21       Jane Doe asked for the County to stipulate to another amendment but the County refused.

22   Jane Doe now seeks leave of the Court to remove certain items from the First Amended

23   Complaint that are described below and add section 1983 claims under federal law in relationship

24   to a breach of her privacy rights.

25

**II.   ARGUMENT**

26   **A. THE COURT MAY GRANT LEAVE TO AMEND A COMPLAINT WHERE**

27   **PLAINTIFF'S INADVERTENT MISTAKE IN NAMING PARTIES OR IN ASSERTING**

28   **FACTS OR ALLEGATIONS NECESSITATES THE AMENDMENT**

Sprinkle Lloyd &
Licari LLP
Attorneys At Law
San Diego

3

JANE DOE'S NOTICE OF MOTION AND MOTION TO AMEND COMPLAINT

EXHIBIT M

Any judge, at any time before or after commencement of trial, in the furtherance of justice, and upon such terms as may be proper, may allow amendment of any pleading or pretrial conference order. Cal. Code Civ. Proc. § 576. The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect. Cal. Code Civ. Proc. § 473(a)(1).

A party who fails to plead a cause of action subject to the requirements of this article, whether through oversight, inadvertence, mistake, neglect, or other cause, may apply to the court for leave to amend his pleading to assert such cause at any time during the course of the action….This subdivision shall be liberally construed to avoid forfeiture of causes of action. Cal. Code Civ. Proc. § 426.50.

Under this state's liberal rules of pleading, the right of a party to amend to correct inadvertent misstatements of facts or erroneous allegations of terms cannot be denied. *Berman v. Bromberg*, (1997) 56 Cal. App. 4th 936, 945. The power to permit amendments is interpreted very liberally as long as the plaintiff does not attempt to state facts which give rise to a wholly distinct and different legal obligation against the defendant. *Herrera v. Superior Court*, (1984) 158 Cal. App. 3d 255, 259, 204.

**B. PLAINTIFF HAS COMPLIED WITH THE PROCEDURAL REQUIREMENTS RELATING TO THIS MOTION**

a. The Changes to the First Amended Complaint are Specified herein and a Copy of the Proposed Second Amended Complaint is Attached Hereto.

A motion to amend a pleading before trial must:

(1) Include a copy of the proposed amendment or amended pleading, which must be serially numbered to differentiate it from previous pleadings or amendments;

(2) State what allegations in the previous pleading are proposed to be deleted, if any, and where, by page, paragraph, and line number, the deleted allegations are located; and

(3) State what allegations are proposed to be added to the previous pleading, if any, and where, by page, paragraph, and line number, the additional allegations are located. Cal. Rules of Court, rule 3.1324(a).

A true and accurate copy of the Second Amended Complaint is attached as Exhibit A to the Declaration of Michael Licari, filed herewith. The specific allegations deleted from the previous complaint are as follows:

- "In 2008, the California legislature created the Victim's Bill of Rights called Marsy's Law and enumerated those rights in the California Constitution under Article I, § 28, section (b). Among those rights are the following:

    a. To be treated with fairness and respect for the victim's privacy and dignity and to be free from intimidation, harassment, and abuse, throughout the criminal and juvenile justice process;

    b. To be reasonably protected from the defendant and persons acting on behalf of defendant; and

    c. To prevent the disclosure of confidential information or records to the defendant, the defendant's attorney, or any other person acting on behalf of the defendant, which could be used to locate or harass the victim or the victim's family or which disclose confidential communications made in the course of medical or counseling treatment, or which are otherwise privileged or confidential by law." p. 4 ln. 21-28, p. 5 ln. 1-5

- "Marsy's Law" p. 6 ln. 6

- "California Constitution" p. 6 ln. 9

- "and California common law" p. 7 ln. 20-21

The allegations proposed to be added the SAC are as follows:

- The Fourth and Fourteenth Amendments not only create a reasonable expectation of privacy for all United States Citizens, but the Fourteenth Amendment also requires municipalities such as the County of San Diego to ensure that the actions of its employees do not endanger U.S. citizens. The San Diego County Sheriff's Department's current policy regarding who may access a criminal investigative file

EXHIBIT M

involving victims of crimes [including but not limited to Jane Doe] violates the United States Constitution and specifically the Fourth and Fourteenth Amendments. p. 4 ln. 21-27.

- the United States Constitution p. 5 ln. 28
- "as to comply with the Fourth and Fourteenth Amendments to the U.S. Constitution. P. 6 ln. 3
- "A special relationship exists between law enforcement and criminal sexual assault victims that creates a duty owned by law enforcement to keep victim's information confidential and private." p. 8 ln. 26-28.

## SIXTH CAUSE OF ACTION

### Invasion of Privacy Under 42 U.S.C. § 1983 against Timothy Wilson

- "Plaintiff realleges and incorporates herein by this reference each and every allegation contained above in paragraphs 1 through 48, inclusive, as though fully set forth herein." p. 9 ln. 5-6.
- "The Fourth and Fourteenth Amendments of the United States Constitution guarantee that every United States citizen enjoys a right to privacy." p. 9 ln. 7-8.
- "Deputy Wilson, acting under the color of state law while working as a sheriff's deputy, deprived Jane Doe of her reasonable expectation of privacy by accessing Jane Doe's private, confidential information by using the San Diego Sheriff's Department's computer system for personal reasons. Wilson's decision to access, review and take Jane Doe's private, confidential information maintained and stored on the County of San Diego's website is a violation of Jane Doe's constitutional right to privacy." p. 9 ln. 9-14.
- "As a direct result of Wilson's unlawful conduct, Jane Doe has been damaged including emotional suffering, mental anguish, humiliation and embarrassment." p. 9 ln. 15-16.

## SEVENTH CAUSE OF ACTION

### Monell Claim Under 42 U.S.C. § 1983 against County of San Diego

EXHIBIT M

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- "Plaintiff realleges and incorporates herein by this reference each and every allegation contained above in paragraphs 1 through 51, inclusive, as though fully set forth herein." p. 9 ln. 19-20.

- "San Diego County Sheriff spokesperson Lt. Karen Stubkjaer stated to the San Diego Union Tribune that the San Diego County Sheriff's Department has the ability to limit access to its online investigative files but only exercises these limitations in rare circumstances. Lt. Stubkjaer indicated that Jane Doe's status as a minor sexual assault victim does not qualify as an investigation that would warrant certain limitations or restrictions regarding access. Thus, San Diego County implements a department wide policy that allows anyone employed by the San County Sheriff to access the criminal investigative files, even in circumstances where a minor sexual assault victim such as Jane Doe is the subject of the investigation." p. 9 ln. 21-28.

- "San Diego County's policy provides access to more than 4,000 individuals who can and do in fact access personal, private, intimate, embarrassing and confidential information of crime victims. Oftentimes, the individual County employee accessing this information plays no role whatsoever in the investigation. Additionally, much of this information is protected by a reasonable expectation of privacy guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution. Therefore, the Department wide policy creates the opportunity for county employees to consistently and systematically violate the rights of American citizens by accessing the information of crime victims for personal use rather than for legitimate purposes." p. 10 ln. 1-9.

- "Based on information and belief, the practice by County employees of accessing investigative files for non-legitimate purposes and thus gaining access to the private and confidential information of innocent victims of crime is widespread, systematic and ongoing." p. 10 ln. 10-12.

- "Deputy Wilson's ability to access Jane Doe's file despite being a mere jailer in the local jail was made possible only because of the County's unconstitutional policy." p. 10 ln. 13-14.

SPRINKLE LLOYD &
LICARI LLP
ATTORNEYS AT LAW
SAN DIEGO

7

JANE DOE'S NOTICE OF MOTION AND MOTION TO AMEND COMPLAINT

EXHIBIT M

- "The County of San Diego's policy was implemented with a deliberate indifference to crime victim's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution." p. 10 ln. 15-17
- "Liability against the County of San Diego further exists where a municipality fails to properly train, supervise, and discipline its employees amounting in a deliberate indifference to one's constitutional rights. *See City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989); *Patzner v.Burkett*, 779 F.2d 1363, 1367 (8th Cir. 1985); *Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983). Deputy Wilson's actions, among that of others within the Sheriff's Department demonstrates that the County has failed to properly train, supervise and/or discipline employees who have abused the County's online records system." p. 10 ln. 18-24.
- "The Sheriff's Department indifference to the Constitution by condoning, ratifying and/or perpetuating abuse of the database has directly contributed to systematic misconduct, and the failure to end this policy, pattern of practice, or custom was a proximate cause to the injuries suffered by Jane Doe." p. 10 ln. 25-28.
- "Wherefore, as a direct and proximate cause of the actions of the County, Plaintiff has suffered damages in an amount to be awarded at trial." p. 11 ln. 1-2.

## EIGHTH CAUSE OF ACTION

**State Created Danger Doctrine Claim Under 42 U.S.C. § 1983 against County of San Diego**

- "Plaintiff realleges and incorporates herein by this reference each and every allegation contained above in paragraphs 1 through 61, inclusive, as though fully set forth herein." p. 11 ln. 5-6.
- "By creating and executing a policy that allow for any San Diego County employee to access any criminal file with limited exceptions, the County affirmatively placed Jane Doe in danger by providing access to Jane Doe's private and confidential information to Deputy Wilson who played no role in the actual investigation and where Deputy Wilson was the individual who committed the sexual assault." P. 11 ln. 7-11.
- "By executing this department wide policy of allowing access to investigative files to

Sprinkle Lloyd &
Licari LLP
Attorneys At Law
San Diego

8

JANE DOE'S NOTICE OF MOTION AND MOTION TO AMEND COMPLAINT

EXHIBIT M

1   nearly everyone at the Sheriff's Department, the County demonstrates a deliberate
2   indifference to a known or obvious danger. The danger is known or obvious because it
3   is entirely foreseeable that one of four thousand San Diego County Sheriff's
4   Department employees committed an offense against a victim. In this case, Deputy
5   Wilson was that offender and Jane Doe was that victim." p. 11 ln. 12-17.

6   • "The aforementioned policy is reckless, and demonstrates a conscientious disregard
7   for protecting the constitutional rights of crime victims to a level that shocks the
8   conscience." p. 11 ln. 18-19.

9   • "The County's policy is a direct and proximate cause of Jane Doe's damages." p. 11
10  ln. 20.

11  • **"For Causes of action Six, Seven and Eight**

12  1.  Compensatory damages in an amount to be awarded at trial;

13  2.  Costs of the lawsuit;

14  3.  Attorney's Fees;

15  4.  Such other relief the Court deems appropriate." p. 12 ln. 8-12.

16  **C. The Declaration(s) Filed Herewith Show(s) The Effect And Necessity Of the Amendment;**

17  **When The Facts Necessitating The Amendment Became Known; And The Reasons Why**

18  **The Request For Amendment Was Not Made Earlier.**

19  A separate declaration must accompany the motion and must specify:

20  (1) The effect of the amendment;

21  (2) Why the amendment is necessary and proper;

22  (3) When the facts giving rise to the amended allegations were discovered; and

23  (4) The reasons why the request for amendment was not made earlier. Cal. Rules of Court, rule

24  3.1324(b).

25  As stated in the Declaration of Michael Licari filed herewith, the effect of the proposed

26  amendment is as follows:

27  • Remove any reference to the County's liability under California common law

28

SPRINKLE LLOYD &
LICARI LLP
ATTORNEYS AT LAW
SAN DIEGO

9

JANE DOE'S NOTICE OF MOTION AND MOTION TO AMEND COMPLAINT

EXHIBIT M

- Add causes of action under 42 U.S.C. § 1983 for invasion of privacy, a *Monell* claim and a cause of action under the State Created Danger Doctrine
- Alter the injunctive relief cause of action so that the injunction is based on the County's failure to protect Jane Doe's privacy under section 1983 rather than Marsy's Law and the California Constitution.

Said Declaration also sets forth facts showing why the amendment is necessary and proper, and when those facts were discovered, as follows:

- Jane Doe has a bona fide claim under section 1983 for an invasion of privacy that may not be actionable under California state law
- Section 1983 provides for attorney's fees, whereas no cause of action in the First Amended Complaint provides Jane Doe with attorney's fees
- After meeting and conferring with county counsel, it was determined by counsel for Jane Doe that the injunctive relief may not be brought against the County for violation of certain penal code sections. By adding the section 1983 claim, the injunction cause of action can move forward.
- After meeting and conferring, Jane Doe's counsel determined that it was prudent to remove any reference to the County's violations of California common law and that any such language would be susceptible to a motion to strike and/or demurrer
- Counsel for the County and Jane Doe's counsel met and conferred on June 7, 2019 and July 18, 2019 in emails.
- Counsel for Jane Doe also spoke with an experienced attorney in San Diego County who directed counsel to the section 1983 claim and how the section 1983 claim would be suitable for injunctive relief. Conversations with the experienced attorney occurred on July 26, 2019,

Said Declaration also sets forth the reasons why the request for amendment was not made earlier, as follows:

- As stated above, the meet and confer process between counsel led to Jane Doe's intention to file a Second Amended Complaint to remove portions described above.

EXHIBIT M

- After the two rounds of meet and confers with County Counsel, Jane Doe's counsel solicited the advice of a more experienced San Diego Attorney who recommended that Jane Doe add a section 1983 claim. Jane Doe's counsel had researched section 1983 claims prior to filing the original complaint, but felt that the state claims were suitable to both prosecuting her claims and also keeping the case in Superior Court. After consulting with the experienced attorney, Jane Doe's counsel determined that any possibility of the case being removed to federal court was outweighed by the potential to obtain attorney's fees and also to support the injunctive relief cause of action.

## D. THE PROPOSED AMENDMENT IS TIMELY AND WILL NOT PREJUDICE THE DEFENDANT

Generally, leave to amend a pleading is liberally granted provided there is no prejudice to the opposing party such as a delay in trial, loss of critical evidence, or added costs of preparation. *Kolani v. Gluska*, (1998) 64 Cal. App. 4th 402, 412 (rejected by *Bonifield v. County of Nevada*, (2001) 94 Cal. App. 4th 298; *Hirsa v. Superior Court*, (1981) 118 Cal. App. 3d 486, 490.

Here, the County will suffer no prejudice by reason of the proposed amendment because the case has yet to be set for trial and the case is not at issue yet. No discovery has occurred in this case. The County will have ample time to investigate the claims and prepare its defenses before the trial begins.

### III. CONCLUSION

In view of the foregoing authorities and facts, Jane Doe respectfully requests that the Court enter an order granting leave to file the proposed Second Amended Complaint, and deem said amended pleading filed as of the date and time of the granting of this motion and in accordance with Code Civ. Proc. § 471.5(a).

DATED: August 16, 2019          **SPRINKLE LLOYD & LICARI LLP**


By:  *Michael Licari*
     _____
     Michael Licari
     Attorney for Jane Doe

1
2
3
4
5

MICHAEL A. LICARI (BAR NO. CA 265241)
**SPRINKLE LLOYD & LICARI LLP**
Attorneys at Law
2801 B. St. Ste. 556
San Diego, CA  92108
Telephone: (858) 717-0013

Attorney for Jane Doe

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/16/2019** at 09:45:00 AM

Clerk of the Superior Court
By Treva Cutts, Deputy Clerk

6

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7

**FOR THE COUNTY OF SAN DIEGO – CENTRAL DISTRICT**

8

| | |
|---|---|
| 9  JANE DOE, an Individual, | Case No.: 37-2019-00020094-CU-CR-CTL |
| 10         Plaintiff, | **DECLARATION OF MICHAEL A. LICARI IN** |
| 11     v. | **SUPPORT OF JANE DOE'S MOTION TO AMEND THE COMPLAINT** |
| 12  COUNTY OF SAN DIEGO, a California | Judge: Hon. Ronald Frazier |
| 13  Municipality; TIMOTHY WILSON, an individual; and ROES 1 through 10, | Dept: C-65 |
| 14  inclusive, | **[IMAGE FILE]** |
| 15         Defendants. | |

16
17
18
19

I, Michael Licari declare the following:

20

1. I am a California licensed attorney and in good standing with the California State Bar
21
Association. I am Jane Doe's attorney of record and have personal knowledge of the
22
forgoing and could testify to the contents of this declaration if called upon to do so. This
23
declaration is given in support of Jane Doe's motion to amend her complaint.

24

2. Exhibit A is a true and accurate copy of the Second Amended Complaint, to be filed with
25
the Court if the Court should grant Jane Doe's motion.

26

3. I originally filed the complaint on behalf of Jane Doe on April 2, 2019 and a First
27
Amended Complaint in early July. The first amendments to the original complaint

28

EXHIBIT M

occurred after speaking with Fernando Kish, County Counsel for the County of San Diego through a series of emails on or around June 7, 2019. After speaking with Mr. Kish, I believed that the original complaint contained certain deficiencies that might be vulnerable to a demurrer. For this reason, Jane Doe amended the complaint.

4. The First Amended Complaint was filed in early July. Fernando Kish sent an email meet and confer on or around July 18, 2019 stating that the County would file a demurrer against the First Amended Complaint. While some of Mr. Kish's concerns were worthy of court interpretation, I believed that further scrutiny on my part was necessary and I continued to research potential causes of action against the County.

5. After returning from vacation on July 23, 2019, I solicited the help of an attorney in San Diego with more experience litigating against municipalities than I to help me research and craft sustainable causes of action against the County.

6. We collectively determined that a *Monell* claim would be viable after discovering that the abuse of the criminal database was widespread and systematic. The discovery occurred at the end of July, 2019 and supported the notion that claims under section 1983 were viable. Because the abuse was widespread and systematic, it also seemed tenable to bring a claim under the State Created Danger Doctrine.

7. The following changes were made to the Second Amended Complaint: 1) removed any reference to the County being liable under California common law; 2) modified the injunctive relief cause of action so that the allegation is based on the Sheriff's Department's policy breaches the U.S. Constitution rather than the California Constitution; 3) added three causes of action based on violations of 42 U.S.C. § 1983; and 4) added attorney's fees as part of the prayer for relief.

8. The County will not be prejudiced by these amendments because the case is not yet at issue, the case management conference has yet to occur and the trial date is not set. Additionally, no discovery including depositions have taken place. The County will have ample time to prepare a defense against the new causes of action and will have ample time to file dispositive motions if they should choose.

Sprinkle Lloyd & Licari LLP
Attorneys At Law
San Diego

DECLARATION OF MICHAEL LICARI

EXHIBIT M

1   I declare under penalty of perjury under the laws of the State of California that the forgoing is

2   true and correct.

3

4   DATED: August 16, 2019

_Michael Licari_
_____

5   Michael A. Licari

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT M

Exhibit A

EXHIBIT M

MICHAEL LICARI (SBN 265241)
**SPRINKLE LLOYD & LICARI LLP**
Attorneys at Law
2801 B. St., Ste. 556
San Diego, CA 92102
Telephone: (858) 717-0013
Email: Mike@SL2Law.com

Attorneys for Jane Doe

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN DIEGO – CENTRAL DISTRICT

| | |
|---|---|
| JANE DOE, an Individual, | Case No.: 37-2019-00020094-CU-CR-CTL |
| Plaintiff, | **SECOND AMENDED COMPLAINT FOR:** |
| v. | **1)   INJUNCTIVE RELIEF** |
| COUNTY OF SAN DIEGO, a California Municipality; TIMOTHY WILSON, an individual; and ROES 1 through 10, inclusive, | **2)   NEGLIGENCE** |
| | **3)   INVASION OF PRIVACY** |
| | **4)   BATTERY** |
| | **5)   NEGLIGENT SUPERVISION AND/OR TRAINING** |
| Defendants. | **6)   42 U.S.C. §1983 [Breach of Privacy]** |
| | **7)   42 U.S.C. §1983 [Monell]** |
| | **8)   42 U.S.C. §1983 [State Created Danger] [Image File]** |
| | **Jury Trial Demanded** |

Plaintiff Jane Doe. alleges as follows:

### **PARTIES**

1.  Plaintiff JANE DOE ("Jane Doe") was a fourteen-year-old girl at the time that the events that give rise to this Second Amended Complaint occurred and is resident of the County of San Diego and in the State of California.

2.  Sheriff's Deputy Timothy Wilson ("Deputy Wilson") was and is a resident of San Diego County.

3.  Jane Doe, Deputy Wilson and the County of San Diego may be collectively referred to as the

EXHIBIT M

1   "Parties."

2   4.   Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate

3   or otherwise, of those Defendants sued herein as Roes 1 through 10, inclusive, which Plaintiff

4   therefore sues by such fictitious names. Plaintiff is informed and believes that each of the

5   fictitiously named Defendants is in some way responsible and/or liable to Plaintiff as herein

6   alleged and caused the damage to Plaintiff as herein alleged. Plaintiff will amend this

7   Complaint to allege the true names and capacities and the responsibility and/or liability of

8   such fictitiously named Defendants when their identities have been ascertained.

9   5.   Plaintiff is informed and believes, and on this basis alleges, that at all times herein mentioned,

10   Defendants sued herein as Roes 1 through 10, inclusive, and each of them, were acting as the

11   duly authorized agent, servant, representative, joint venturer, co-venturer, co-conspirator,

12   partner, employee, and/or alter ego of each of the remaining Defendants and with the

13   knowledge, permission, consent, ratification and/or for the benefit of each of said remaining

14   Defendants, and in doing the things herein mentioned, each of the Defendants named herein

15   was acting in the course and scope of such employment, agency, conspiracy and/or

16   representative capacity with the ratification and consent of the other Defendants , and acted in

17   concert with them.

18   **VENUE**

19   6.   Based on information and belief, venue is proper in the San Diego County Superior Court

20   because all acts that give rise to this Complaint occurred in the County of San Diego.

21   **GENERAL ALLEGATIONS**

22   7.   Plaintiff realleges and incorporates herein by this reference each and every allegation

23   contained above in paragraphs 1 through 6, inclusive, as though fully set forth herein.

24   8.   On March 21, 2018 at a Panda Express in Vista, CA, Deputy Wilson approached Jane Doe

25   from behind, sexually assaulted her and quickly exited the Panda Express thereafter.

26   9.   That same day, Jane Doe and her mother reported the incident to the San Diego County

27   Sherriff's Department. The San Diego County Sheriff's Department thereafter opened an

28   investigation into the matter.

SPRINKLE LLOYD &
LICARI, LLP
ATTORNEYS AT LAW
SAN DIEGO

PLAINTIFF JANE DOE'S SECOND AMENDED COMPLAINT

EXHIBIT M

10. The Sheriff's Department arrested Deputy Wilson on May 18, 2018.

11. Deputy Wilson pled guilty to one count of committing a lewd act on a minor and two counts of unlawfully taking computer data on October 3, 2018. Judge Goldstein sentenced Deputy Wilson to one year in jail, five years' probation, and he must register as a sex offender.

12. Prior to his arrest, Deputy Wilson used his unique position as an employee of the San Diego County Sherriff's department to access Jane Doe's investigative file forty-four times from March 21, 2018 until his arrest on May 18, 2018. Deputy Wilson worked for San Diego County as a Sheriff's Deputy in the local Vista jail. Deputy Wilson was not part of the investigative team for Jane Doe's case nor does he conduct investigations of any kind and certainly not sexual assaults investigations of minors.

13. Based on information and belief, the Sheriff's Department has the capability to limit access to investigative files, does limit access in rare circumstances, but did not limit access of any kind to Jane Doe's sexual assault investigative file.

14. In the course of accessing Jane Doe's file, Deputy Wilson downloaded photographs of Jane Doe and sent them to his personal email account. In one instance, Deputy Wilson titled at least one photograph, "White Pants" to describe Jane Doe. Deputy Wilson was also able to learn Jane Doe's name, address and cell phone number by gaining access to Jane Doe's file, as well as where Jane Doe attended school.

15. Based on information and belief, at no time did anyone from the Sheriff's Department realize nor did anyone find it unusual that a corrections officer at the local jail had accessed the investigative file of a minor sexual assault victim's case file forty-four times prior to Deputy Wilson's arrest. Based on information and belief, Deputy Wilson's access of Jane Doe's file had no bearing whatsoever on his arrest.

16. The San Diego County Sheriff's Department arrested Deputy Wilson because a San Diego County employee identified Deputy Wilson in a video feed from the Panda Express security footage that the local news outlets broadcasted as part of their story.

17. Once Jane Doe discovered that her assailant accessed her personal file, downloaded photographs of her and knew where she lived, Jane Doe became extremely fearful for her life

Sprinkle Lloyd &
Licari, LLP
Attorneys At Law
San Diego

3

PLAINTIFF JANE DOE'S SECOND AMENDED COMPLAINT

EXHIBIT M

and safety. Thereafter, Jane Doe, at times became depressed, sick, confused, irritable, and experienced periods of isolation so much so, that she has sought medical treatment as a result of knowing that her personal information was breached forty-four times by the individual who sexually assaulted her and law enforcement never noticed. For example, Jane Doe has preferred to isolate herself as opposed to socializing with friends and peers as she attempts to process what has happened to her and why. Jane Doe lacks trust in adults now and becomes quickly uncomfortable and nervous when an adult male makes eye contact with her in an otherwise typical social interaction. Jane Doe's ability to seek a relationship with the opposite sex has also been impaired by the events in this case. Each of these unfortunate consequences may have a long-lasting negative impact on Jane Doe's long-term growth and social development.

18. Jane Doe also changed schools because Deputy Wilson discovered where Jane Doe attended school by accessing her case file.

19. Jane Doe submitted a claim with San Diego County as required by the California Govt. Code. Section 900 et. seq. San Diego County rejected Jane Does' claim and denied any responsibility or liability on October 18, 2018.

## **FIRST CAUSE OF ACTION**

### **Injunctive Relief against the County of San Diego**

20. Plaintiff realleges and incorporates herein by this reference each and every allegation contained above in paragraphs 1 through 19, inclusive, as though fully set forth herein.

21. The Fourth and Fourteenth Amendments not only create a reasonable expectation of privacy for all United States Citizens, but the Fourteenth Amendment also requires municipalities such as the County of San Diego to ensure that the actions of its employees do not endanger U.S. citizens. The San Diego County Sheriff's Department's current policy regarding who may access a criminal investigative file involving victims of crimes [including but not limited to Jane Doe] violates the United States Constitution and specifically the Fourth and Fourteenth Amendments.

22. Based on information and belief, the San Diego County Sheriff grants access to all criminal

Sprinkle Lloyd &
Licari, LLP
Attorneys At Law
San Diego

4
PLAINTIFF JANE DOE'S SECOND AMENDED COMPLAINT
EXHIBIT M

investigative files including cases involving minor sexual assault victims to all San Diego County employees with few limited exceptions. The County's policy regarding access to investigative files is completely at odds with the United States Constitution's requirements to protect the victim reasonable expectation of privacy by ensuring that any private or confidential information stay out of the hands of people such as the victim's assailant.

23. San Diego County Sheriff spokesperson Lt. Karen Stubkjaer revealed that the department has "the ability to limit access to certain investigatory files when necessary" and "there was no indication upon the reporting of this incident that there would be a necessity to limit access by Department peace officers."

24. At least nine members of law enforcement in San Diego, five from the San Diego Police Department and four San Diego County Sherriff's Department employees have been arrested on charges of sexual misconduct since 2005 and likely had access to the victim's investigative file and personal information. The number could be higher but the City and County of San Diego do not track sexual misconduct complaints. The California Legislature passed Senate Bill 1421 in 2018 and the bill took effect on January 1, 2019, which requires law enforcement agencies to release information when an officer committed sexual assault, lied when reporting a crime or in an investigation, or used force that caused a person serious harm or death. To date, the San Diego County Sheriff's department has released two such files: Deputy Wilson and Deputy Juan Andrade.

25. Here, Deputy Wilson is but one example where the County granted access to a minor victim's sexual assault file to a nonessential employee who then unlawfully accessed the file and the victim's confidential information forty-four times. Of course, no one from the department noticed that Deputy Wilson systematically and endlessly accessed Jane Doe's file and emailed the file to his personal email account, nor did the department take any steps to prevent Deputy Wilson's continuous access of Jane Doe's confidential file until his arrest.

26. Jane Doe seeks injunctive relief from this Court that forces the San Diego County Sherriff's Department to limit access to investigative files that involve victims to essential personnel only so as to be in compliance with the United States Constitution. In seeking the injunction,

Sprinkle Lloyd &
Licari, LLP
Attorneys At Law
San Diego

5
PLAINTIFF JANE DOE'S SECOND AMENDED COMPLAINT
EXHIBIT M

Jane Doe seeks to ensure that no one other than essential personnel can view, use and appropriate Jane Doe's and other similar minor victims' confidential and private information so as to comply with the Fourth and Fourteenth Amendments to the U.S. Constitution.

## SECOND CAUSE OF ACTION

### Negligence against the County of San Diego

27. Plaintiff realleges and incorporates herein by this reference each and every allegation contained above in paragraphs 1 through 26, inclusive, as though fully set forth herein.

28. The California Constitution imposes certain duties on law enforcement when law enforcement is investigating and prosecuting crimes that involve victims. Among them are a duty to protect the privacy of an individual including but not limited to the victim's confidential information as described in paragraph twenty above.

29. Here, the San Diego County Sheriff's Office breached its duties to Jane Doe by implementing a system where nonessential employees including Deputy Wilson could access Jane Doe's underage sexual assault investigative files stored on computer software that contained confidential and private information about Jane Doe forty-four times without preventing further access.

30. It was entirely foreseeable that Jane Doe's offender could be one of 4,000 San Diego County employees because law enforcement employees in the Sherriff's Office and the San Diego County Police Department have been arrested, charged and/or convicted of crimes including sexual assault on at least nine occasions since 2005.

31. The Sheriff's Department's breach of its duties to Jane Doe have caused Jane Doe serious emotional distress and therefore, Jane Doe is entitled to compensation for her injuries in an amount to be awarded at trial.

## THIRD CAUSE OF ACTION

### Invasion of Privacy against All Parties

32. Plaintiff realleges and incorporates herein by this reference each and every allegation contained above in paragraphs 1 through 31, inclusive, as though fully set forth herein.

33. As the victim of sexual assault, the California Constitution provides all victims of crime a

Sprinkle Lloyd & Licari, LLP
Attorneys At Law
San Diego

PLAINTIFF JANE DOE'S SECOND AMENDED COMPLAINT

EXHIBIT M

1  reasonable expectation of privacy regarding confidential information, identity, home address

2  and phone number.

3  34. Deputy Wilson intentionally intruded on Jane Doe's privacy rights by using his position as a

4  Deputy with the San Diego County Sheriff's Department and his access credentials given to

5  him by the San Diego County Sheriff's Office to access Jane Doe's private, confidential

6  information during normal business hours that the Department stored on its computer system

7  and server. Deputy Wilson then converted Jane Doe's private, confidential information for his

8  own personal use including photographs of Jane Doe just weeks after Deputy Wilson sexually

9  assaulted Jane Doe. For these reasons, the San Diego County Sheriff's Department is

10  vicariously liable for Deputy Wilson's conduct.

11  35. Deputy Wilson's conduct was within the scope of his employment when he committed his

12  tortious acts and thus, the County of San Diego is vicariously liable.

13  36. Deputy Wilson's intrusion is not only highly offensive to a reasonable person, but also

14  violates California law under Civil Code section 1798, the California Constitution.

15  37. As a consequence of Deputy Wilson's intrusion, Jane Doe was harmed as particularly

16  described in paragraphs sixteen and seventeen of this Complaint.

17  **FOURTH CAUSE OF ACTION**

18  **Sexual Battery against Timothy Wilson**

19  38. Plaintiff realleges and incorporates herein by this reference each and every allegation

20  contained above in paragraphs 1 through 37, inclusive, as though fully set forth herein.

21  39. On March 21, 2018 at a Panda Express in Vista, CA, Deputy Wilson approached Jane Doe

22  from behind, sexually assaulted and battered her by grabbing Jane Doe in intimate areas on

23  her body without her consent.

24  40. The offensive and wrongfully touching was intentional and caused Jane Doe injuries and

25  damages in an amount to be awarded at trial.

26  41. The acts of Timothy Wilson, as alleged herein were willful, wanton, and malicious and were

27  intended to oppress and cause injury to Jane Doe. In light of the willful, wanton, malicious

28  and intentional conduct engaged in by Deputy Wilson, Jane Doe is entitled to an award of

SPRINKLE LLOYD &
LICARI, LLP
ATTORNEYS AT LAW
SAN DIEGO

7

EXHIBIT M

1   punitive damages.

2   **FIFTH CAUSE OF ACTION**

3   **Negligent Supervision and/or Training against the County of San Diego**

4   42. Plaintiff realleges and incorporates herein by this reference each and every allegation

5   contained above in paragraphs 1 through 41, inclusive, as though fully set forth herein.

6   43. Plaintiff is informed and believes and based therefore alleges that the supervisors of Deputy

7   Wilson had, and did exercise, supervisory authority over Deputy Wilson, while engaged in,

8   and required by, the course and scope of their employment during regular business hours.

9   44. Plaintiff is informed and believes and based therefore alleges that Deputy Wilson's

10   unauthorized use of the government databases was done during regular business hours, on an

11   ongoing basis throughout his tenure at the Sheriff's Department and ostensibly while Deputy

12   Wilson was engaged in the course and scope of his employment and performing his required

13   official duties as a County Sheriff's Deputy.

14   45. Plaintiff is informed and believes and based therefore alleges that the San Diego County

15   Sheriff's Department and Deputy Wilson's supervisors had actual and/or constructive

16   knowledge that Deputy Wilson was using the time and resources of the County, and to gather

17   information for the personal use of himself on a routine basis, and while acting as a county

18   deputy when logging in to these government databases.

19   46. Deputy Wilson's continuous use of the government database for personal reasons made

20   Deputy Wilson unfit for his position as a Deputy Sheriff with the San Diego County Sheriff's

21   Department.

22   47. Notwithstanding such knowledge, Deputy Wilson's supervisors, and thus the County was

23   negligent, careless and failed to properly supervise, train and control Wilson as a Sheriff's

24   Deputy. These failures enabled and allowed Deputy Wilson to access Jane Doe's investigative

25   file forty-four times and download the file and email it to his personal email address all in

26   violation of Jane Doe's rights as a victim and in violation of her right to privacy. A special

27   relationship exists between law enforcement and criminal sexual assault victims that creates a

28   duty owned by law enforcement to keep victim's information confidential and private.

SPRINKLE LLOYD &
LICARI, LLP
ATTORNEYS AT LAW
SAN DIEGO

8

PLAINTIFF JANE DOE'S SECOND AMENDED COMPLAINT

EXHIBIT M

48. The supervisors' failure to properly supervise, train and control Deputy Wilson were a substantial cause of Jane Doe's damages.

## SIXTH CAUSE OF ACTION

### Invasion of Privacy Under 42 U.S.C. § 1983 against Timothy Wilson

49. Plaintiff realleges and incorporates herein by this reference each and every allegation contained above in paragraphs 1 through 48, inclusive, as though fully set forth herein.

50. The Fourth and Fourteenth Amendments of the United States Constitution guarantee that every United States citizen enjoys a right to privacy.

51. Deputy Wilson, acting under the color of state law while working as a sheriff's deputy, deprived Jane Doe of her reasonable expectation of privacy by accessing Jane Doe's private, confidential information by using the San Diego Sheriff's Department's computer system for personal reasons. Wilson's decision to access, review and take Jane Doe's private, confidential information maintained and stored on the County of San Diego's website is a violation of Jane Doe's constitutional right to privacy.

52. As a direct result of Wilson's unlawful conduct, Jane Doe has been damaged including emotional suffering, mental anguish, humiliation and embarrassment.

## SEVENTH CAUSE OF ACTION

### Monell Claim Under 42 U.S.C. § 1983 against County of San Diego

53. Plaintiff realleges and incorporates herein by this reference each and every allegation contained above in paragraphs 1 through 52, inclusive, as though fully set forth herein.

54. San Diego County Sheriff spokesperson Lt. Karen Stubkjaer stated to the San Diego Union Tribune that the San Diego County Sheriff's Department has the ability to limit access to its online investigative files but only exercises these limitations in rare circumstances. Lt. Stubkjaer indicated that Jane Doe's status as a minor sexual assault victim does not qualify as an investigation that would warrant certain limitations or restrictions regarding access. Thus, San Diego County implements a department wide policy that allows anyone employed by the San County Sheriff to access the criminal investigative files, even in circumstances where a minor sexual assault victim such as Jane Doe is the subject of the investigation.

55. San Diego County's policy provides access to more than 4,000 individuals who can and do in fact access personal, private, intimate, embarrassing and confidential information of crime victims. Oftentimes, the individual County employee accessing this information plays no role whatsoever in the investigation. Additionally, much of this information is protected by a reasonable expectation of privacy guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution. Therefore, the Department wide policy creates the opportunity for county employees to consistently and systematically violate the rights of American citizens by accessing the information of crime victims for personal use rather than for legitimate purposes.

56. Based on information and belief, the practice by County employees of accessing investigative files for non-legitimate purposes and thus gaining access to the private and confidential information of innocent victims of crime is widespread, systematic and ongoing.

57. Deputy Wilson's ability to access Jane Doe's file despite being a mere jailer in the local jail was made possible only because of the County's unconstitutional policy.

58. The County of San Diego's policy was implemented with a deliberate indifference to crime victims' constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution.

59. Liability against the County of San Diego further exists where a municipality fails to properly train, supervise, and discipline its employees amounting in a deliberate indifference to one's constitutional rights. *See City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989); *Patzner v. Burkett*, 779 F.2d 1363, 1367 (8th Cir. 1985); *Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983). Deputy Wilson's actions, among that of others within the Sheriff's Department demonstrates that the County has failed to properly train, supervise and/or discipline employees who have abused the County's online records system.

60. The Sheriff's Department's indifference to the Constitution by condoning, ratifying and/or perpetuating abuse of the database has directly contributed to systematic misconduct, and the failure to end this policy, pattern of practice, or custom was a proximate cause to the injuries suffered by Jane Doe.

Sprinkle Lloyd &
Licari, LLP
Attorneys At Law
San Diego

10
PLAINTIFF JANE DOE'S SECOND AMENDED COMPLAINT
EXHIBIT M

61. Wherefore, as a direct and proximate cause of the actions of the County, Plaintiff has suffered damages in an amount to be awarded at trial.

### EIGHTH CAUSE OF ACTION

**State Created Danger Doctrine Claim Under 42 U.S.C. § 1983 against County of San Diego**

62. Plaintiff realleges and incorporates herein by this reference each and every allegation contained above in paragraphs 1 through 61, inclusive, as though fully set forth herein.

63. By creating and executing a policy that allow for any San Diego County employee to access any criminal file with limited exceptions, the County affirmatively placed Jane Doe in danger by providing access to Jane Doe's private and confidential information to Deputy Wilson who played no role in the actual investigation and where Deputy Wilson was the individual who committed the sexual assault.

64. By executing this department wide policy of allowing access to investigative files to nearly everyone at the Sheriff's Department, the County demonstrates a deliberate indifference to a known or obvious danger. The danger is known or obvious because it is entirely foreseeable that one of four thousand San Diego County Sheriff's Department employees committed an offense against a victim. In this case, Deputy Wilson was that offender and Jane Doe was that victim.

65. The aforementioned policy is reckless, and demonstrates a conscientious disregard for protecting the constitutional rights of crime victims to a level that shocks the conscience.

66. The County's policy is a direct and proximate cause of Jane Doe's damages.

### PRAYER FOR RELIEF

WHEREFORE, Jane Doe. prays for relief against the County of San Diego as follows:

**For the First Causes of Action:**

1. An order from the Court directing the County of San Diego to modify its internal policies regarding access to criminal investigative files involving victims so that it does not violate the Constitutional Rights of crime victims;

**For Causes of Action Two, Three and Five:**

2. Compensatory damages in an amount to be awarded at trial;

SPRINKLE LLOYD &
LICARI, LLP
ATTORNEYS AT LAW
SAN DIEGO

11

3.   Costs of the lawsuit;

4.   Such other relief the Court deems appropriate;

**For Cause of Action Four:**

5.   Compensatory damages in an amount to be awarded at trial;

6.   Costs of the lawsuit;

7.   Punitive Damages;

8.   Such other relief the Court deems appropriate.

**For Causes of action Six, Seven and Eight**

9.   Compensatory damages in an amount to be awarded at trial;

10. Costs of the lawsuit;

11. Attorney's Fees;

12. Such other relief the Court deems appropriate.

DATED: August 15, 2019                **SPRINKLE LLOYD & LICARI, LLP**

By: _Michael Licari_
_____
Michael Licari Attorney for Jane Doe

SPRINKLE LLOYD &
LICARI, LLP
ATTORNEYS AT LAW
SAN DIEGO

12
PLAINTIFF JANE DOE'S SECOND AMENDED COMPLAINT
EXHIBIT M

1  MICHAEL A. LICARI (BAR NO. CA 265241)
   **SPRINKLE LLOYD & LICARI LLP**
2  Attorneys at Law
   2801 B. St. Ste. 556
3  San Diego, CA 92108
   Telephone: (858) 717-0013
4
   Attorney for Jane Doe
5

6              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7           **FOR THE COUNTY OF SAN DIEGO – CENTRAL DISTRICT**

8

9   JANE DOE, an Individual,              Case No.: 37-2019-00020094-CU-CR-CTL

10             Plaintiff,                 **[PROPOSED] ORDER GRANTING JANE
                                          DOE'S MOTION TO AMEND THE**
11        v.                              **COMPLAINT**

12  COUNTY OF SAN DIEGO, a California     Judge: Hon. Ronald Frazier
    Municipality; TIMOTHY WILSON, an      Dept: C-65
13  individual; and ROES 1 through 10,
    inclusive,                            **[IMAGE FILE]**
14

15             Defendants.

16

17

18

19

20      This matter came on regularly before the Court for hearing on November 8, 2019. Michael

21  Licari appeared for Plaintiff, Jane Doe. Fernando Kish appeared for Defendant, County of San

22  Diego.

23      The Court, having reviewed the moving and opposing papers on Plaintiff's Motion To

24  Amend Complaint on the ground that the First Amended Complaint failed to include a particular

25  cause of action; and oral argument of counsel having been received by the Court.

26  ///

27  ///

28

SPRINKLE LLOYD &
   LICARI, LLP
ATTORNEYS AT LAW
  SAN DIEGO

                                          1

                                                          [PROPOSED] ORDER

EXHIBIT M

1   The Court finds, adjudges and orders as follows:

2   1. That Jane Doe's motion is GRANTED;

3   2. That the proposed SECOND AMENDED COMPLAINT is deemed filed this date.

4   3. IT IS FURTHER ORDERED that defendant County of San Diego file a response within thirty

5   days of this order.

6   IT IS SO ORDERED.

7   DATED: _____

       _____
       Judge San Diego Superior Court

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT M

Re: *Jane Doe v. County of San Diego*
*Case No.* 2019-200094

**PROOF OF SERVICE**
**Code of Civil Procedure §§ 1013a, 210.5**

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action. My business address is 2801 B Street, Unit 556, San Diego, CA 92102. On August 16, 2019, I served the following document(s):

**Jane Doe's Notice of Motion, Motion to Amend the Complaint, Declaration of Michael Licari, Second Amended Complaint, Proposed Order**

____x____By placing the document(s) listed above in a sealed envelope, addressed as set forth below, and placing the envelop for collection and mailing it overnight.

_____By transmitting via fax the document(s) listed above to the fax numbers set forth below on this date before 5:00 pm.

_____By transmitting via One Legal the document(s) listed above to the person(s) listed below

_____By E-mailing the document(s) listed above to the address set forth below on this date before 5:00pm.

_____By Causing a true and correct copy thereof to be personally delivered to the person(s) at the addresses set forth below.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under the practice, it would be deposited with the U.S. Postal Service on the same day with the postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 16, 2019 at San Diego, California.

_____
Michael A. Licari

EXHIBIT M

Service List:

Fernando Kish
Office of County Counsel
1600 Pacific Highway, Ste. 355
San Diego, CA 92101

Timothy Wilson
1002 N. Mollison Ave.
El Cajon, CA 92020

EXHIBIT M

EXHIBIT "N"

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address)<br>Fernando Kish, Senior Deputy (SBN 234961)<br>Office of County Counsel<br>1600 Pacific Highway, Room 355, San Diego, CA 92101 | FOR COURT USE ONLY<br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego |
|---|---|
| TELEPHONE NO. 619-531-4860        FAX NO (Optional) | **09/19/2019** at 04:09:00 PM |
| E-MAIL ADDRESS (Optional) fernando.kish@sdcounty.ca.gov | Clerk of the Superior Court |
| ATTORNEY FOR (Name) Defendant County of San Diego | By Regina Chanez, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
☒ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., SUITE 1000, VISTA, CA 92081
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

| PLAINTIFF(S) | JUDGE |
|---|---|
| Jane Doe | Hon. Ronald Frazier |
| DEFENDANT(S) | DEPT |
| County of San Diego; Timothy Wilson | C-65 |
| **NOTICE OF PAYMENT OF ADVANCE JURY FEE** | CASE NUMBER<br>37-2019-00020094-CU-CR-CTL |

### NOTICE

TO:   The above court, the clerk thereof, and all concerned parties:

The statutory advance jury fee is tendered herewith on behalf of the

☐ Plaintiff  ☒ Defendant  County of San Diego _____

(Full Name)

Parcel No.(s) *(if appropriate)* _____

Date: 09/19/2019 _____            _____
                                                          Signature

### DECLARATION OF SERVICE BY MAIL

I declare that: I am over the age of 18 years and not a party to this case; I am employed in, or am a resident of the County where the mailing took place; and my residence or business address is:
1600 Pacific Highway, Room 355, San Diego, CA 92101

I served the **NOTICE OF PAYMENT OF ADVANCE JURY FEE** by placing a true copy in separate envelopes addressed to each addressee, respectively, as follows:
Michael A. Licari, Esq.
SPRINKLE LLOYD & LICARI LLP
7801 Mission Court,  # 240
San Diego, CA 92108

I then sealed each envelope and, with postage thereon fully prepaid, placed each for deposit in the United States Postal Service, on the date shown below at *(City and State)* San Diego, CA _____

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Date: 09/19/2019 _____

YVONNE LOPEZ _____            _____
Type or Print Name                                              Signature

**NOTICE OF PAYMENT OF ADVANCE JURY FEE**

Save This Form

EXHIBIT N

EXHIBIT "O"

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| THOMAS E. MONTGOMERY, County Counsel<br>County of San Diego<br>By:FERNANDO KISH, Sr. Deputy (SBN 236961)<br>1600 Pacific Hwy., Room 355<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 531-4713  FAX NO. (Optional): (619) 531-6005<br>E-MAIL ADDRESS (Optional): fernando.kish@sdcounty.ca.gov<br>ATTORNEY FOR (Name): Defendant COUNTY OF SAN DIEGO | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**09/19/2019** at 04:09:00 PM<br><br>Clerk of the Superior Court<br>By Regina Chanez,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

PLAINTIFF/PETITIONER:JANE DOE

DEFENDANT/RESPONDENT:COUNTY OF SAN DIEGO, et al.

| **CASE MANAGEMENT STATEMENT** | | CASE NUMBER: |
|---|---|---|
| *(Check one):*  [X] **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000) | [ ] **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | 37-2019-00020094-CU-CR-CTL |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: October 4, 2019    Time: 11:00 a.m.  Dept.: 65    Div.:    Room:
Address of court *(if different from the address above):*

[ ] Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X] This statement is submitted by party *(name):* Defendant COUNTY OF SAN DIEGO
   b. [ ] This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date):*
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ] have had a default entered against them *(specify names):*
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  [X] complaint  [ ] cross-complaint    *(Describe, including causes of action):*
      Plaintiff brings injunctive relief, negligence and invasion of privacy causes of
      action against Defendant County for damages she allegedly sustained following a
      sexual assault and accessing of her investigation file.

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Legal
Solutions
Plus

Cal. Rules of Court,
rules 3.720–3.730

EXHIBIT O

CM-110

| PLAINTIFF/PETITIONER: JANE DOE | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: COUNTY OF SAN DIEGO, et al. | 37-2019-00020094-CU-CR-CTL |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

   Plaintiff seeks injunctive relief and compensatory damages

   ☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

   The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

   The party or parties estimate that the trial will take *(check one):*
   a. ☒ days *(specify number):* 4
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

   The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. E-mail address:
   f. Fax number:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

    (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

    (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

    b. **Referral to judicial arbitration or civil action mediation** (if available).

    (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

    (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

EXHIBIT O

**CM-110**

| PLAINTIFF/PETITIONER: JANE DOE | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: COUNTY OF SAN DIEGO, et al. | 37-2019-00020094-CU-CR-CTL |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing to** participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

EXHIBIT O

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: JANE DOE | CASE NUMBER: |
| DEFENDANT/RESPONDENT: COUNTY OF SAN DIEGO, et al. | 37-2019-00020094-CU-CR- |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

Demurrer and Motion for Summary Judgment

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant County of San Diego | Written Discovery | January 2020 |
| Defendant County of San Diego | Party & Witness Depositions | April 2020 |
| Defendant County of San Diego | Expert Depositions | July 2010 |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

EXHIBIT O

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: JANE DOE | CASE NUMBER: |
| DEFENDANT/RESPONDENT: COUNTY OF SAN DIEGO, et al. | 37-2019-00020094-CU-CR-CTL |

**17. Economic litigation**

  a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

  b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

  ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

  a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

  b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):*  - 0 -

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: September 19, 2019

Fernando Kish
      (TYPE OR PRINT NAME)

▶ _____
      (SIGNATURE OF PARTY OR ATTORNEY)

      (TYPE OR PRINT NAME)

▶ _____
      (SIGNATURE OF PARTY OR ATTORNEY)

  ☐ Additional signatures are attached.

EXHIBIT O

*Jane Doe v. County of San Diego, et al.*
San Diego Superior Court No.37-2019-00020094-CU-CR-CTL

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/19/2019** at 04:09:00 PM

Clerk of the Superior Court
By Regina Chanez, Deputy Clerk

Proof of Service by Mail
(C.C.P. 1013a and 2015.5(b))

I, Yvonne Lopez, declare:

I am over the age of eighteen years and not a party to the case; I am employed in, or am a resident of, the County of San Diego, California where the mailing occurs; and my business address is: 1600 Pacific Highway, Room 355, San Diego, California.

I further declare that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business.

On September 19, 2019, I caused to be served the following document(s):
**CASE MANAGEMENT STATEMENT,** by placing a true copy of each document in a separate envelope addressed to each addressee, respectively, as follows:

> Michael Licari, Esq.
> SPRINKLE LLOYD & LICARI
> 7801 Mission Court, Ste. 240
> San Diego, CA 92108
> *(Attorneys for Plaintiff)*

I then sealed each envelope and, with the postage thereon fully prepaid, I placed each for deposit in the United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 19, 2019, at San Diego, California.

_____
Yvonne Lopez

EXHIBIT O

EXHIBIT "P"

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael Licari (265241)<br>2801 B. St. Ste. 556<br>San Diego, CA 92102<br>TELEPHONE NO.: 858-717-0013   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* mike@SL2Law.com<br>ATTORNEY FOR *(Name):* Jane Doe | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92102
BRANCH NAME: Central

PLAINTIFF/PETITIONER: Jane Doe

DEFENDANT/RESPONDENT: Count of San Diego, Timothy Wilson

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER |
|---|---|
| *(Check one):*  ☑ **UNLIMITED CASE**   ☐ **LIMITED CASE**<br>(Amount demanded (Amount demanded is $25,000<br>exceeds $25,000) or less) | 2019-00020094-CU-CR-CTL |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: October 4, 2019     Time: 11:00 am     Dept.: 65     Div.: Civ     Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone,  by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):*  Jane Doe
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* April 2, 2019
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  ☑ complaint   ☐ cross-complaint     *(Describe, including causes of action):*
      Former Deputy Timothy Wilson sexually assaulted Jane Doe in a Panda Express while off duty. Thereafter and
      before Timothy Wilson was arrested, the County took no measures whatsoever to protect the identity or the

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

EXHIBIT P

CM-110

| PLAINTIFF/PETITIONER: Jane Doe | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Count of San Diego, Timothy Wilson | 2019-00020094-CU-CR-CTL |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

confidential information of Jane Doe. Timothy Wilson accessed Jane Doe's private information and used it for personal gain more than 40 times by using his access to the Sheriff's Dept data base, all in violation of her Constitutional Right to Privacy and in violation of the Sheriff's Dept duties to victims of crimes. Jane Doe seeks comp. damages for major emotional distress among other injuries.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☑ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
  a.   ☐   The trial has been set for *(date):* None
  b.   ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

  c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
  a.   ☑   days *(specify number):* 5
  b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☐ by the following:
  a.   Attorney:
  b.   Firm:
  c.   Address:
  d.   Telephone number:                                           f.   Fax number:
  e.   E-mail address:                                             g.   Party represented:
  ☐   Additional representation is described in Attachment 8.

9.   **Preference**
  ☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**
  a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
    (1)   For parties represented by counsel: Counsel   ☐ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
    (2)   For self-represented parties: Party   ☐ has   ☐ has not   reviewed the ADR information package identified in rule 3.221.
  b.   **Referral to judicial arbitration or civil action mediation** (if available).
    (1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
    (2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
    (3)   ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

EXHIBIT P

CM-110

| PLAINTIFF/PETITIONER: Jane Doe | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: Count of San Diego, Timothy Wilson | 2019-00020094-CU-CR-CTL |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☑ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

EXHIBIT P

CM-110

| | | CASE NUMBER |
|---|---|---|
| PLAINTIFF/PETITIONER: | Jane Doe | 2019-00020094-CU-CR-CTL |
| DEFENDANT/RESPONDENT: | Count of San Diego, Timothy Wilson | |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
   Motion to Amend Complaint to be heard on Nov. 8

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| County of San Diego | Admissions/SI/Depositions/Doc Request | 4/1/2020 |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*
   None

**CASE MANAGEMENT STATEMENT**

EXHIBIT P

CM-110

| PLAINTIFF/PETITIONER: Jane Doe | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: Count of San Diego, Timothy Wilson | 2019-00020094-CU-CR-CTL |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

.

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 9/26/2019

| Michael A. Licari | *Michael Licari* |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ☐ Additional signatures are attached. |

**CASE MANAGEMENT STATEMENT**

EXHIBIT P

Re: *Jane Doe v. County of San Diego*
*Case No.* 2019-200094

## PROOF OF SERVICE
### Code of Civil Procedure §§ 1013a, 210.5

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action. My business address is 2801 B Street, Unit 556, San Diego, CA 92102. On September 26, 2019, I served the following document(s):

**Jane Doe's CMC statement**

____x____ By placing the document(s) listed above in a sealed envelope, addressed as set forth below, and placing the envelop for collection and mailing it overnight.

_____ By transmitting via fax the document(s) listed above to the fax numbers set forth below on this date before 5:00 pm.

_____ By transmitting via One Legal the document(s) listed above to the person(s) listed below

_____ By E-mailing the document(s) listed above to the address set forth below on this date before 5:00pm.

_____ By Causing a true and correct copy thereof to be personally delivered to the person(s) at the addresses set forth below.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under the practice, it would be deposited with the U.S. Postal Service on the same day with the postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September, 26 2019 at San Diego, California.

Michael A. Licari

EXHIBIT P

Service List:

Fernando Kish
Office of County Counsel
1600 Pacific Highway, Ste. 355
San Diego, CA 92101

EXHIBIT P

# EXHIBIT "Q"

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Michael Licari (265241)<br>2801 B. St. Ste. 556<br>San Diego, CA 92102<br><br>TELEPHONE NO.: 858-717-0013          FAX NO.(Optional):<br><br>E-MAIL ADDRESS (Optional): mike@SL2Law.com<br>ATTORNEY FOR (Name): Jane Doe | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
- ☒ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
- ☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
- ☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., SUITE 1000, VISTA, CA 92081
- ☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

| PLAINTIFF(S)<br>Jane Doe | JUDGE<br>Honorable Judge Ronald Frazier |
|---|---|
| DEFENDANT(S)<br>County of San Diego, Timothy Wilson | DEPT<br>65 |
| **NOTICE OF PAYMENT OF ADVANCE JURY FEE** | CASE NUMBER<br>2019-00020094-CU-OR-CTL |

## NOTICE

TO:  The above court, the clerk thereof, and all concerned parties:

The statutory advance jury fee is tendered herewith on behalf of the

☒ Plaintiff ☐ Defendant  Jane Doe _____

_____ (Full Name)

Parcel No.(s) *(if appropriate)* _____

Date: October 3, 2019 _____

*Michael Licari*

_____
Signature

---

### DECLARATION OF SERVICE BY MAIL

I declare that: I am over the age of 18 years and not a party to this case; I am employed in, or am a resident of the County where the mailing took place; and my residence or business address is:
2801 B. St. Ste. 556
San Diego, CA 92102

I served the **NOTICE OF PAYMENT OF ADVANCE JURY FEE** by placing a true copy in separate envelopes addressed to each addressee, respectively, as follows:
Fernando Kish
Office of County Counsel
1600 Pacific Highway, Ste. 355
San Diego, CA 92101

I then sealed each envelope and, with postage thereon fully prepaid, placed each for deposit in the United States Postal Service, on the date shown below at *(City and State)* San Diego, CA _____

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Date: 10/3/2019 _____

Michael Licari
_____
Type or Print Name

*Michael Licari*

_____
Signature

| SDSC CIV-105 (Rev. 9/12) | **NOTICE OF PAYMENT OF ADVANCE JURY FEE** | |

EXHIBIT Q

Save This Form

EXHIBIT "R"

1   THOMAS E. MONTGOMERY, County Counsel
    County of San Diego
2   By FERNANDO KISH, Senior Deputy (SBN 236961)
    1600 Pacific Highway, Room 355
3   San Diego, California 92101-2469
    Telephone:  (619) 531-4713
4   *Exempted from filing fees per Gov't Code §6103*

5   Attorneys for Defendants County of San Diego

6

7

8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **COUNTY OF SAN DIEGO**

10

11  JANE DOE, an Individual,                )   No. 37-2019-00020094-CU-CR-CTL
                                            )   Action Filed: April 2, 2019
12          Plaintiff,                      )   IMAGED FILE
                                            )
13          v.                              )   DEFENDANT COUNTY OF SAN DIEGO'S
                                            )   MEMORANDUM OF POINTS AND
14  COUNTY OF SAN DIEGO, a California       )   AUTHORITIES IN OPPOSITION TO
    Municipality; TIMOTHY WILSON, an       )   PLAINTIFF'S MOTION FOR LEAVE TO
15  individual; and DOES 1 through 10,      )   FILE SECOND AMENDED COMPLAINT
    inclusive                              )
16                                          )   Date: November 8, 2019
            Defendants.                     )   Time: 8:30 a.m.
17                                          )   Dept: C-65
    _____)   ICJ:  Ronald F. Frazier
18

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

---

DEFENDANT COUNTY OF SAN DIEGO'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
                              EXHIBIT R

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/28/2019** at 07:54:00 PM

Clerk of the Superior Court
By Carolina Miranda, Deputy Clerk

**TABLE OF CONTENTS**

I.     INTRODUCTION ..........................................................................................1

II.    SUMMARY OF PLAINTIFF'S ALLEGATIONS ....................................1

III.   STATEMENT OF LAW ............................................................................2

   A. The Court Has Discretion To Deny Leave To Amend When The Proposed Pleading Fails To State A Cause of Action ...............................................2

   B. The Pleading Standard Against A Public Entity Are Enhanced And Not Subjected To The Typical Liberal Standard ...............................................3

IV.    ARGUMENT................................................................................................3

   A. Plaintiff's Proposed Second Amended Complaint Is Futile Because The Government Claims Act Precludes Any Common Law Causes Of Action Against The County ..............................................................................................3

   B. Plaintiff's Negligent Supervision/Training Claim Is Also Futile Because Such A Claim Is Not Permitted Against The County ................................................4

   C. Plaintiff's Claim For Injunctive Relief Is Also Barred Because (1) It Is Not A Cause Of Action And (2) There Is No Prospective Threat Of Harm To Plaintiff..............................5

   D. The County Cannot Be Held Vicariously Liable For Wilson's Alleged Wrongdoing Because He Was Not Acting In The Course And Scope Of His Employment .................6

   E. Plaintiff's Civil Rights Claims Against County Are Also Futile Because Plaintiff's Constitutional Rights Were Not Violated ..........................................................7

   F. Even If Plaintiff Could Allege A Constitutional Violation, Her Civil Rights Claims Against The County Would Still Be Barred By Law ........................................9

         1. The County Cannot Be Vicariously Liable For Wilson's Alleged Constitutional Violation ..................................................................9

         2. The County Did Not Have Any Policy Or Custom That Directed Wilson's Criminal Behavior ..........................................................9

         3. There Is No Basis For State Created Danger Liability Because The County Was Not Aware That Wilson Was Illegally Accessing Plaintiff's Investigation File ..........................................................11

V.     CONCLUSION ..........................................................................................12

i

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                Page(s)

*Becerra v. County of Santa Cruz,*
    68 Cal.App.4th 1450, 1457 (1998) ................................................................. 3

*Bd. of Cnty. Comm'rs v. Brown,*
    520 U.S. 397, 403 (1997) ...................................................................... 9, 10

*City of Canton, Ohio v. Harris,*
    489 U.S. 378, 385–86 (1989) ....................................................................... 10

*Congleton v. Nat'l Union Fire Ins. Co.,*
    189 Cal.App.3d 51, 62 (Ct. App. 1987) ......................................................... 2

*County of Sacramento v. Superior Court,*
    8 Cal.3d 479, 481 (1972) .............................................................................. 3

*Connick v. Thompson,*
    563 U.S. 51, 63 (2011) ............................................................................... 11

*Creason v. Department of Health Services,*
    18 Cal.4th 623, 630-31 (1998) ..................................................................... 3

*De Villers v. County of San Diego,*
    156 Cal. App. 4th 238 (2007) ................................................................. 4-5, 5

*Fairley v. Luman*
    281 F.3d 913, 918 (9th Cir. 2002) ................................................................ 9

*Forrester v. City of San Diego,*
    25 F.3d 804 (9th Cir. 1994) ................................................................. 7, 8, 9

*Gibson v. United States*
    781 F.2d 1334, 1338 (9th Cir. 1986) ............................................................ 8

*Huff v. Wilkins,*
    138 Cal. App. 4th 732 (2006) ...................................................................... 2

*Hunsaker v. Borden,*
    5 Cal. 288, 290 (1855) ................................................................................. 4

*Hunter v. County of Sacramento,*
    652 F.3d 1225 (9th Cir. 2011) ................................................................. 9-10

DEFENDANT COUNTY OF SAN DIEGO'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

EXHIBIT R

*Koistra v. County of San Diego.,*
    310 F. Supp. 3d 1066, 1086 (S.D. Cal. 2018) ................................................. 10

*Lopez v. Southern California Rapid Transit Dist.,*
    40 Cal.3d 780, 785, fn. 2 (1985) .................................................................. 3

*Los Angeles v.. Heller,*
    475 U.S. 796, 799 (1986) ......................................................................... 7, 8

*Loser v. E.R. Bacon Co.,*
    201 Cal. App. 2d 387 (1962) ...................................................................... 2

*McRae v. Superior Court for Los Angeles County*
    221 Cal.App.2d 166, 173 (Ct. App. 1963)....................................................... 5

*Monell v. Dept. of Soc. Servs. Of City of New York,*
    436 U.S. 658, 691 (1978)....................................................................... 9, 10

*Navarro v. Block,*
    250 F.3d 729 (9th Cir. 2001) ................................................................... 10

*Olivera v. Vizzusi,*
    2011 WL 2366106, at *4 (E.D. Cal. June 9, 2011) ......................................... 9

*Oviatt v. Pearce,*
    954 F.2d 1470, 1474 (9th Cir. 1992) .......................................................... 10

*Pembaur v. Cincinnati,*
    475 U.S. 469, 479 (1986) ......................................................................... 9

*Perry v. County of Fresno,*
    215 Cal.App.4th 94 (2013) ...................................................................... 6, 7

*Searcy v. Hemet Unified Sch. Dist.,*
    177 Cal. App. 3d 792 (1986) .................................................................. 3, 5

*Shell Oil Co. v. Richter,*
    52 Cal.App.2d 164, 168 (1942)................................................................... 5

*Shoval v. Sobzak,*
    2009 WL 2780155, at *4 (S.D. Cal. Aug. 31, 2009)........................................ 5

*Susman v. Los Angeles,*
    269 Cal. App. 2d 803 (1969) ..................................................................... 3

*Trevino v. Gates,*
    99 F.3d 911, 918 (9th Cir. 1996) ............................................................. 10

*Tuthill v. City of San Buenaventura*,
   223 Cal.App.4th 1081, 1088 (2014) ............................................................. 4

*Russel v. Douvan*,
   112 Cal.App.4th 399, 402 (2003) ............................................................. 5

*Van Ort v. Stanewich*,
   92 F.3d 831 (9th Cir. 1996) ............................................................. 8

*Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz.*,
   24 F.3d 56, 62 (9th Cir. 1994) ............................................................. 8

*Zelig v. Cty. of L.A.*,
   27 Cal. 4th 1112 (2002) ............................................................. 11

**Statutes**

42 U.S.C. § 473 (2018) ............................................................. 5

42 U.S.C. § 1983 (2018) ............................................................. 5

Cal. Gov't Code § 525 ............................................................. 8, 9

Cal. Gov't Code § 811.2 ............................................................. 7

Cal. Gov't Code § 815 ............................................................. 6, 7, 8

Cal. Penal Code § 502 ............................................................. 9, 10

Cal. Penal Code § 1983 ............................................................. 11, 12

Civ. Proc. Code, 42 U.S.C. § 473 ............................................................. 5

**Rules**

Cal. Rules of Court 3.1324 ............................................................. 5

**Other**

Elements of Cause of Action., 5 Witkin, Cal. Proc. 5th Plead § 823 (2008) ................. 5

DEFENDANT COUNTY OF SAN DIEGO'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
EXHIBIT R

I

INTRODUCTION

Timothy Wilson committed two crimes; sexual assault and illegally accessing confidential information from a law enforcement computer database. Wilson pled guilty to these crimes and was sentenced to jail. He also lost his job as a correctional officer with the San Diego Sheriff's Department.

Plaintiff wishes to hold the County of San Diego financially responsible for Wilson's crimes. However, the law does not allow for County liability because Wilson's crimes were an outgrowth of his own personal motivation and unrelated to any obligation as a correctional officer. Plaintiff concedes that Wilson perpetrated the sexual assault while off-duty and case law makes clear that his unlawful access of the law enforcement database did not occur within the course and scope of his employment. Plaintiff's common law claims are expressly not permitted against the County, a point that Plaintiff repeatedly accepts in her motion to amend. But, inexplicably, Plaintiff's proposed amended pleading retains all of her impermissible common law claims. Plaintiff attempts to save her lawsuit against the County by adding federal civil rights accusations. However, such claims are also barred as a matter of law because the County had no policy that directed Wilson to commit his crimes and Plaintiff does not have any constitutionally protected property interest in the information illegally accessed.

There are no allegations that are capable of curing these pleading deficiencies. No matter what theory Plaintiff advances, she cannot hold the County liable for Wilson's personally motivated crimes. In short, Plaintiff's motion to amend must be denied as futile.

II

SUMMARY OF PLAINTIFF'S ALLEGATIONS

Timothy Wilson sexually assaulted the Plaintiff at a Panda Express in Vista, CA on March 21, 2018. Pltf's Proposed Second Amended Complaint ("Proposed SAC"), ¶ 8. "Wilson was off-duty at the time of the sexual assault." Pltf's Motion to Amend, 3:6. The San Diego Sheriff's Department opened and investigation into the sexual assault. Pltf's Proposed SAC, ¶ 9. Wilson worked as deputy at the Vista jail. *Id.* at ¶ 12. Wilson was not part of the team that

1

1  investigated Plaintiff's sexual assault. *Id.* However, Wilson accessed the investigative file

2  multiple times. *Id.* at ¶ 12. The Sheriff's Department arrested Wilson on May 18, 2019. *Id.* at ¶

3  10. At no time prior to his arrest did anyone from the Sheriff's Department realize that Wilson

4  had accessed Plaintiff's investigation file. *Id.* at ¶¶ 15 and 17. Wilson pled guilty to a lewd act

5  on a minor and illegally accessing the investigation file. *Id.* at ¶ 11. He was sentenced to one

6  year in jail, five years probation, and required to register as a sex offender. *Id.*

7        Plaintiff's proposed Second Amended Complaint contains a total of eight causes of

8  action. Plaintiff names the County of San Diego as a Defendant in six of those claims. Those

9  six claims are for injunctive relief, negligence, invasion of privacy, negligent

10 supervision/training, 42 U.S.C § 1983 (Monell), 42 U.S.C. § 1983 (state created danger).

11 III

12 STATEMENT OF LAW

13 A.  The Court Has Discretion To Deny Leave To Amend When The Proposed Pleading Fails
     To State A Cause of Action.
14

15       "Section 473 of the Code of Civil Procedure provides in part that the court may in its

16 discretion, after notice to the adverse party, allow a party to amend any pleading. *Loser v. E. R.*

17 *Bacon Co.,* 201 Cal.App.2d 387, 389-390 (1962) [citing Civ. Proc. Code § 473, subd. (a)]. The

18 motion for leave to amend must be supported by appropriate affidavits explaining the purpose

19 and need for the amendment, and the reason for failure to raise the issues earlier . . .." *Loser,*

20 201 Cal.App.2d at 390; *see also* Cal. Rules of Court, rule 3.1324.

21       The court may allow amendment of a pleading "in furtherance of justice." Civ. Proc.

22 Code § 473, subd. (a)(1). Absent a showing of prejudice, such amendments are generally

23 liberally allowed. *Huff v. Wilkins,* 138 Cal.App.4th 732, 746 (2006). However, "[i]t is of course

24 proper to deny leave when the proposed amendment or amended pleading is *insufficient to state*

25 *a cause of action or defense.*" *Congleton v. Nat'l Union Fire Ins. Co.*, 189 Cal.App.3d 51, 62

26 (Ct. App. 1987) (emphasis in original); *see also Huff*, 138 Cal. App. 4th at 746 ("Leave to

27 amend is properly denied when the facts are undisputed and as a substantive matter no liability

28 exists under the plaintiff's new theory.")

2

B.   The Pleading Standards Against A Public Entity Are Enhanced And Not Subject To The Typical Liberal Standard.

There are enhanced requirements for pleadings directed at public entities, such as the County of San Diego. First, a complaint for injuries against a public entity must derive from a statutory basis. Cal. Gov't. Code § 815; *see also Becerra v. County of Santa Cruz*, 68 Cal.App.4th 1450, 1457 (1998) ["[A]ll government tort liability must be based on statute."]. Except as otherwise provided by statute, "[a] public entity is not liable for injury, whether such injury arises out of an act or omission of the public entity or public employee or any other person." Cal. Gov't. Code § 815(a). Second, a claim against a public entity must plead all the facts essential to establishing a cause of action with specificity. *Susman v. City of Los Angeles*, 269 Cal.App.2d 803, 809 (1969). Thus, every fact essential to the existence of statutory liability must be pleaded. *Id.*

IV

ARGUMENT

A.   Plaintiff's Proposed Second Amended Complaint Is Futile Because The Government Claims Act Precludes Any Common Law Causes Of Action Against The County.

Under the Government Claims Act (sometimes referred to as "California Tort Claims Act"), "a public entity is not liable for injury arising from an act or omission except as provided by statute." *Creason v. Department of Health Services*, 18 Cal.4th 623, 630-31 (1998) (citing Cal. Gov't. Code § 815(a)). Thus, in California, "all government tort liability must be based on statute." *Lopez v. Southern California Rapid Transit Dist.*, 40 Cal.3d 780, 785, fn. 2 (1985). "In the absence of a constitutional requirement, public entities may be held liable only if a statute . . . is found declaring them to be liable." *County of Sacramento v. Superior Court*, 8 Cal.3d 479, 481 (1972). As such, in order to state a cause of action for government tort liability, every fact essential to the existence of the statutory liability must be alleged with particularity, and all statutes imposing the liability must be identified. *Searcy v. Hemet Unified School District*, 177 Cal.App.3d 792, 802 (1986); *Susman*, 269 Cal.App.2d at 809.

///

DEFENDANT COUNTY OF SAN DIEGO'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

EXHIBIT R

1    Government Code section 811.2 defines "public entity" to include any county or other

2    political subdivision of the State of California.  Cal. Gov't. Code § 811.2.  Thus, to state a valid

3    claim against the County, Plaintiff must properly plead and identify a statutory basis for

4    liability.  *See Hunsaker v. Borden*, 5 Cal. 288, 290 (1855) ("A county is not a person in any

5    sense--it is not a corporation.  It cannot sue or be sued, except where specially permitted by

6    statute . . .."); *see also Tuthill v. City of San Buenaventura,* 223 Cal.App.4th 1081, 1088 (2014)

7    ("Section 815 abolished all common law or judicially declared forms of liability for public

8    entities, except for such liability as may be required by the federal or state Constitution.").

9    Here, Plaintiff recognizes that her common law claims against the County are not proper.

10   According to Plaintiff, the purpose of the proposed amended complaint is to "remove any

11   reference to the County's liability under California common law" and her counsel determined "it

12   was prudent to remove any reference to the County's violations of California common law and

13   that any such language would be susceptible to a motion to strike and/or demurrer."  (Pltf's Mtn

14   to Amend, 9:27 and 10:16-18.)  The declaration of Plaintiff's attorney even states that changes

15   to the proposed amended complaint included "remov[ing] any reference to the County being

16   liable under California common law."  (Licari Decl., ¶ 7.)  Despite repeatedly acknowledging

17   that common law claims against the County are not permitted, Plaintiff's proposed Second

18   Amended Complaint contains four common law claims against the County (injunctive relief,

19   negligence, invasion of privacy, and negligent supervision/training).  Plaintiff fails to identify

20   any statute capable of imposing liability against the County for those claims.  Each of those

21   claims are barred as a matter of law against the County.  Allowing the Plaintiff to file her

22   Second Amended Complaint with those claims included is an exercise in futility and should not

23   be permitted.

24   B.    Plaintiff's Negligent Supervision/Training Claim Is Also Futile Because Such A Claim Is
          Not Permitted Against the County.
25

26   .    Plaintiff's fifth proposed cause of action is for Negligent Supervision and/or Training.

27   However, negligent hiring, training, and supervision is not a cognizable statutory theory of

28   recovery against a public entity like the County.  *De Villers v. County. of San Diego*, 156 Cal.

4

1   App. 4th 238, 253, 256 (2007); *Searcy*, 177 Cal.App.3d at 802; Cal. Gov't Code § 815(a).

2   "[T]here is no statutory basis for declaring a governmental entity liable for negligence in its

3   hiring and supervision practices and, accordingly, plaintiffs' claim against County based on that

4   theory is barred." *DeVillers*, 156 Cal.App.4th at 253.  Thus, a "direct claim against a

5   governmental entity asserting negligent hiring and supervision, when not grounded in the breach

6   of a statutorily imposed duty owed by the entity to the injured party, may not be maintained."

7   *Id.* at 255–256; *see also Shoval v. Sobzak*, 2009 WL 2780155, at *4 (S.D. Cal. Aug. 31, 2009)

8   ("California courts have repeatedly held that there is no statutory basis for direct claims against

9   a public entity for negligent hiring and supervision practices," citing *De Villers, supra.*)

10  C.   Plaintiff's Claim for Injunctive Relief Is Also Barred Because (1) It Is Not A Cause of
        Action and  (2) There Is No Prospective Threat of Harm to Plaintiff.
11

12        "An injunction is a writ or order requiring a person to refrain from a particular act.  It

13  may be granted by the court in which the action is brought, or by a judge thereof; and when

14  granted by a judge, it may be enforced as an order of the court." Civ. Proc. Code § 525.  Relief

15  by injunction is an extraordinary remedy to be used with great caution. *McRae v. Superior*

16  *Court for Los Angeles County*, 221 Cal.App.2d 166, 173 (Ct. App. 1963).  Injunction is a

17  remedy, not a cause of action. *Shell Oil Co. v. Richter*, 52 Cal.App.2d 164, 168 (1942)

18  ("Injunctive relief is a remedy and not, in itself, a cause of action").  To state a claim where

19  injunctive relief can be awarded, Plaintiff must plead the tort or other wrongful act constituting

20  the cause of action and facts showing the inadequacy of the remedy at law.  Elements of Cause

21  of Action., 5 Witkin, Cal. Proc. 5th Plead § 823 (2008).  Plaintiff proposed Second Amended

22  Complaint does not satisfy this requirement.

23        Moreover, an injunction serves to prevent future injury and is not applicable to wrongs

24  that have been completed.  An injunction is authorized only when it appears that wrongful acts

25  are likely to recur. *Russell v. Douvan*, 112 Cal.App.4th 399, 402 (2003).  Plaintiff's proposed

26  Second Amended Complaint does not allege any facts to suggest an unauthorized intrusion into

27  her file is likely to reoccur.  Plaintiff makes no allegation that Wilson is still employed by the

28  Sheriff's Department.  In fact, Plaintiff alleges that Wilson pleaded guilty and was sentenced to

5

1   jail. Pltf's Proposed SAC, ¶¶ 11-12. Thus, any unauthorized access to her file by Wilson is not

2   possible. Plaintiff does not have standing to seek relief for the potential unauthorized access to

3   files of others.

4   D.   The County Cannot Be Held Vicariously Liable for Wilson's Alleged Wrongdoing
        Because He Was Not Acting In The Course And Scope of His Employment.

5

6        Plaintiff accuses Wilson of improperly touching her and improperly accessing the file

7   investigating the touching. Plaintiff concedes that Wilson was not acting within the course and

8   scope of his employment when he sexually assaulted the Plaintiff. *See* Pltf's Mtn to Amend, 3:6

9   (Plaintiff acknowledges that "Wilson was off-duty at the time of the sexual assault."). However,

10  Plaintiff argues that Wilson "was acting within the course and scope of his employment when he

11  illegally accessed [plaintiff's] criminal investigation file." *Id* at 3:6-7. Plaintiff is incorrect.

12       In *Perry v. County of Fresno*, 215 Cal.App.4th 94 (2013), the court considered the scope

13  of employment question in circumstances nearly identical to this case. Specifically, the *Perry*

14  plaintiff alleged that the County was liable for damages caused by the County's employee, a

15  correctional officer, who accessed confidential jail records to intimidate the plaintiff. *Id.* at 97.

16  Plaintiff asserted claims for invasion of privacy and civil rights violations. *Id.* at 100. The

17  correctional officer was terminated from his employment with the County and was convicted,

18  *inter alia*, for violation of California Penal Code Section 502(c)(2) (felony unauthorized use of

19  computer data). *Id.*

20       Plaintiff had previously sued the correctional officer for a non-work related auto accident.

21  The correctional officer used the information he illegally obtained from jail records to intimidate

22  plaintiff into dropping that auto accident lawsuit. The court deemed this a purely personal

23  endeavor unrelated to any of the correctional officer's employment responsibilities. As such,

24  the correctional officer's alleged "wrongful tort was outside the scope of his employment." *Id* at

25  102.

26       The court ruled the correctional officer was not acting within the course and scope of his

27  employment even though his employment gave him access to the jail information. *Id* at 98. In

28  reaching this decision, the court reasoned respondeat superior liability requires more that

6

1   showing that employment as correctional officer gave him access to information to carry out

2   criminal conduct. *Id* at 102.

> The tort in this case is not simply the improper use of information obtained from
> the County's computer system, but the use of that information by [correctional
> officer] for illegal personal purposes. The law is clear that an employer is not
> strictly liable for all actions of its employees during working hours. (*Farmers Ins.
> Group v. County of Santa Clara* (1995) 11 Cal.4th 992, 1004, 47 Cal.Rptr.2d 478,
> 906 P.2d 440 (*Farmers* ).) . . . "That the employment brought tortfeasor and victim
> together in time and place is not enough." (*Id.* at p. 298, 48 Cal.Rptr.2d 510, 907
> P.2d 358.) " '[B]ut for' " causation is insufficient. (*Id.*)

8   *Id* at 101.

9   Just like in *Perry*, Plaintiff here alleges invasion of privacy and civil rights violations.

10  Just like the correctional officer in *Perry*, Wilson lost his employment with the County and was

11  convicted, *inter alia*, for violation of California Penal Code Section 502(c)(2) (felony

12  unauthorized use of computer data). Most importantly, pursuant to *Perry*, Wilson's crimes were

13  a purely personal endeavor unrelated to any of his job duties as a correctional officer. Plaintiff

14  acknowledges that "Wilson was not part of the investigative team for [plaintiff's] case nor does

15  he conduct investigations of any kind and certainly not sexual assault investigations of minors."

16  (Pltf's Proposed SAC, ¶ 12.) In other words, Wilson had no job-related purpose to access the

17  investigation file. He did so strictly out of his own personal, criminal motivation. The *Perry*

18  holding on this point is controlling and conclusive—such conduct is outside the scope of

19  employment as a matter of law. As such, there is no valid basis for County liability on any of

20  Plaintiff's state law claims.

21  E.   Plaintiff's Civil Rights Claims Against County Are Also Futile Because Plaintiff's
         Constitutional Rights Were Not Violated.

22

23       A prerequisite to any municipal civil rights claim is proof that a municipal employee

24  violated at least one of the plaintiff's constitutional rights. *Forrester v. City of*

25  *San Diego*, 25 F.3d 804, 808 (9th Cir. 1994); *Los Angeles v. Heller* ("*Heller*"), 475 U.S. 796,

26  799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual

27  police officer, the fact that the departmental regulations might have *authorized* the use of

28  constitutionally excessive force is quite beside the point.") (emphasis in original). In other

7

1   words, if no violation occurred, the municipal civil rights claim is moot. *Forrester*, 25 F.3d at

2   808; *Heller*, 475 U.S. at 799; *see also Lowry v. City of San Diego*, 858 F.3d 1248, 1260

3   (Because the use of the police canine to find and bite the plaintiff did not violate the

4   constitution, plaintiff cannot establish liability on the part of the entity.)

5          One mandatory prerequisite for a Section 1983 claim is that the defendant acted "under

6   color of state law."  Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986)  "If a

7   government officer does not act within his scope of employment or under color of state law,

8   then that government officer acts as a private citizen." *Van Ort v. Estate of Stanewich,* 92 F.3d

9   831, 835 (9th Cir. 1996) (There is no constitutional right to be free from a police officer's

10  deprivation of rights when that officer acts in his/her private capacity.)  "[A]cts committed by a

11  police officer even while on duty and in uniform are not under color of state law unless they are

12  in some way related to the performance of police duties." *Van Ort*, 92 F.3d at 838 ("Thus, acts

13  of officers in the ambit of their personal pursuits are plainly excluded" from the definition of

14  "under the color of law").

15         Here, Wilson sexually assaulted Plaintiff while he was off-duty.  Plaintiff acknowledges

16  that Wilson, at the time of the assault, was not acting within the scope of his employment with

17  the Sheriff's Department.  In other words, Wilson's sexual assault of the Plaintiff was a purely

18  personal endeavor by a private citizen.  Pursuant to the holding in *Van Ort*, such conduct does

19  not constitute a violation of a constitutional right that is actionable under Section 1983.

20         As for the computer database, Plaintiff seems to suggest that Wilson was acting under

21  color of law when he unlawfully accessed it.  Even if we assume that Wilson was acting "under

22  color of law" when he illegally accessed the investigation file, his conduct still did not violate

23  Plaintiff's constitutional rights.  Specifically, Plaintiff does not have a constitutionally protected

24  property or liberty interest in the information Wilson illegally obtained. *Wedges/Ledges of*

25  *California, Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56, 62 (9th Cir. 1994) ("A threshold

26  requirement to a substantive or procedural due process claim is the plaintiff's showing of a

27  liberty or property interest protected by the Constitution.")  Even if Plaintiff has a legitimate

28  expectation of confidentiality in her investigation file, "such an expectation did not rise to the

8

1   level of a property interest protected by federal procedural due process." *Olivera v. Vizzusi*,

2   2011 WL 2366106, at *4 (E.D. Cal. June 9, 2011). Even if Wilson was acting under color of

3   law when he illegally accessed the information in Plaintiff's investigation file, Plaintiff did not

4   have a constitutionally protected property interest in that information. Thus, Plaintiff cannot

5   establish that her constitutional rights were violated. Without a constitutional violation, plaintiff

6   cannot proceed with her municipal civil rights claims against the County. *Forrester*, 25 F.3d at

7   808.

8   F.   Even if Plaintiff Could Allege A Constitutional Violation, Her Civil Rights Claims
         Against the County Would Still Be Barred By Law.
9

10       1.   **The County Cannot Be Vicariously Liable For Wilson's Alleged
              Constitutional Violation.**

11   In § 1983 suits, municipalities cannot be held vicariously liable under a theory of

12   *respondeat superior. See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691

13   (1978). In other words, a municipality is not liable "solely because it employs a tortfeasor." *Bd.*

14   *of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). This limitation stems from the

15   "language of § 1983 itself," which "cannot be easily read to impose liability vicariously." *Id.*

16   (quotations omitted). Likewise, the legislative history of § 1983 counsels against a permissive

17   policy of vicarious liability. *See Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986).

18
         2.   **The County Did Not Have Any Policy Or Custom That Directed Wilson's
19            Criminal Behavior.**

20   A "plaintiff seeking to impose liability on a municipality under § 1983" is required "to

21   identify a municipal policy or custom that caused the plaintiff's injury." *Hunter v. Cnty. of*

22   *Sacramento*, 652 F.3d 1225, 1232–33 (9th Cir. 2011) (citations and quotation marks omitted).

23   A policy is "a deliberate choice to follow a course of action . . . made from among various

24   alternatives by the official or officials responsible for establishing final policy with respect to the

25   subject matter in question." Fairley v. Luman, 281 F.3d 913, 918 (9th Cir. 2002).

26   A custom, on the other hand, is an act "that has not been formally approved by an

27   appropriate decisionmaker" but may nonetheless "fairly subject a municipality to liability on the

28   theory that the relevant practice is so widespread as to have the force of law." *Hunter*, 652 F.3d

9

1  at 1233 (quotations omitted).  Liability for custom claims "may not be predicated on isolated or

2  sporadic incidents; it must be founded upon practices of sufficient duration, frequency and

3  consistency that the conduct has become a traditional method of carrying out policy."  Trevino

4  v. Gates, 99 F.3d 911, 918 (9th Cir. 1996), *modified on other grounds by Navarro v. Block*, 250

5  F.3d 729 (9th Cir. 2001).

6         In addition to identifying a policy or custom, *Monell* requires that the Plaintiff establish a

7  "causal link between the municipal action and the deprivation of federal rights." *Bd. of Cty.*

8  *Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 404 (1997).  "This inquiry has been

9  described as a difficult one." *See Koistra v. Cty. of San Diego*, 310 F. Supp. 3d 1066, 1086

10 (S.D. Cal. 2018) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989)).  The

11 alleged policy or custom must be the "moving force behind the constitutional violation." *Oviatt*

12 *v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

13        Plaintiff criticizes the County for not restricting access to Plaintiff's investigation file

14 despite having the ability to do so.  However, when that investigation started, there was no

15 reason to suspect that the perpetrator of the assault would be a Sheriff's employee.  Pltf's

16 Proposed SAC, ¶ 23 ("there was no indication upon the reporting of this incident that there

17 would be a necessity to limit access by Department peace officers.")  Once it was learned that

18 Wilson was involved, he was immediately arrested and taken into custody.  Plaintiff herself

19 concedes that the County did not know about Wilson illegally accessing the information prior to

20 his arrest. *Id*. at ¶15, 17 ("At no time did anyone from the Sheriff's Department realize . . . that

21 [Wilson] had accessed the investigative file . . . prior to Deputy Wilson's arrest.").  Any

22 suggestion that a County policy directed Wilson to commit his crimes is absurd and patently

23 false.  Wilson violated the law not because a County policy directed him to; he broke the law

24 purely out of his own personal and private motivation.  This is not the proper basis for a civil

25 rights claim against the County.

26        Plaintiff also seems to suggest the County had a custom or pattern of practice of allowing

27 access to their investigative files for non-legitimate purposes.  Pltf's Proposed SAC, ¶ 56.

28 Plaintiff also suggests some deficiency in training resulted in the misconduct or even that the

10

DEFENDANT COUNTY OF SAN DIEGO'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
EXHIBIT R

1   County ratified it. *Id* at 59-60. These allegations are made based on information and belief and

2   without any factual support. *Id.* at 56, 59-60. Plaintiff suggests this has happened before but

3   fails to provide any factual support for these prior incidents. Allegations of a pattern of

4   constitutional violations, without *findings* of constitutional violations are insufficient to impose

5   federal civil rights liability on a municipality for an alleged program failure. *See* Connick v.

6   Thompson, 563 U.S. 51, 63 (2011) [With enough overturning of convictions due to *Brady*

7   violations a district attorney could be on notice that staff had been inadequately trained.]

8   Significantly, in discussing what is sufficient to establish a pattern of constitutional violations,

9   the Supreme Court in *Connick* confined its fact analysis to prior judicial findings of improper

10   conduct of which there were only four over a 10 year period, which the Court held was

11   insufficient to establish a pattern of constitutional violations for *Canton* liability. *Id.* at 62.

12       **3.**    **There Is No Basis for State Created Danger Liability Because The County**

13               **Was Not Aware That Wilson Was Illegally Accessing Plaintiff's Investigation File.**

14       In this and in other jurisdictions, it is well established that public entities generally are not

15   liable for failing to protect individuals against crime. *Zelig v. County of Los Angeles*, 27 Cal.

16   4th 1112, 1126 (2002). As the United States Supreme Court has concluded, generally "a State's

17   failure to protect an individual against private violence simply does not constitute a violation of

18   the Due Process Clause." *Id.* at 1148 (quoting *DeShaney v. Winnebago Cty. Soc. Servs.*

19   *Dept.,* 489 U.S. 189, 195 (1989).) In order to establish a state created exception to this rule of

20   non-liability, Plaintiff must "plead facts showing some *affirmative act* on the part of the state

21   that either created a danger to the plaintiff or rendered him more vulnerable to an existing

22   danger." *Zelig*, 27 Cal.4th at 1149. Further, " '[i]naction by the state in the face of a known

23   danger is not enough to trigger the obligation [to protect private citizens from each other].' " *Id.*

24       In this case, Plaintiff alleges that the County's policy, which allowed Wilson to access

25   her investigative file, placed her in danger. Pltf's Proposed SAC, ¶ 63. However, Plaintiff

26   specifically concedes that the County was not aware of any danger during the time he accessed

27   the files. As stated previously, the County did not know about Wilson illegally accessing the

28   information prior to his arrest. *Id.* at ¶15, 17 ("At no time did anyone from the Sheriff's

1   Department realize . . . that [Wilson] had accessed the investigative file . . . prior to Deputy

2   Wilson's arrest.").  As such, the state created danger theory has no application in this case.

3                                       V

4                                  CONCLUSION

5        Based upon the foregoing, Defendant County of San Diego respectfully requests this

6   Court to deny plaintiff's motion for leave to amend.

7   DATED: October 28, 2019                THOMAS E. MONTGOMERY, County Counsel

8

9                                          By:

10                                             FERNANDO KISH, Senior Deputy
                                             Attorneys for Defendants County of San Diego

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

                                        12

*Jane Doe v. County of San Diego, et al.*
San Diego Superior Court No.37-2019-00020094-CU-CR-CTL

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

Declaration of Service

**10/28/2019** at 07:54:00 PM
Clerk of the Superior Court
By Carolina Miranda, Deputy Clerk

I, Yvonne Lopez, declare:

That I am over the age of eighteen years and not a party to the case; I am employed in, or am a resident of, the County of San Diego, California where the service occurred; and my business address is: 1600 Pacific Highway, Room 355, San Diego, California.

On October 28, 2019, I served the following document(s):

- **DEFENDANT COUNTY OF SAN DIEGO'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

in the following manner:

☐ By placing a copy in a separate envelope, with postage fully prepaid, for each addressee named below and depositing each in the U. S. Mail at San Diego, California.

☒ Via One Legal eService: By submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at www.onelegal.com

☒ By emailing an electronic copy of the documents listed above to the following e-mail address:

Michael Licari, Esq.
SPRINKLE LLOYD & LICARI
7801 Mission Court, Ste. 240
San Diego, CA 92108
*(Attorneys for Plaintiff)*

I declare under penalty of perjury that the foregoing is true and correct.  Executed on October 28, 2019, at San Diego, California.

_____
YVONNE LOPEZ

EXHIBIT R

# EXHIBIT "S"

1
2
3
4
5

MICHAEL A. LICARI (BAR NO. CA 265241)
**SPRINKLE LLOYD & LICARI LLP**
Attorneys at Law
2801 B. St. Ste. 556
San Diego, CA  92108
Telephone: (858) 717-0013

Attorney for Jane Doe

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/01/2019** at 04:52:00 PM

Clerk of the Superior Court
By E- Filing,Deputy Clerk

6

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

7

## FOR THE COUNTY OF SAN DIEGO – CENTRAL DISTRICT

8

9   JANE DOE, an Individual,

10              Plaintiff,

11      v.

12   COUNTY OF SAN DIEGO, a California
     Municipality; TIMOTHY WILSON, an
13   individual; and ROES 1 through 10,
     inclusive,
14

15              Defendants.

16

17

18

Case No.: 37-2019-00020094-CU-CR-CTL

**JANE DOE'S REPLY BRIEF ISO OF HER
MOTION SEEKING LEAVE TO FILE A
SECOND AMENDED COMPLAINT,
DECLARATION OF MICHAEL LICARI,
PROPOSED SECOND AMENDED
COMPLAINT**

Judge: Hon. Ronald Frazier
Dept: C-65

**[IMAGE FILE]**

19

20

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

21

22

23

24

25

26

27

28

"I'm so young and he's so old. What was he doing with pictures of me on the phone?" "If I could do it over again, I would not have called the police." This is a sample of Jane Doe's testimony that the County is trying to prevent by basically filing a Motion for Summary Judgment in its opposition. As will be described throughout below, the Court must grant Jane Doe's Motion to File a Second Amended Complaint ("SAC") because the substance of Jane Doe's SAC meets the minimum standards for pleadings when the Defendant is a municipality. To the extent that the SAC contains procedural errors, Jane Doe puts forth suggested additions in response to the

SPRINKLE LLOYD &
LICARI, LLP
ATTORNEYS AT LAW
SAN DIEGO

1    County's concerns. Adopting the County's substantive arguments however, would effectively

2    immunize law enforcement abuse of CLETS.[1] This cannot happen and for these reasons, the

3    Court should grant Jane Doe's motion and deem the proposed SAC attached with *this* reply filed.

4                                      **II.    ARGUMENT**

5    **A. THE STANDARD FOR GRANTING A MOTION IS LIBERALLY CONSTRUED SO**

6    **THAT JUDGES ALMOST ALWAYS GRANT LEAVE TO AMEND**

7              Courts should generally permit amendments to pleadings, as long as the statute of

8    limitations has not expired and the opposing party will not be prejudiced by the amendment from,

9    for example, a delay in the trial of the case, the loss of critical evidence, or added costs of trial

10   preparation. *Harris v City of Santa Monica,* (2013) 56 Cal. 4th 203, 240; *Falcon v Long Beach*

11   *Genetics, Inc.*, (2014) 224 Cal.App. 4th 1263, 1280. A Plaintiffs motion to amend should be

12   denied only when the facts are undisputed and the nature of the plaintiff's claim is clear, but under

13   the substantive law, no liability exists and no amendment would change the result. *See Beckwith v*

14   *Dahl*, (2012) 205 Cal App. 4th 1039, 1059 (judge should have given plaintiff leave to amend

15   complaint to allege facts necessary to support newly recognized tort claim for intentional

16   interference with expected inheritance). When the adequacy of the proposed amended pleading is

17   merely unclear, however, the proper course of action is to permit the amendment, after which the

18   opposing party may test the sufficiency of the amended pleading by a demurrer or a motion for

19   judgment on the pleadings. *Armenta ex rel. City of Burbank v. Mueller Co*, (2006) 142 Cal. App.

20   4th 636, 643.

21   **B. JANE DOE's STATE TORT CLAIMS AGAINST THE COUNTY ARE ALL**

22   **GROUNDED IN STATUTE**

23             The County of San Diego (the "County") incorrectly argues that Plaintiff's state tort

24   claims are based on common law, when in fact, the Plaintiff's state tort claims are all based on

25   statute.

26

27   ────────────────

28   [1] California Law Enforcement Telecommunications System is the database used by law enforcement to store personal
     information of private citizens.

SPRINKLE LLOYD &
LICARI LLP
ATTORNEYS AT LAW
SAN DIEGO

2

JANE DOE'S REPLY BRIEF ISO HER MOTION TO AMEND THE COMPLAINT

EXHIBIT S

    a. <u>Plaintiff's negligence claim against the County is based on duties impressed upon law enforcement by the California Constitution.</u>

    Article I, § 28 of the California Constitution ("Marsy's Law"), also known as the "California Victim's Bill of Rights" requires that law enforcement "prevent the disclosure of confidential information or records to the defendant, the defendant's attorney, or any other person acting on behalf of the defendant, which could be used to locate or harass the victim or the victim's family."

    While true that the SAC fails to cite the specific section of the State Constitution where this duty derives, Jane Doe nonetheless referenced the California Constitution and properly alleged the required duty and pled facts sufficient to meet each element of a negligence claim against the County. Jane Doe will add Article I § 28 to the new proposed SAC attached with this reply.[2]

    b. <u>Plaintiff's Cause of Action for Invasion of Privacy Cites a Specific Statute</u>

    Contrary to the County's claim, Jane Doe's State Invasion of Privacy claim is based on a violation of the Information Practices Act of 1977, which is codified in Cal. Civ. Code §1798. The County violated section 1798.24 of the Information Practices Act. The proposed SAC has been updated to include "*et seq.*" after Cal. Civ. Code 1798 in paragraph 36 of the SAC and also add section 1798.24 as a specific section within the Information Practices Act.

    c. <u>Jane Doe inadvertently left out a reference to the proper government code in her claim against the County for Negligent Hiring/Training/Supervising</u>

    The County is correct that Jane Doe failed to reference a particular statute that it violated. Municipalities however, can be held liable under sections 815.2 and 815.6 when a special relationship exists between the law enforcement and the private citizen. Jane Doe will add reference to the two Government Code sections to the proposed SAC.

    d. <u>The SAC specifically states that the Injunctive Relief Claim is based on violations of federal law.</u>

---

[2] Jane Doe had cited Article I section 28 in paragraph 21 of her First Amended Complaint but inadvertently left out any reference to this section of the Constitution in the SAC.

3

EXHIBIT S

The SAC ties the injunctive relief to the Fourth and Fourteenth Amendments for the basis of her equitable claim in paragraph 21. Additionally, as described below *infra*, the injunction is based on declaratory relief as well as the section 1983 claims.

**C. JANE DOE CAN BRING AN ACTION AGAINST THE COUNTY FOR NEGLIGENT SUPERVISION/TRAINING BECAUSE A SPECIAL RELATIONSHIP EXISTS BETWEEN VICTIMS AND LAW ENFORCEMENT**

The key element in bringing a claim under Government Code Section 815.2 for vicarious liability for the acts of Defendant is the concept of "special relationship." *See C.A. v. William S. Hart Union High School*, (2012) 53 Cal. 4th 861. As a general rule, law enforcement officers and therefore the public entity that employs them do not owe a duty of care to protect members of the public. *See Williams v. State of California,* (1983) 34 Cal. 3d 18, 24. It has been recognized by the California Supreme Court however, that a special relationship can be formed through interactions between government agencies and employees so that a duty exists to protect certain individuals in various circumstances. *William S. Hart Union High School*, 53 Cal. 4th at 869-870.

In *William S. Hart,* the Supreme Court explained that a special relationship exists between school officials and their minor students by virtue of a mandatory attendance policy and "comprehensive control over students exercised by school personnel." *Id.* at 869. The High Court further explained that such a special relationship imposes a duty on the government employee to use reasonable measures, in that case to protect students from foreseeable injury at the hands of third parties acting negligently or intentionally. *Id.* at 870. The County's case law, *de Villers v. County of San Diego* did not involve a special relationship between the Plaintiff and Defendant. (2007) 156 Cal. App.4th 238, 249. (also acknowledging that the government entity may be liable if a special relationship exists).

Here, like in *William S. Hart*, the San Diego Sheriff's Department created a special relationship with Jane Doe by investigating her claim of sexual assault, storing her private information on its database and then had a duty and an obligation under Marsy's Law to keep her information private. The County's failure to do so is the basis for a claim under Government Code sections 815.2 and 815.6.

SPRINKLE LLOYD &
LICARI LLP
ATTORNEYS AT LAW
SAN DIEGO

4

JANE DOE'S REPLY BRIEF ISO HER MOTION TO AMEND THE COMPLAINT

EXHIBIT S

1    The provisions in Marsy's Law clearly evidence an intent that the Sheriff's Department

2    (or any other law enforcement agency) have a responsibility to take reasonable measures to

3    protect the privacy of victims of sexual assault, especially a minor. There was no need for Deputy

4    Wilson to have access to Jane Doe's information as he was not an investigator on the case.

5    **D. JANE DOE'S CAUSE OF ACTION SEEKING AN INJUNCTION IS PROPER**

6    Defendant argues that Plaintiff's first cause of action is barred because injunctive relief,

7    standing alone, is not a cause of action. However, Plaintiff misreads the first cause of action.

8    While seeking injunctive relief, the first cause of action primarily seeks declaratory relief for

9    violations of Plaintiff's privacy rights and seeks to enjoin the same. To properly plead declaratory

10   relief, a Plaintiff must demonstrate two essential elements: (1) a proper subject of declaratory

11   relief, and (2) an actual controversy involving justiciable questions relating to the Plaintiff's

12   rights or obligations, both of which are clearly met in the proposed SAC. *Stonehouse Homes v.*

13   *City of Sierra Madre* (2008) 167. Cal.App.4th 531, 539; Cal. Code Civ. Proc., § 1060.

14   Although the first cause of action does not seek declaratory relief by name, "the gravamen

15   or essential nature of a cause of action is determined by the primary right alleged to have been

16   violated, _not by the remedy sought_." *McDowell v. Watson,* (1160) 59 Cal.App.4th 1155, 1160

17   (internal citation omitted) (emphasis added). In similar instances, Courts have held that a cause of

18   action seeking injunctive *and declaratory relief* is a permissible cause of action. *See De Lancie v.*

19   *Superior Court* (1982) 31 Cal.3d 865. To alleviate any concern however, Jane Doe modified the

20   SAC to change the heading of the First Cause of Action to "Declaratory Relief."

21   Lastly, Plaintiff's argument that no future harm is possible because Defendant fired

22   Wilson must also fail. Plaintiff alleges a probable future controversy relating to the legal rights

23   and duties of the parties exists because non-essential San Diego County employees still have

24   access to Plaintiff's private information which remain on the San Diego County servers. (SAC, ¶¶

25   22-26). Although the Defendant fired Wilson, non-essential employees – including Wilson's

26   colleagues – continue to have access to Plaintiff's private information.

27   Because the gravamen of Plaintiff's first cause of action properly seeks to determine the

28   rights and duties of the parties as they relate to Plaintiff's privacy rights, and because the

SPRINKLE LLOYD &
LICARI LLP
ATTORNEYS AT LAW
SAN DIEGO

5

JANE DOE'S REPLY BRIEF ISO HER MOTION TO AMEND THE COMPLAINT

EXHIBIT S

1   Complaint alleges a probability of future harm, Plaintiff has properly plead the first cause of

2   action for declaratory and injunctive relief.[3]

3    **E. JANE DOE MADE ONLY MINOR CHANGES TO THE STATE INVASION OF**

4   **PRIVACY CLAIM, THUS THE COURT MAY ONLY DENY THE AMENDMENT**

5           Jane Doe's Invasion of Privacy claim was only slightly amended. Given that the proposed

6   amendment as to the Invasion of Privacy claim was not substantively altered, attacking the

7   pleadings here in the County's opposition is improper. The court is limited to denying the

8   amendment as to the Invasion of Privacy cause of action and the County can later address its

9   concerns in demurrer and or a motion for summary judgment. Striking an entire cause of action

10  here would be improper.

11  **F. THE UNAUTHORIZED ACCESS OF JANE DOE'S CRIMINAL INVESTGATIVE**

12  **FILE AND THE SUBSEQUENT TAKING OF HER PRIVATE INFORMATION WERE**

13  **CONSTITUTIONAL VIOLATIONS.**

14          To succeed on a section 1983 claim for invasion of privacy against Deputy Wilson, a

15  Plaintiff need only demonstrate that "1) the action occurred under color of state law and 2) the

16  action resulted in a deprivation of a constitutional right or a federal statutory right." *Parratt v.*

17  *Taylor*, 451 U.S. 527, 535 (1981). "The purpose of § 1983 is to deter state actors from using the

18  badge of their authority to deprive individuals of their federally guaranteed rights." *McDade v.*

19  *West*, 223 F.3d 1135, 1139 (9th Cir. 2000); *See Wyatt v. Cole*, (1992) 504 U.S. 158, 161. "The

20  traditional definition of acting under color of state law requires that the defendant in a § 1983

21  action have exercised power 'possessed by virtue of state law and made possible only because the

22  wrongdoer is clothed with the authority of state law.'" *Id.* at 1140 *quoting West v. Atkins,* (1988)

23  487 U.S. 42, 48.

24          The 9th Circuit held that a District Attorney employee who illegally accessed a County

25  medical database to find information on her husbands' ex-wife was acting under the color of state

26  law. *McDade*, 223 F.3d at 1141. The Court reasoned that the County authorized the employee to

27  access the database as part of her official duties, using a password and a computer provided by

28

---

[3] Jane Doe nevertheless made minor changes to the First Cause of Action in the proposed SAC.

Sprinkle Lloyd &
Licari LLP
Attorneys At Law
San Diego

6

JANE DOE'S REPLY BRIEF ISO HER MOTION TO AMEND THE COMPLAINT

EXHIBIT S

1    the County and doing so during normal working hours. *Id.* at 1140. The 9th Circuit drew a straight

2    line through the offender's status as an employee at the District Attorney's Office, her access to

3    the database and her egregious misuse of the confidential information in its analysis. *Id.*

4         Like the District Attorney employee in *McDade*, Deputy Wilson was employed by the

5    County, was given access to CLETS by the County and presumably accessed Jane Doe's

6    information and photographs on County computers during regular work hours. For these reasons,

7    it is indisputable that Deputy Wilson was acting under the color of law when he viewed and

8    removed Jane Doe's information from the County CLETS system.

9         As to the second prong, the County argues that Jane Doe "does not have a constitutionally

10   protected property or liberty interest in the information Wilson illegally obtained" but fails to cite

11   a single case that supports this notion. County Opposition p. 8 ln. 23-24. *Olivera* was an

12   unpublished case that should not have been cited [CRC 8.1115], but involved the disclosure of a

13   police officer's employment record to other members of his former department.  *Olivera v.*

14   *Vizzusi,*2011 WL 2366106, at *4 (E.D. Cal. June 9, 2011). *Wedges* involved the City of Phoenix,

15   Arizona's decision to revoke licenses to distribute an arcade game throughout the City and had

16   nothing related to the disclosure of private information of a citizen by a government agency.

17   *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir.1994). Lastly, *Forrester*

18   [*Forrester v. City of San Diego,* 25 F.3d 804 (9th Cir. 1994)] and *Heller* [*Los Angeles v. Heller,*

19   475 U.S. 796 (1986)] involved excessive force by law enforcement.

20        The Courts have recognized a bona fide constitutionally protected right to privacy in

21   circumstances where the government maintains certain information of private citizens –

22   "informational privacy." *In re Crawford*, 194 F.3d 954, 958 (9th Cir. 1999) *citing Doe v. City of*

23   *New York*, 15 F.3d 264, 267 (2d Cir.1994) ("there is . . . a constitutional right to privacy in

24   personal information.") In *Crawford*, the 9th Circuit citing *Doe* explained that the right to

25   informational privacy was not absolute, and that an individual's privacy rights could be infringed

26   by the government's showing of a proper interest to justify disclosure. *Id.* at 959. The Court stated

27   that the relevant question in each case is whether the government can meet its burden by showing

28

SPRINKLE LLOYD &
LICARI LLP
ATTORNEYS AT LAW
SAN DIEGO

7

JANE DOE'S REPLY BRIEF ISO HER MOTION TO AMEND THE COMPLAINT

EXHIBIT S

1   that "its use of the information would advance a legitimate state interest and that its actions are

2   narrowly tailored to meet the legitimate interest." *Id.*

3        First and foremost, paragraph 14 of the SAC lists several pieces of information that

4   Deputy Wilson viewed and removed from the CLETS system, but the list was not exhaustive.

5   What information Deputy Wilson specifically took from CLETS is an open, factual question and

6   thus, dismissal of this cause of action at the current stage would be improper.

7        Setting aside the factual questions for a moment, the County cannot argue that Deputy

8   Wilson's taking of Jane Doe's private and confidential information served *any* legitimate

9   government purpose whatsoever. Further, federal law protects victim's privacy, bestowing a duty

10  on law enforcement to ensure that privacy is maintained, thus limiting disclosure of victim's

11  information in nearly all circumstances. 18 U.S.C. §3771(a)(8); *see also* 18 U.S.C. § 3509(d)(e)

12  (extensive procedure to protect identity and well-being of child victims); 5 U.S.C. § 552. In its

13  opposition, the County makes no effort to demonstrate that Wilson's actions served some

14  legitimate purpose. Because Wilson clearly acted under the color of state law and Jane Doe's

15  information was constitutionally protected, the cause of action for section 1983 claim is properly

16  pled and the motion should be granted.

17  **G. JANE DOE'S MONNELL CLAIM IS PROPERLY PLED**

18       Jane Doe also brought a claim against the County under *Monell v. City of New York*, 436

19  U.S. 659 (1978), whereby municipalities may be held liable for constitutional deprivations

20  pursuant to governmental custom. In order to establish liability under *Monell*, a plaintiff must

21  demonstrate: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a

22  widespread practice that is so permanent and well-settled that it constitutes a custom or practice. .

23  . . *Waters v. City of Chi.*, 580 F.3d 575, 581 (7th Cir. 2009).

24       It has been recognized that a local government body may be liable if it has a policy of

25  inaction and such inaction amounts to a failure to protect constitutional rights. *Mortimer v. Baca*,

26  594 F.3d 714, 716 (9th Cir. 2010) *quoting Oviatt By & Through Waugh v. Pearce,* 954 F.2d 1470,

27  1474 (9th Cir. 1992); *see also Gant v. Cty. of L.A.*, 772 F.3d 608, 618 (9th Cir. 2014) (requiring a

28  plaintiff to show that the government's "omission amounts to deliberate indifference"); *Chew v.*

1   *Gates*, 27 F.3d 1432, 1439 (9th Cir. 1994) (distinguishing between the different theories

2   of *Monell* liability for officially sanctioned affirmative acts and for failure to train). Jane Doe's

3   civil rights were deprived as a result of the Sheriff's Department's policy of creating no

4   restrictions nor oversight over access to the private information of victims of a crime, especially

5   sexual assault victims. Additionally, the County failed to properly train its employees on the

6   proper use of the CLETS system – both if proven true would be satisfy the *Monell* standard.

7        Jane Doe's SAC articulates a clear-cut policy stated on the record by the San Diego

8   County Sheriff's spokesperson that the County almost never imposes limitations on who may

9   access certain investigative files including when a minor sexual assault victim is involved.

10  Despite privacy concerns flooding news stories daily and despite the presence of serious

11  constitutional protections, the County's policy of creating no restrictions on access to CLETS is a

12  gross indifference to the constitution and victim's rights. At a minimum sex crime victim files,

13  especially those belonging to minors should be limited to a small universe of investigators and not

14  the entire Sheriff's Department. After all, confidential and private information is no longer

15  confidential and private if 4,000 people can access the information.[4]

16       The County argues the SAC lacks specific facts that support Jane Doe's allegations of

17  systematic abuse of CLETS by law enforcement. In 2017, the California Department of Justice

18  announced that there were 143 reports of CLETS abuse. David Maass and Aaron Mackey,

19  *California's Sensitive Law Enforcement Databases Were Violated in 143 Cases Last Year*,

20  Electronic Frontier Foundation, June 20, 2018, https://www.eff.org/deeplinks/2018/06/clets-

21  misuse-2017. This figure only includes those law enforcement officers who were caught *and*

22  worked for an agency that reported its figures to the DOJ. *Id.*  In total, only 53% of law

23  enforcement agencies reported CLETS abuse to the DOJ, and thus the abuse is far more rampant

24  that indicated by these figures. San Diego County did not report its numbers in 2017. *Id.* Jane Doe

25  has added these statistics to the proposed SAC.

26

27

28

_____

[4] It is believed that the San Diego Police Department has a similar procedure and thus, there's an additional 2,700 employees that have access to databases that contain confidential information.

SPRINKLE LLOYD &
LICARI LLP
ATTORNEYS AT LAW
SAN DIEGO

9

JANE DOE'S REPLY BRIEF ISO HER MOTION TO AMEND THE COMPLAINT

EXHIBIT S

The County relies on *Connick* suggesting that four incidents in a ten-year period were insufficient to sustain a *Monell* claim, but here, the DOJ listed 143 *reported* incidences of abuse in one year. *See Connick v. Thompson,* 563 U.S. 51, 63 (2011). The full breadth of the widespread abuse is a factual question that requires expert testimony at a later date. Knowing, at least superficially, of the extensive CLETS abuse throughout law enforcement, the County's user policy is nonsensical and frankly, dangerous. At a minimum, the County's lack of oversight and policing of CLETS is callous and reveals a grotesque indifference to minor victims who deserve the utmost protection by law enforcement. Such an indifference to basic constitutional rights illustrates why a 14-year-old girl would "not go to the police, if she could do it again." This is the type of scenario this lawsuit seeks to prevent in the future.

## H. JANE DOE'S STATE CREATED DANGER CLAIM IS PROPERLY PLED.

"As a general rule, members of the public have no constitutional right to sue [public] employees who fail to protect them against harm inflicted by third parties." *L.W. v. Grubbs*, 974 F.2d 119, 121 (9th Cir. 1992) (citing *DeShaney v. Winnebago Cty., Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989)). An exception to the rule applies when government employees "affirmatively place the plaintiff in a position of danger, that is, where [their] action[s] create or expose[ ] an individual to a danger which he or she would not have otherwise faced." *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1061 (9th Cir. 2006) (citing *DeShaney*, 489 U.S. at 197). The affirmative act must create an actual, particularized danger, [*id*. at 1063], and the ultimate injury to the plaintiffs must be foreseeable, *Lawrence v. United States*, 340 F.3d 952, 957 (9th Cir. 2003). The employees must have also acted with "deliberate indifference" to a "known or obvious danger." *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011).

The County cites *Zelig* to argue that the government has no liability when failing to protect a private citizen from a third party. *Zelig* v. *County of Los Angeles,* 27 Cal. 4th 1112. 1126 (2002). *Zeilig* however, involved a police shooting inside the courthouse and the Court there did not even address the State Created Danger Doctrine. While the County's general premise here is generally true, the State Created Danger Doctrine is the exception. *Kennedy*, 439 F.3d at 1061.

SPRINKLE LLOYD &
LICARI LLP
ATTORNEYS AT LAW
SAN DIEGO

10

JANE DOE'S REPLY BRIEF ISO HER MOTION TO AMEND THE COMPLAINT

EXHIBIT S

1      Here, the County's creation of a flawed policy that restricts no one from viewing a minor

2  sexual assault victim from viewing private, confidential information is the necessary affirmative

3  act that triggers liability against the County. Given that the Department of Justice found 143

4  reported instances of abuse in 2017, CLETS abuse by law enforcement employees was well-

5  known to the County, thus making Wilson's unlawful access and taking of Jane Doe's

6  information entirely foreseeable. Because CLETS abuse is well-known throughout the State of

7  California, the County's decision to place zero restrictions on access to a minor victim's file

8  shows a "deliberate indifference to a known danger." *Patel*, 648 F.3d at 974. Jane Doe did

9  include the DOJ statistics in the SAC to better demonstrate foreseeability.

10  **I. JANE DOE REQUESTS THAT THE COURT ALLOW THE CHANGES DESCRIBED**

11  **BELOW TO THE PROPOSED SECOND AMENDED COMPLAINT**

12      In light of the County's concerns raised in its opposition to Jane Doe's motion to amend

13  the complaint, Jane Doe offers the following additions to the SAC below. A copy of the updated

14  SAC is attached to Michael Licari's Declaration as Exhibit A.

15      The additions to the SAC are the following:

16  • Changed "Injunctive Relief" to "Declaratory Relief" p. 4 ln. 17.

17  • "An actual controversy has arisen and now exists between Jane Doe and the

18  County. A judicial determination of these issues and of the respective duties of Plaintiff

19  and Defendant is necessary and appropriate at this time under the circumstances to prevent

20  future constitutional violations against Jane Doe." p. 4 ln. 21.

21  • "under Article I section 28" p. 6 ln. 8.

22  • "et. seq" and "specifically Cal. Civ. Code § 1798.24 and" p. 7 ln. 14.

23  • "and subject the County to liability under Gov. Code § 815.2 and §815.6." p. 9 ln 2.

24  • "The California Department of Justice declared that it found 143 reported incidences of

25  database abuse by law enforcement of the CLETS database in 2017." p. 10 ln. 28.

26  • "Further demonstrating foreseeability, the California Department of Justice reported 143

27  known incidents where law enforcement was found to have used the CLETS database for

28  an improper purpose in 2017." p. 11 ln. 17.

SPRINKLE LLOYD &
LICARI LLP
ATTORNEYS AT LAW
SAN DIEGO

11

JANE DOE'S REPLY BRIEF ISO HER MOTION TO AMEND THE COMPLAINT

EXHIBIT S

### III. <u>CONCLUSION</u>

Jane Doe respectfully requests that the Court grant her motion and deem the attached proposed SAC to this reply filed.

DATED: November 1, 2019                    **SPRINKLE LLOYD & LICARI LLP**

By:  *Michael Licari*
_____
Michael Licari
Attorney for Jane Doe

EXHIBIT S

MICHAEL A. LICARI (BAR NO. CA 265241)
**SPRINKLE LLOYD & LICARI LLP**
Attorneys at Law
2801 B. St. Ste. 556
San Diego, CA  92108
Telephone: (858) 717-0013

Attorney for Jane Doe

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**11/01/2019** at 04:52:00 PM
Clerk of the Superior Court
By E- Filing,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO – CENTRAL DISTRICT

| | |
|---|---|
| JANE DOE, an Individual, | Case No.: 37-2019-00020094-CU-CR-CTL |
| Plaintiff, | **DECLARATION OF MICHAEL A. LICARI IN SUPPORT OF JANE DOE'S MOTION TO AMEND THE COMPLAINT** |
| v. | |
| COUNTY OF SAN DIEGO, a California Municipality; TIMOTHY WILSON, an individual; and ROES 1 through 10, inclusive, | Judge: Hon. Ronald Frazier
Dept: C-65 |
| | **[IMAGE FILE]** |
| Defendants. | Filed Concurrently with Jane Doe's Reply Brief |

I, Michael Licari declare the following:

1. I am a California licensed attorney and in good standing with the California State Bar Association. I am Jane Doe's attorney of record and have personal knowledge of the forgoing and could testify to the contents of this declaration if called upon to do so. This declaration is given in support of Jane Doe's motion to amend her complaint.

2. Exhibit A is a true and accurate copy of a second draft of the proposed Second Amended Complaint, to be filed with the Court if the Court should grant Jane Doe's motion. The changes reflected in this Second Amended Complaint were done in addition to the changes in the first version that was filed with Jane Doe's Motion for leave to amend the

EXHIBIT S

1   Complaint. These changes are a direct response to concerns raised by the County in their

2   opposition.

3   3.  The County will not be prejudiced by these amendments because the case is not yet at

4   issue, the case management conference has yet to occur and the trial date is not set.

5   Additionally, no discovery including depositions have taken place. The County will have

6   ample time to prepare a defense and these changes were minor if not immaterial.

7   I declare under penalty of perjury under the laws of the State of California that the forgoing is

8   true and correct.

9   DATED: October 31, 2019

*Michael Licari*
_____
Michael A. Licari

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Sprinkle Lloyd & Licari LLP
Attorneys At Law
San Diego

DECLARATION OF MICHAEL LICARI

EXHIBIT S

Exhibit A

EXHIBIT S

MICHAEL LICARI (SBN 265241)
**SPRINKLE LLOYD & LICARI LLP**
Attorneys at Law
2801 B. St., Ste. 556
San Diego, CA 92102
Telephone: (858) 717-0013
Email: Mike@SL2Law.com

Attorneys for Jane Doe

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO – CENTRAL DISTRICT**

| JANE DOE, an Individual, | Case No.: 37-2019-00020094-CU-CR-CTL |
|---|---|
| Plaintiff, | **SECOND AMENDED COMPLAINT FOR:** |
| v. | **1) DECLARATORY RELIEF** |
| COUNTY OF SAN DIEGO, a California Municipality; TIMOTHY WILSON, an individual; and ROES 1 through 10, inclusive, | **2) NEGLIGENCE**<br>**3) INVASION OF PRIVACY**<br>**4) BATTERY**<br>**5) NEGLIGENT SUPERVISION AND/OR TRAINING** |
| Defendants. | **6) 42 U.S.C. §1983 [Breach of Privacy]**<br>**7) 42 U.S.C. §1983 [Monell]**<br>**8) 42 U.S.C. §1983 [State Created Danger] [Image File]**<br>**Jury Trial Demanded** |

Plaintiff Jane Doe. alleges as follows:

## **PARTIES**

1. Plaintiff JANE DOE ("Jane Doe") was a fourteen-year-old girl at the time that the events that give rise to this Second Amended Complaint occurred and is resident of the County of San Diego and in the State of California.

2. Sheriff's Deputy Timothy Wilson ("Deputy Wilson") was and is a resident of San Diego County.

3. Jane Doe, Deputy Wilson and the County of San Diego may be collectively referred to as the

"Parties."

4. Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate or otherwise, of those Defendants sued herein as Roes 1 through 10, inclusive, which Plaintiff therefore sues by such fictitious names. Plaintiff is informed and believes that each of the fictitiously named Defendants is in some way responsible and/or liable to Plaintiff as herein alleged and caused the damage to Plaintiff as herein alleged. Plaintiff will amend this Complaint to allege the true names and capacities and the responsibility and/or liability of such fictitiously named Defendants when their identities have been ascertained.

5. Plaintiff is informed and believes, and on this basis alleges, that at all times herein mentioned, Defendants sued herein as Roes 1 through 10, inclusive, and each of them, were acting as the duly authorized agent, servant, representative, joint venturer, co-venturer, co-conspirator, partner, employee, and/or alter ego of each of the remaining Defendants and with the knowledge, permission, consent, ratification and/or for the benefit of each of said remaining Defendants, and in doing the things herein mentioned, each of the Defendants named herein was acting in the course and scope of such employment, agency, conspiracy and/or representative capacity with the ratification and consent of the other Defendants , and acted in concert with them.

## **VENUE**

6. Based on information and belief, venue is proper in the San Diego County Superior Court because all acts that give rise to this Complaint occurred in the County of San Diego.

## **GENERAL ALLEGATIONS**

7. Plaintiff realleges and incorporates herein by this reference each and every allegation contained above in paragraphs 1 through 6, inclusive, as though fully set forth herein.

8. On March 21, 2018 at a Panda Express in Vista, CA, Deputy Wilson approached Jane Doe from behind, sexually assaulted her and quickly exited the Panda Express thereafter.

9. That same day, Jane Doe and her mother reported the incident to the San Diego County Sheriff's Department. The San Diego County Sheriff's Department thereafter opened an investigation into the matter.

Sprinkle Lloyd &
Licari, LLP
Attorneys At Law
San Diego

2

EXHIBIT S

10. The Sheriff's Department arrested Deputy Wilson on May 18, 2018.

11. Deputy Wilson pled guilty to one count of committing a lewd act on a minor and two counts of unlawfully taking computer data on October 3, 2018. Judge Goldstein sentenced Deputy Wilson to one year in jail, five years' probation, and he must register as a sex offender.

12. Prior to his arrest, Deputy Wilson used his unique position as an employee of the San Diego County Sherriff's department to access Jane Doe's investigative file forty-four times from March 21, 2018 until his arrest on May 18, 2018. Deputy Wilson worked for San Diego County as a Sheriff's Deputy in the local Vista jail. Deputy Wilson was not part of the investigative team for Jane Doe's case nor does he conduct investigations of any kind and certainly not sexual assaults investigations of minors.

13. Based on information and belief, the Sheriff's Department has the capability to limit access to investigative files, does limit access in rare circumstances, but did not limit access of any kind to Jane Doe's sexual assault investigative file.

14. In the course of accessing Jane Doe's file, Deputy Wilson downloaded photographs of Jane Doe and sent them to his personal email account. In one instance, Deputy Wilson titled at least one photograph, "White Pants" to describe Jane Doe. Deputy Wilson was also able to learn Jane Doe's name, address and cell phone number by gaining access to Jane Doe's file, as well as where Jane Doe attended school.

15. Based on information and belief, at no time did anyone from the Sheriff's Department realize nor did anyone find it unusual that a corrections officer at the local jail had accessed the investigative file of a minor sexual assault victim's case file forty-four times prior to Deputy Wilson's arrest. Based on information and belief, Deputy Wilson's access of Jane Doe's file had no bearing whatsoever on his arrest.

16. The San Diego County Sheriff's Department arrested Deputy Wilson because a San Diego County employee identified Deputy Wilson in a video feed from the Panda Express security footage that the local news outlets broadcasted as part of their story.

17. Once Jane Doe discovered that her assailant accessed her personal file, downloaded photographs of her and knew where she lived, Jane Doe became extremely fearful for her life

3

PLAINTIFF JANE DOE'S SECOND AMENDED COMPLAINT

EXHIBIT S

and safety. Thereafter, Jane Doe, at times became depressed, sick, confused, irritable, and experienced periods of isolation so much so, that she has sought medical treatment as a result of knowing that her personal information was breached forty-four times by the individual who sexually assaulted her and law enforcement never noticed. For example, Jane Doe has preferred to isolate herself as opposed to socializing with friends and peers as she attempts to process what has happened to her and why. Jane Doe lacks trust in adults now and becomes quickly uncomfortable and nervous when an adult male makes eye contact with her in an otherwise typical social interaction. Jane Doe's ability to seek a relationship with the opposite sex has also been impaired by the events in this case. Each of these unfortunate consequences may have a long-lasting negative impact on Jane Doe's long-term growth and social development.

18. Jane Doe also changed schools because Deputy Wilson discovered where Jane Doe attended school by accessing her case file.

19. Jane Doe submitted a claim with San Diego County as required by the California Govt. Code. Section 900 et. seq. San Diego County rejected Jane Does' claim and denied any responsibility or liability on October 18, 2018.

## FIRST CAUSE OF ACTION

### Declaratory Relief against the County of San Diego

20. Plaintiff realleges and incorporates herein by this reference each and every allegation contained above in paragraphs 1 through 19, inclusive, as though fully set forth herein.

21. The Fourth and Fourteenth Amendments not only create a reasonable expectation of privacy for all United States Citizens, but the Fourteenth Amendment also requires municipalities such as the County of San Diego to ensure that the actions of its employees do not endanger U.S. citizens. The San Diego County Sheriff's Department's current policy regarding who may access a criminal investigative files involving victims of crimes [including but not limited to Jane Doe] violates the United States Constitution and specifically the Fourth and Fourteenth Amendments and gives rise to claims for constitutional violations under 42 U.S.C. § 1983. An actual controversy has arisen and now exists between Jane Doe and the County. A

1  judicial determination of these issues and of the respective duties of Jane Doe and the County

2  is necessary and appropriate at this time under the circumstances to prevent future

3  constitutional violations against Jane Doe.

4  22. Based on information and belief, the San Diego County Sheriff grants access to all criminal

5  investigative files including cases involving minor sexual assault victims to all San Diego

6  County employees with few limited exceptions. The County's policy regarding access to

7  investigative files is completely at odds with the United States Constitution's requirements to

8  protect the victim reasonable expectation of privacy by ensuring that any private or

9  confidential information stay out of the hands of people such as the victim's assailant.

10  23. San Diego County Sheriff spokesperson Lt. Karen Stubkjaer revealed that the department has

11  "the ability to limit access to certain investigatory files when necessary" and "there was no

12  indication upon the reporting of this incident that there would be a necessity to limit access by

13  Department peace officers."

14  24. At least nine members of law enforcement in San Diego, five from the San Diego Police

15  Department and four San Diego County Sherriff's Department employees have been arrested

16  on charges of sexual misconduct since 2005 and likely had access to the victim's investigative

17  file and personal information. The number could be higher but the City and County of San

18  Diego do not track sexual misconduct complaints. The California Legislature passed Senate

19  Bill 1421 in 2018 and the bill took effect on January 1, 2019, which requires law enforcement

20  agencies to release information when an officer committed sexual assault, lied when reporting

21  a crime or in an investigation, or used force that caused a person serious harm or death. To

22  date, the San Diego County Sheriff's department has released two such files: Deputy Wilson

23  and Deputy Juan Andrade.

24  25. Here, Deputy Wilson is but one example where the County granted access to a minor victim's

25  sexual assault file to a nonessential employee who then unlawfully accessed the file and the

26  victim's confidential information forty-four times. Of course, no one from the department

27  noticed that Deputy Wilson systematically and endlessly accessed Jane Doe's file and emailed

28  the file to his personal email account, nor did the department take any steps to prevent Deputy

Sprinkle Lloyd &
Licari, LLP
Attorneys At Law
San Diego

5
PLAINTIFF JANE DOE'S SECOND AMENDED COMPLAINT
EXHIBIT S

1   Wilson's continuous access of Jane Doe's confidential file until his arrest.

2   26. Jane Doe seeks injunctive relief from this Court that forces the San Diego County Sherriff's

3   Department to limit access to investigative files that involve victims to essential personnel

4   only so as to be in compliance with the United States Constitution. In seeking the injunction,

5   Jane Doe seeks to ensure that no one other than essential personnel can view, use and

6   appropriate Jane Doe's and other similar minor victims' confidential and private information

7   so as to comply with the Fourth and Fourteenth Amendments to the U.S. Constitution.

8   **SECOND CAUSE OF ACTION**

9   **Negligence against the County of San Diego**

10  27. Plaintiff realleges and incorporates herein by this reference each and every allegation

11  contained above in paragraphs 1 through 26, inclusive, as though fully set forth herein.

12  28. The California Constitution imposes certain duties under Article I section 28 on law

13  enforcement when law enforcement is investigating and prosecuting crimes that involve

14  victims. Among them are a duty to protect the privacy of an individual including but not

15  limited to the victim's confidential information as described in paragraph twenty above.

16  29. Here, the San Diego County Sherriff's Office breached its duties to Jane Doe by implementing

17  a system where nonessential employees including Deputy Wilson could access Jane Doe's

18  underage sexual assault investigative files stored on computer software that contained

19  confidential and private information about Jane Doe forty-four times without preventing

20  further access.

21  30. It was entirely foreseeable that Jane Doe's offender could be one of 4,000 San Diego County

22  employees because law enforcement employees in the Sherriff's Office and the San Diego

23  County Police Department have been arrested, charged and/or convicted of crimes including

24  sexual assault on at least nine occasions since 2005.

25  31. The Sherriff's Department's breach of its duties to Jane Doe have caused Jane Doe serious

26  emotional distress and therefore, Jane Doe is entitled to compensation for her injuries in an

27  amount to be awarded at trial.

28  ///

SPRINKLE LLOYD &
LICARI, LLP
ATTORNEYS AT LAW
SAN DIEGO

PLAINTIFF JANE DOE'S SECOND AMENDED COMPLAINT

EXHIBIT S

### THIRD CAUSE OF ACTION

#### Invasion of Privacy against All Parties

32. Plaintiff realleges and incorporates herein by this reference each and every allegation contained above in paragraphs 1 through 31, inclusive, as though fully set forth herein.

33. As the victim of sexual assault, the California Constitution provides all victims of crime a reasonable expectation of privacy regarding confidential information, identity, home address and phone number.

34. Deputy Wilson intentionally intruded on Jane Doe's privacy rights by using his position as a Deputy with the San Diego County Sheriff's Department and his access credentials given to him by the San Diego County Sheriff's Office to access Jane Doe's private, confidential information during normal business hours that the Department stored on its computer system and server. Deputy Wilson then converted Jane Doe's private, confidential information for his own personal use including photographs of Jane Doe just weeks after Deputy Wilson sexually assaulted Jane Doe. For these reasons, the San Diego County Sheriff's Department is vicariously liable for Deputy Wilson's conduct.

35. Deputy Wilson's conduct was within the scope of his employment when he committed his tortious acts and thus, the County of San Diego is vicariously liable.

36. Deputy Wilson's intrusion is not only highly offensive to a reasonable person, but also violates California law under Civil Code section 1798 *et. seq*, specifically Cal. Civ. Code § 1798.24 and the California Constitution.

37. As a consequence of Deputy Wilson's intrusion, Jane Doe was harmed as particularly described in paragraphs sixteen and seventeen of this Complaint.

### FOURTH CAUSE OF ACTION

#### Sexual Battery against Timothy Wilson

38. Plaintiff realleges and incorporates herein by this reference each and every allegation contained above in paragraphs 1 through 37, inclusive, as though fully set forth herein.

39. On March 21, 2018 at a Panda Express in Vista, CA, Deputy Wilson approached Jane Doe from behind, sexually assaulted and battered her by grabbing Jane Doe in intimate areas on

SPRINKLE LLOYD &
LICARI, LLP
ATTORNEYS AT LAW
SAN DIEGO

7

EXHIBIT S

1    her body without her consent.

2    40. The offensive and wrongfully touching was intentional and caused Jane Doe injuries and

3    damages in an amount to be awarded at trial.

4    41. The acts of Timothy Wilson, as alleged herein were willful, wanton, and malicious and were

5    intended to oppress and cause injury to Jane Doe. In light of the willful, wanton, malicious

6    and intentional conduct engaged in by Deputy Wilson, Jane Doe is entitled to an award of

7    punitive damages.

8    **FIFTH CAUSE OF ACTION**

9    **Negligent Supervision and/or Training against the County of San Diego and Does 1-3**

10   42. Plaintiff realleges and incorporates herein by this reference each and every allegation

11   contained above in paragraphs 1 through 41, inclusive, as though fully set forth herein.

12   43. Plaintiff is informed and believes and based therefore alleges that the supervisors [Does1-3]

13   of Deputy Wilson had, and did exercise, supervisory authority over Deputy Wilson, while

14   engaged in, and required by, the course and scope of their employment during regular

15   business hours.

16   44. Plaintiff is informed and believes and based therefore alleges that Deputy Wilson's

17   unauthorized use of the government databases was done during regular business hours, on an

18   ongoing basis throughout his tenure at the Sheriff's Department and ostensibly while Deputy

19   Wilson was engaged in the course and scope of his employment and performing his required

20   official duties as a County Sheriff's Deputy.

21   45. Plaintiff is informed and believes and based therefore alleges that the San Diego County

22   Sheriff's Department and Deputy Wilson's supervisors had actual and/or constructive

23   knowledge that Deputy Wilson was using the time and resources of the County, and to gather

24   information for the personal use of himself on a routine basis, and while acting as a county

25   deputy when logging in to these government databases.

26   46. Deputy Wilson's continuous use of the government database for personal reasons made

27   Deputy Wilson unfit for his position as a Deputy Sheriff with the San Diego County Sheriff's

28   Department.

SPRINKLE LLOYD &
LICARI, LLP
ATTORNEYS AT LAW
SAN DIEGO

8

PLAINTIFF JANE DOE'S SECOND AMENDED COMPLAINT

EXHIBIT S

47. Notwithstanding such knowledge, Deputy Wilson's supervisors, and thus the County was negligent, careless and failed to properly supervise, train and control Wilson as a Sheriff's Deputy. These failures enabled and allowed Deputy Wilson to access Jane Doe's investigative file forty-four times and download the file and email it to his personal email address all in violation of Jane Doe's rights as a victim and in violation of her right to privacy. A special relationship exists between law enforcement and criminal sexual assault victims that creates a duty owned by law enforcement to keep victim's information confidential and private.

48. The supervisors' failure to properly supervise, train and control Deputy Wilson were a substantial cause of Jane Doe's damages and subject the County to liability under Gov. Code § 815.2 and §815.6.

## SIXTH CAUSE OF ACTION

### Invasion of Privacy Under 42 U.S.C. § 1983 against Timothy Wilson

49. Plaintiff realleges and incorporates herein by this reference each and every allegation contained above in paragraphs 1 through 48, inclusive, as though fully set forth herein.

50. The Fourth and Fourteenth Amendments of the United States Constitution guarantee that every United States citizen enjoys a right to privacy.

51. Deputy Wilson, acting under the color of state law while working as a sheriff's deputy, deprived Jane Doe of her reasonable expectation of privacy by accessing Jane Doe's private, confidential information by using the San Diego Sheriff's Department's computer system for personal reasons. Wilson's decision to access, review and take Jane Doe's private, confidential information maintained and stored on the County of San Diego's website is a violation of Jane Doe's constitutional right to privacy.

52. As a direct result of Wilson's unlawful conduct, Jane Doe has been damaged including emotional suffering, mental anguish, humiliation and embarrassment.

## SEVENTH CAUSE OF ACTION

### Monell Claim Under 42 U.S.C. § 1983 against County of San Diego

53. Plaintiff realleges and incorporates herein by this reference each and every allegation contained above in paragraphs 1 through 52, inclusive, as though fully set forth herein.

54. San Diego County Sheriff spokesperson Lt. Karen Stubkjaer stated to the San Diego Union Tribune that the San Diego County Sheriff's Department has the ability to limit access to its online investigative files but only exercises these limitations in rare circumstances. Lt. Stubkjaer indicated that Jane Doe's status as a minor sexual assault victim does not qualify as an investigation that would warrant certain limitations or restrictions regarding access. Thus, San Diego County implements a department wide policy that allows anyone employed by the San County Sheriff to access the criminal investigative files, even in circumstances where a minor sexual assault victim such as Jane Doe is the subject of the investigation.

55. San Diego County's policy provides access to more than 4,000 individuals who can and do in fact access personal, private, intimate, embarrassing and confidential information of crime victims. Oftentimes, the individual County employee accessing this information plays no role whatsoever in the investigation. Additionally, much of this information is protected by a reasonable expectation of privacy guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution. Therefore, the Department wide policy creates the opportunity for county employees to consistently and systematically violate the rights of American citizens by accessing the information of crime victims for personal use rather than for legitimate purposes.

56. Based on information and belief, the practice by County employees of accessing investigative files for non-legitimate purposes and thus gaining access to the private and confidential information of innocent victims of crime is widespread, systematic and ongoing.

57. Deputy Wilson's ability to access Jane Doe's file despite being a mere jailer in the local jail was made possible only because of the County's unconstitutional policy.

58. The County of San Diego's policy was implemented with a deliberate indifference to crime victims' constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution.

59. Liability against the County of San Diego further exists where a municipality fails to properly train, supervise, and discipline its employees amounting in a deliberate indifference to one's constitutional rights. *See City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989); *Patzner v.*

Sprinkle Lloyd &
Licari, LLP
Attorneys At Law
San Diego

10
PLAINTIFF JANE DOE'S SECOND AMENDED COMPLAINT
EXHIBIT S

*Burkett*, 779 F.2d 1363, 1367 (8th Cir. 1985); *Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983). Deputy Wilson's actions, among that of others within the Sheriff's Department demonstrates that the County has failed to properly train, supervise and/or discipline employees who have abused the County's online records system.

60. The Sheriff's Department's indifference to the Constitution by condoning, ratifying and/or perpetuating abuse of the database has directly contributed to systematic misconduct, and the failure to end this policy, pattern of practice, or custom was a proximate cause to the injuries suffered by Jane Doe. The California Department of Justice declared that it found 143 reported incidences of database abuse by law enforcement of the CLETS database in 2017.

61. Wherefore, as a direct and proximate cause of the actions of the County, Plaintiff has suffered damages in an amount to be awarded at trial.

**EIGHTH CAUSE OF ACTION**

**State Created Danger Doctrine Claim Under 42 U.S.C. § 1983 against County of San Diego**

62. Plaintiff realleges and incorporates herein by this reference each and every allegation contained above in paragraphs 1 through 61, inclusive, as though fully set forth herein.

63. By creating and executing a policy that allow for any San Diego County employee to access any criminal file with limited exceptions, the County affirmatively placed Jane Doe in danger by providing access to Jane Doe's private and confidential information to Deputy Wilson who played no role in the actual investigation and where Deputy Wilson was the individual who committed the sexual assault.

64. By executing this department wide policy of allowing access to investigative files to nearly everyone at the Sheriff's Department, the County demonstrates a deliberate indifference to a known or obvious danger. The danger is known or obvious because it is entirely foreseeable that one of four thousand San Diego County Sheriff's Department employees committed an offense against a victim. In this case, Deputy Wilson was that offender and Jane Doe was that victim. Further demonstrating foreseeability, the California Department of Justice reported 143 known incidents where law enforcement was found to have used the CLETS database for an improper purpose in 2017.

65. The aforementioned policy is reckless, and demonstrates a conscientious disregard for protecting the constitutional rights of crime victims to a level that shocks the conscience.

66. The County's policy is a direct and proximate cause of Jane Doe's damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Jane Doe. prays for relief against the County of San Diego as follows:

**For the First Causes of Action:**

1.  An order from the Court directing the County of San Diego to modify its internal policies regarding access to criminal investigative files involving victims so that it does not violate the Constitutional Rights of crime victims;

**For Causes of Action Two, Three and Five:**

2.  Compensatory damages in an amount to be awarded at trial;

3.  Costs of the lawsuit;

4.  Such other relief the Court deems appropriate;

**For Cause of Action Four:**

5.  Compensatory damages in an amount to be awarded at trial;

6.  Costs of the lawsuit;

7.  Punitive Damages;

8.  Such other relief the Court deems appropriate.

**For Causes of action Six, Seven and Eight**

9.  Compensatory damages in an amount to be awarded at trial;

10. Costs of the lawsuit;

11. Attorney's Fees;

12. Such other relief the Court deems appropriate.

DATED: October 31, 2019                     **SPRINKLE LLOYD & LICARI, LLP**

By:   _Michael Licari_
      _____
      Michael Licari Attorney for Jane Doe

SPRINKLE LLOYD &
LICARI, LLP
ATTORNEYS AT LAW
SAN DIEGO

EXHIBIT S

Re: *Doe v. County of San Diego*
*Case No.* 37-2019-00020094-CU-CR-CTL

## PROOF OF SERVICE
### Code of Civil Procedure §§ 1013a, 210.5

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action. My business address is 2801 B Street, Unit 556, San Diego, CA 92102. On November 1, 2019, I served the following document(s):

**Reply Brief – Motion to Amend Complaint, Michael Licari Declaration**

___x____By placing the document(s) listed above in a sealed envelope, addressed as set forth below, and placing the envelop for collection and mailing it overnight.

_____By transmitting via fax the document(s) listed above to the fax numbers set forth below on this date before 5:00 pm.

_____By transmitting via One Legal the document(s) listed above to the person(s) listed below

_____By E-mailing the document(s) listed above to the address set forth below on this date before 5:00pm.

_____By Causing a true and correct copy thereof to be personally delivered to the person(s) at the addresses set forth below.

       I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under the practice, it would be deposited with the U.S. Postal Service on the same day with the postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 1, 2019 at San Diego, California.

_____
Michael A. Licari

EXHIBIT S

**<u>Service List</u>**:

Fernando Kish
Office of County Counsel
1600 Pacific Highway, Room 355
San Diego, California 92101

# EXHIBIT "T"

# SUPERIOR COURT OF CALIFORNIA,

COUNTY OF SAN DIEGO

HALL OF JUSTICE

TENTATIVE RULINGS - November 07, 2019

EVENT DATE: 11/08/2019          EVENT TIME:  08:30:00 AM          DEPT.: C-65

JUDICIAL OFFICER:Ronald F. Frazier

CASE NO.:     37-2019-00020094-CU-CR-CTL

CASE TITLE:  DOE VS COUNTY OF SAN DIEGO [IMAGED]

CASE CATEGORY:  Civil - Unlimited          CASE TYPE:  Civil Rights

EVENT TYPE:  Motion Hearing (Civil)
CAUSAL DOCUMENT/DATE FILED:

---

Plaintiff's Motion for Leave to File a Second Amended Complaint is GRANTED.  (ROA 21.)  Plaintiff is to file the proposed Second Amended Complaint within five (5) days.

The court observes Plaintiff's pleadings indicate she is a minor.  Accordingly, Plaintiff must appear through a guardian ad litem.  **The court will hear from Plaintiff's counsel** regarding the appointment of a guardian ad litem.

---

EXHIBIT T

# EXHIBIT "U"

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

**SHORT TITLE:** Doe vs County of San Diego [IMAGED]

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | **CASE NUMBER:** |
|---|---|
| | **37-2019-00020094-CU-CR-CTL** |

I certify that I am not a party to this cause. I certify that a true copy of the attached minute order was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at San Diego, California, on 11/12/2019.

Clerk of the Court, by: _____ , Deputy

FERNANDO KISH
1600  PACIFIC HWY RM 355
SAN DIEGO, CA 92101-2469

MICHAEL  A LICARI
7801  MISSION COURT COURT # 240
SAN DIEGO, CA 92108

☐ Additional names and address attached.

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**                                     Page: 1

EXHIBIT U

# SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF SAN DIEGO
### CENTRAL

## MINUTE ORDER

DATE: 11/08/2019          TIME: 08:30:00 AM     DEPT: C-65

JUDICIAL OFFICER PRESIDING: Ronald F. Frazier
CLERK: Lori Urie
REPORTER/ERM: Suzanne Tate CSR# 8120
BAILIFF/COURT ATTENDANT: J. Arnold

CASE NO: **37-2019-00020094-CU-CR-CTL** CASE INIT.DATE: 04/02/2019
CASE TITLE: **Doe vs County of San Diego [IMAGED]**
CASE CATEGORY: Civil - Unlimited    CASE TYPE: Civil Rights

**EVENT TYPE**: Motion Hearing (Civil)

**EVENT TYPE**: Civil Case Management Conference
MOVING PARTY: Jane Doe
CAUSAL DOCUMENT/DATE FILED: Complaint, 04/02/2019

**APPEARANCES**
Michael A Licari, counsel, present for Plaintiff(s).
Christina Vilaseca, specially appearing for counsel Fernando Kish, present for Defendant(s).

After hearing oral argument, the Court takes this matter under submission.

1:30 pm The Court, having taken this matter under submission, and having fully considered the argument of all parties, both written and oral now rules as follows:

The Court CONFIRMS the tentative ruling as follows:

Plaintiff's Motion for Leave to File a Second Amended Complaint is GRANTED. (ROA 21.) Plaintiff is to file the proposed Second Amended Complaint within five (5) days.

The court observes Plaintiff's pleadings indicate she is a minor. Accordingly, Plaintiff must appear through a guardian ad litem.

Plaintiff's counsel states he will file the necessary papers next week.

Civil Case Management Conference is continued pursuant to Court's motion to 01/17/2020 at 10:30AM before Judge Ronald F. Frazier.

_____
Judge Ronald F. Frazier

EXHIBIT U

# EXHIBIT "V"

MICHAEL LICARI (SBN 265241)
**SPRINKLE LLOYD & LICARI LLP**
Attorneys at Law
2801 B. St., Ste. 556
San Diego, CA 92102
Telephone: (858) 717-0013
Email: Mike@SL2Law.com

Attorneys for Jane Doe

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**11/14/2019** at 05:51:00 PM
Clerk of the Superior Court
By Megan Dietenhofer,Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO – CENTRAL DISTRICT

| | |
|---|---|
| JANE DOE, an Individual, | Case No.: 37-2019-00020094-CU-CR-CTL |
| Plaintiff, | **SECOND AMENDED COMPLAINT FOR:** |
| v. | **1)   DECLARATORY RELIEF** |
| COUNTY OF SAN DIEGO, a California Municipality; TIMOTHY WILSON, an individual; and ROES 1 through 10, inclusive, | **2)   NEGLIGENCE** |
| | **3)   INVASION OF PRIVACY** |
| | **4)   BATTERY** |
| | **5)   NEGLIGENT SUPERVISION AND/OR TRAINING** |
| Defendants. | **6)   42 U.S.C. §1983 [Breach of Privacy]** |
| | **7)   42 U.S.C. §1983 [Monell]** |
| | **8)   42 U.S.C. §1983 [State Created Danger] [Image File]** |
| | **Jury Trial Demanded** |

Plaintiff Jane Doe. alleges as follows:

## **PARTIES**

1. Plaintiff JANE DOE ("Jane Doe") was a fourteen-year-old girl at the time that the events that give rise to this Second Amended Complaint occurred and is resident of the County of San Diego and in the State of California.

2. Sheriff's Deputy Timothy Wilson ("Deputy Wilson") was and is a resident of San Diego County.

3. Jane Doe, Deputy Wilson and the County of San Diego may be collectively referred to as the

SPRINKLE LLOYD &
LICARI, LLP
ATTORNEYS AT LAW
SAN DIEGO

1
PLAINTIFF JANE DOE'S SECOND AMENDED COMPLAINT
EXHIBIT V

"Parties."

4.  Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate or otherwise, of those Defendants sued herein as Roes 1 through 10, inclusive, which Plaintiff therefore sues by such fictitious names. Plaintiff is informed and believes that each of the fictitiously named Defendants is in some way responsible and/or liable to Plaintiff as herein alleged and caused the damage to Plaintiff as herein alleged. Plaintiff will amend this Complaint to allege the true names and capacities and the responsibility and/or liability of such fictitiously named Defendants when their identities have been ascertained.

5.  Plaintiff is informed and believes, and on this basis alleges, that at all times herein mentioned, Defendants sued herein as Roes 1 through 10, inclusive, and each of them, were acting as the duly authorized agent, servant, representative, joint venturer, co-venturer, co-conspirator, partner, employee, and/or alter ego of each of the remaining Defendants and with the knowledge, permission, consent, ratification and/or for the benefit of each of said remaining Defendants, and in doing the things herein mentioned, each of the Defendants named herein was acting in the course and scope of such employment, agency, conspiracy and/or representative capacity with the ratification and consent of the other Defendants , and acted in concert with them.

### VENUE

6.  Based on information and belief, venue is proper in the San Diego County Superior Court because all acts that give rise to this Complaint occurred in the County of San Diego.

### GENERAL ALLEGATIONS

7.  Plaintiff realleges and incorporates herein by this reference each and every allegation contained above in paragraphs 1 through 6, inclusive, as though fully set forth herein.

8.  On March 21, 2018 at a Panda Express in Vista, CA, Deputy Wilson approached Jane Doe from behind, sexually assaulted her and quickly exited the Panda Express thereafter.

9.  That same day, Jane Doe and her mother reported the incident to the San Diego County Sheriff's Department. The San Diego County Sheriff's Department thereafter opened an investigation into the matter.

SPRINKLE LLOYD &
LICARI, LLP
ATTORNEYS AT LAW
SAN DIEGO

2

EXHIBIT V

10. The Sheriff's Department arrested Deputy Wilson on May 18, 2018.

11. Deputy Wilson pled guilty to one count of committing a lewd act on a minor and two counts of unlawfully taking computer data on October 3, 2018. Judge Goldstein sentenced Deputy Wilson to one year in jail, five years' probation, and he must register as a sex offender.

12. Prior to his arrest, Deputy Wilson used his unique position as an employee of the San Diego County Sherriff's department to access Jane Doe's investigative file forty-four times from March 21, 2018 until his arrest on May 18, 2018. Deputy Wilson worked for San Diego County as a Sheriff's Deputy in the local Vista jail. Deputy Wilson was not part of the investigative team for Jane Doe's case nor does he conduct investigations of any kind and certainly not sexual assaults investigations of minors.

13. Based on information and belief, the Sheriff's Department has the capability to limit access to investigative files, does limit access in rare circumstances, but did not limit access of any kind to Jane Doe's sexual assault investigative file.

14. In the course of accessing Jane Doe's file, Deputy Wilson downloaded photographs of Jane Doe and sent them to his personal email account. In one instance, Deputy Wilson titled at least one photograph, "White Pants" to describe Jane Doe. Deputy Wilson was also able to learn Jane Doe's name, address and cell phone number by gaining access to Jane Doe's file, as well as where Jane Doe attended school.

15. Based on information and belief, at no time did anyone from the Sheriff's Department realize nor did anyone find it unusual that a corrections officer at the local jail had accessed the investigative file of a minor sexual assault victim's case file forty-four times prior to Deputy Wilson's arrest. Based on information and belief, Deputy Wilson's access of Jane Doe's file had no bearing whatsoever on his arrest.

16. The San Diego County Sheriff's Department arrested Deputy Wilson because a San Diego County employee identified Deputy Wilson in a video feed from the Panda Express security footage that the local news outlets broadcasted as part of their story.

17. Once Jane Doe discovered that her assailant accessed her personal file, downloaded photographs of her and knew where she lived, Jane Doe became extremely fearful for her life

Sprinkle Lloyd &
Licari, LLP
Attorneys At Law
San Diego

3

PLAINTIFF JANE DOE'S SECOND AMENDED COMPLAINT

EXHIBIT V

and safety. Thereafter, Jane Doe, at times became depressed, sick, confused, irritable, and experienced periods of isolation so much so, that she has sought medical treatment as a result of knowing that her personal information was breached forty-four times by the individual who sexually assaulted her and law enforcement never noticed. For example, Jane Doe has preferred to isolate herself as opposed to socializing with friends and peers as she attempts to process what has happened to her and why. Jane Doe lacks trust in adults now and becomes quickly uncomfortable and nervous when an adult male makes eye contact with her in an otherwise typical social interaction. Jane Doe's ability to seek a relationship with the opposite sex has also been impaired by the events in this case. Each of these unfortunate consequences may have a long-lasting negative impact on Jane Doe's long-term growth and social development.

18. Jane Doe also changed schools because Deputy Wilson discovered where Jane Doe attended school by accessing her case file.

19. Jane Doe submitted a claim with San Diego County as required by the California Govt. Code. Section 900 et. seq. San Diego County rejected Jane Does' claim and denied any responsibility or liability on October 18, 2018.

### **FIRST CAUSE OF ACTION**

### **Declaratory Relief against the County of San Diego**

20. Plaintiff realleges and incorporates herein by this reference each and every allegation contained above in paragraphs 1 through 19, inclusive, as though fully set forth herein.

21. The Fourth and Fourteenth Amendments not only create a reasonable expectation of privacy for all United States Citizens, but the Fourteenth Amendment also requires municipalities such as the County of San Diego to ensure that the actions of its employees do not endanger U.S. citizens. The San Diego County Sheriff's Department's current policy regarding who may access a criminal investigative file involving victims of crimes [including but not limited to Jane Doe] violates the United States Constitution and specifically the Fourth and Fourteenth Amendments and gives rise to claims for constitutional violations under 42 U.S.C. § 1983. An actual controversy has arisen and now exists between Jane Doe and the County. A

1    judicial determination of these issues and of the respective duties of Jane Doe and the County

2    is necessary and appropriate at this time under the circumstances to prevent future

3    constitutional violations against Jane Doe.

4    22. Based on information and belief, the San Diego County Sheriff grants access to all criminal

5        investigative files including cases involving minor sexual assault victims to all San Diego

6        County employees with few limited exceptions. The County's policy regarding access to

7        investigative files is completely at odds with the United States Constitution's requirements to

8        protect the victim's reasonable expectation of privacy by ensuring that any private or

9        confidential information remains private and confidential and that a criminal defendant who is

10       also a law enforcement employee cannot access this protected information.

11   23. San Diego County Sheriff spokesperson Lt. Karen Stubkjaer revealed that the department has

12       "the ability to limit access to certain investigatory files when necessary" and "there was no

13       indication upon the reporting of this incident that there would be a necessity to limit access by

14       Department peace officers." Spokesman Jason White stated the following on behalf of the

15       Sheriff's Department on November 5, 2019 in response to an NBC7 news report about police

16       abuse of the CLETS system, "We have security measures in place to limit access to sensitive

17       or high-profile cases." According to the Department's own spokespersons, the Sheriff's

18       Department does not consider a minor sexual assault victim such as Jane Doe's case to be

19       "sensitive" nor "high profile" enough to warrant limitations. Further problematic, the Sheriff's

20       Department, based on information and belief, takes no steps whatsoever to proactively

21       monitor who is accessing certain files to prevent ongoing and perpetual abuse or to act as a

22       deterrent as evidenced by Deputy Wilson accessing Jane Doe's file more than forty times

23       without challenge or abatement.

24   24. At least nine members of law enforcement in San Diego, five from the San Diego Police

25       Department and four San Diego County Sherriff's Department employees have been arrested

26       on charges of sexual misconduct since 2005 and likely had access to the victim's investigative

27       file and personal information. The number could be higher but the City and County of San

28       Diego do not track sexual misconduct complaints. The California Legislature passed Senate

SPRINKLE LLOYD &
LICARI, LLP
ATTORNEYS AT LAW
SAN DIEGO

5

PLAINTIFF JANE DOE'S SECOND AMENDED COMPLAINT

EXHIBIT V

1    Bill 1421 in 2018 and the bill took effect on January 1, 2019, which requires law enforcement

2    agencies to release information when an officer committed sexual assault, lied when reporting

3    a crime or in an investigation, or used force that caused a person serious harm or death. To

4    date, the San Diego County Sheriff's department has released two such files: Deputy Wilson

5    and Deputy Juan Andrade.

6    25. Here, Deputy Wilson is but one example where the County granted access to a minor victim's

7    sexual assault file to a nonessential employee who then unlawfully accessed the file and the

8    victim's confidential information forty-four times. Of course, no one from the department

9    noticed that Deputy Wilson systematically and endlessly accessed Jane Doe's file and emailed

10   the file to his personal email account, nor did the department take any steps to prevent Deputy

11   Wilson's continuous access of Jane Doe's confidential file until his arrest.

12   26. Jane Doe seeks a Court declaration stating that the Sheriff's Department's policy of not

13   limiting access to minor sexual assault victims' investigative files is unconstitutional.

14   Injunctive relief from this Court would force the San Diego County Sherriff's Department to

15   limit access to investigative files that involve victims to essential personnel only so as to be in

16   compliance with the United States Constitution. In seeking the injunction, Jane Doe seeks to

17   ensure that no one other than essential personnel can view, use and appropriate Jane Doe's

18   confidential and private information so as to comply with the Fourth and Fourteenth

19   Amendments to the U.S. Constitution.

20   **SECOND CAUSE OF ACTION**

21   **Negligence against the County of San Diego**

22   27. Plaintiff realleges and incorporates herein by this reference each and every allegation

23   contained above in paragraphs 1 through 26, inclusive, as though fully set forth herein.

24   28. The California Constitution imposes certain duties under Article I section 28 on law

25   enforcement when law enforcement is investigating and prosecuting crimes that involve

26   victims. Among them are a duty to protect the privacy of an individual including but not

27   limited to the victim's confidential information as described in paragraph twenty above.

28   29. Here, the San Diego County Sheriff's Office breached its duties to Jane Doe by implementing

Sprinkle Lloyd &
Licari, LLP
Attorneys At Law
San Diego

6
PLAINTIFF JANE DOE'S SECOND AMENDED COMPLAINT
EXHIBIT V

1    a system where nonessential employees including Deputy Wilson could access Jane Doe's

2    underage sexual assault investigative files stored on computer software that contained

3    confidential and private information about Jane Doe forty-four times without preventing

4    further access.

5    30. It was entirely foreseeable that Jane Doe's offender could be one of 4,000 San Diego County

6    employees because law enforcement employees in the Sherriff's Office and the San Diego

7    County Police Department have been arrested, charged and/or convicted of crimes including

8    sexual assault on at least nine occasions since 2005.

9    31. The Sheriff's Department's breach of its duties to Jane Doe have caused Jane Doe serious

10    emotional distress and therefore, Jane Doe is entitled to compensation for her injuries in an

11    amount to be awarded at trial.

12                        **THIRD CAUSE OF ACTION**

13                   **Invasion of Privacy against All Parties**

14    32. Plaintiff realleges and incorporates herein by this reference each and every allegation

15    contained above in paragraphs 1 through 31, inclusive, as though fully set forth herein.

16    33. As the victim of sexual assault, the California Constitution provides all victims of crime a

17    reasonable expectation of privacy regarding confidential information, identity, home address

18    and phone number.

19    34. Deputy Wilson intentionally intruded on Jane Doe's privacy rights by using his position as a

20    Deputy with the San Diego County Sheriff's Department and his access credentials given to

21    him by the San Diego County Sheriff's Office to access Jane Doe's private, confidential

22    information during normal business hours that the Department stored on its computer system

23    and server. Deputy Wilson then converted Jane Doe's private, confidential information for his

24    own personal use including photographs of Jane Doe just weeks after Deputy Wilson sexually

25    assaulted Jane Doe. For these reasons, the San Diego County Sheriff's Department is

26    vicariously liable for Deputy Wilson's conduct.

27    35. Deputy Wilson's conduct was within the scope of his employment when he committed his

28    tortious acts and thus, the County of San Diego is vicariously liable.

SPRINKLE LLOYD &
LICARI, LLP
ATTORNEYS AT LAW
SAN DIEGO

7

PLAINTIFF JANE DOE'S SECOND AMENDED COMPLAINT

EXHIBIT V

36. Deputy Wilson's intrusion is not only highly offensive to a reasonable person, but also violates California law under Civil Code section 1798 *et. seq*, specifically Cal. Civ. Code § 1798.24 and the California Constitution.

37. As a consequence of Deputy Wilson's intrusion, Jane Doe was harmed as particularly described in paragraphs sixteen and seventeen of this Complaint.

**FOURTH CAUSE OF ACTION**

**Sexual Battery against Timothy Wilson**

38. Plaintiff realleges and incorporates herein by this reference each and every allegation contained above in paragraphs 1 through 37, inclusive, as though fully set forth herein.

39. On March 21, 2018 at a Panda Express in Vista, CA, Deputy Wilson approached Jane Doe from behind, sexually assaulted and battered her by grabbing Jane Doe in intimate areas on her body without her consent.

40. The offensive and wrongfully touching was intentional and caused Jane Doe injuries and damages in an amount to be awarded at trial.

41. The acts of Timothy Wilson, as alleged herein were willful, wanton, and malicious and were intended to oppress and cause injury to Jane Doe. In light of the willful, wanton, malicious and intentional conduct engaged in by Deputy Wilson, Jane Doe is entitled to an award of punitive damages.

**FIFTH CAUSE OF ACTION**

**Negligent Supervision and/or Training against the County of San Diego and Does 1-3**

42. Plaintiff realleges and incorporates herein by this reference each and every allegation contained above in paragraphs 1 through 41, inclusive, as though fully set forth herein.

43. Plaintiff is informed and believes and based therefore alleges that the supervisors [Does1-3] of Deputy Wilson had, and did exercise, supervisory authority over Deputy Wilson, while engaged in, and required by, the course and scope of their employment during regular business hours.

44. Plaintiff is informed and believes and based therefore alleges that Deputy Wilson's unauthorized use of the government databases was done during regular business hours, on an

ongoing basis throughout his tenure at the Sheriff's Department and ostensibly while Deputy Wilson was engaged in the course and scope of his employment and performing his required official duties as a County Sheriff's Deputy.

45. Plaintiff is informed and believes and based therefore alleges that the San Diego County Sheriff's Department and Deputy Wilson's supervisors had actual and/or constructive knowledge that Deputy Wilson was using the time and resources of the County, and to gather information for the personal use of himself on a routine basis, and while acting as a county deputy when logging in to these government databases.

46. Deputy Wilson's continuous use of the government database for personal reasons made Deputy Wilson unfit for his position as a Deputy Sheriff with the San Diego County Sheriff's Department.

47. Notwithstanding such knowledge, Deputy Wilson's supervisors, and thus the County was negligent, careless and failed to properly supervise, train and control Wilson as a Sheriff's Deputy. These failures enabled and allowed Deputy Wilson to access Jane Doe's investigative file forty-four times and download the file and email it to his personal email address all in violation of Jane Doe's rights as a victim and in violation of her right to privacy. A special relationship exists between law enforcement and criminal sexual assault victims that creates a duty owned by law enforcement to keep victim's information confidential and private.

48. The supervisors' failure to properly supervise, train and control Deputy Wilson were a substantial cause of Jane Doe's damages and subject the County to liability under Gov. Code § 815.2 and §815.6.

## SIXTH CAUSE OF ACTION

### Invasion of Privacy Under 42 U.S.C. § 1983 against Timothy Wilson

49. Plaintiff realleges and incorporates herein by this reference each and every allegation contained above in paragraphs 1 through 48, inclusive, as though fully set forth herein.

50. The Fourth and Fourteenth Amendments of the United States Constitution guarantee that every United States citizen enjoys a right to privacy.

51. Deputy Wilson, acting under the color of state law while working as a sheriff's deputy,

SPRINKLE LLOYD &
LICARI, LLP
ATTORNEYS AT LAW
SAN DIEGO

9

PLAINTIFF JANE DOE'S SECOND AMENDED COMPLAINT

EXHIBIT V

deprived Jane Doe of her reasonable expectation of privacy by accessing Jane Doe's private, confidential information by using the San Diego Sheriff's Department's computer system for personal reasons. Wilson's decision to access, review and take Jane Doe's private, confidential information maintained and stored on the County of San Diego's website is a violation of Jane Doe's constitutional right to privacy.

52. As a direct result of Wilson's unlawful conduct, Jane Doe has been damaged including emotional suffering, mental anguish, humiliation and embarrassment.

## SEVENTH CAUSE OF ACTION

### Monell Claim Under 42 U.S.C. § 1983 against County of San Diego

53. Plaintiff realleges and incorporates herein by this reference each and every allegation contained above in paragraphs 1 through 52, inclusive, as though fully set forth herein.

54. San Diego County Sheriff spokesperson Lt. Karen Stubkjaer stated to the San Diego Union Tribune that the San Diego County Sheriff's Department has the ability to limit access to its online investigative files but only exercises these limitations in rare circumstances. Lt. Stubkjaer indicated that Jane Doe's status as a minor sexual assault victim does not qualify as an investigation that would warrant certain limitations or restrictions regarding access. Thus, San Diego County implements a department wide policy that allows anyone employed by the San County Sheriff to access the criminal investigative files, even in circumstances where a minor sexual assault victim such as Jane Doe is the subject of the investigation.

55. San Diego County's policy provides access to more than 4,000 individuals who can and do in fact access personal, private, intimate, embarrassing and confidential information of crime victims. Oftentimes, the individual County employee accessing this information plays no role whatsoever in the investigation. Additionally, much of this information is protected by a reasonable expectation of privacy guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution. Therefore, the Department wide policy creates the opportunity for county employees to consistently and systematically violate the rights of American citizens by accessing the information of crime victims for personal use rather than for legitimate purposes.

SPRINKLE LLOYD &
LICARI, LLP
ATTORNEYS AT LAW
SAN DIEGO

10

PLAINTIFF JANE DOE'S SECOND AMENDED COMPLAINT

EXHIBIT V

56. Based on information and belief, the practice by County employees of accessing investigative files for non-legitimate purposes and thus gaining access to the private and confidential information of innocent victims of crime is widespread, systematic and ongoing.

57. Deputy Wilson's ability to access Jane Doe's file despite being a mere jailer in the local jail was made possible only because of the County's unconstitutional policy.

58. The County of San Diego's policy was implemented with a deliberate indifference to crime victims' constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution.

59. Liability against the County of San Diego further exists where a municipality fails to properly train, supervise, and discipline its employees amounting in a deliberate indifference to one's constitutional rights. *See City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989); *Patzner v. Burkett*, 779 F.2d 1363, 1367 (8th Cir. 1985); *Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983). Deputy Wilson's actions, among that of others within the Sheriff's Department demonstrates that the County has failed to properly train, supervise and/or discipline employees who have abused the County's online records system.

60. The Sheriff's Department's indifference to the Constitution by condoning, ratifying and/or perpetuating abuse of the database has directly contributed to systematic misconduct, and the failure to end this policy, pattern of practice, or custom was a proximate cause to the injuries suffered by Jane Doe. That an officer within the Sheriff's Department would abuse the CLETS system as Officer Wilson did was entirely foreseeable as well. The California Department of Justice declared that it found 143 reported incidences of database abuse by law enforcement of the CLETS database in 2017 and numerous articles and news stories have highlighted the growing trend of CLETS abuse among law enforcement in reason years.

61. Wherefore, as a direct and proximate cause of the actions of the County, Plaintiff has suffered damages in an amount to be awarded at trial.

## **EIGHTH CAUSE OF ACTION**

### **State Created Danger Doctrine Claim Under 42 U.S.C. § 1983 against County of San Diego**

62. Plaintiff realleges and incorporates herein by this reference each and every allegation

Sprinkle Lloyd &
Licari, LLP
Attorneys At Law
San Diego

11

PLAINTIFF JANE DOE'S SECOND AMENDED COMPLAINT

EXHIBIT V

1   contained above in paragraphs 1 through 61, inclusive, as though fully set forth herein.

2   63. By creating and executing a policy that allow for any San Diego County employee to access

3   any criminal file with limited exceptions, the County affirmatively placed Jane Doe in danger

4   by providing access to Jane Doe's private and confidential information to Deputy Wilson who

5   played no role in the actual investigation and where Deputy Wilson was the individual who

6   committed the sexual assault.

7   64. By executing this department wide policy of allowing access to investigative files to nearly

8   everyone at the Sheriff's Department, the County demonstrates a deliberate indifference to a

9   known or obvious danger. The danger is known or obvious because it is entirely foreseeable

10   that one of four thousand San Diego County Sheriff's Department employees committed an

11   offense against a victim. In this case, Deputy Wilson was that offender and Jane Doe was that

12   victim. Further demonstrating foreseeability, the California Department of Justice reported

13   143 known incidents where law enforcement was found to have used the CLETS database for

14   an improper purpose in 2017.

15   65. The aforementioned policy is reckless, and demonstrates a conscientious disregard for

16   protecting the constitutional rights of crime victims to a level that shocks the conscience.

17   66. The County's policy is a direct and proximate cause of Jane Doe's damages.

18   **PRAYER FOR RELIEF**

19   WHEREFORE, Jane Doe. prays for relief against the County of San Diego as follows:

20   **For the First Causes of Action:**

21   1.   An order from the Court directing the County of San Diego to modify its internal

22   policies regarding access to criminal investigative files involving victims so that it

23   does not violate the Constitutional Rights of Jane Doe;

24   **For Causes of Action Two, Three and Five:**

25   2.   Compensatory damages in an amount to be awarded at trial;

26   3.   Costs of the lawsuit;

27   4.   Such other relief the Court deems appropriate;

28   **For Cause of Action Four:**

SPRINKLE LLOYD &
LICARI, LLP
ATTORNEYS AT LAW
SAN DIEGO

PLAINTIFF JANE DOE'S SECOND AMENDED COMPLAINT

EXHIBIT V

1    5.  Compensatory damages in an amount to be awarded at trial;

2    6.  Costs of the lawsuit;

3    7.  Punitive Damages;

4    8.  Such other relief the Court deems appropriate.

5    **For Causes of action Six, Seven and Eight**

6    9.  Compensatory damages in an amount to be awarded at trial;

7    10. Costs of the lawsuit;

8    11. Attorney's Fees;

9    12. Such other relief the Court deems appropriate.

10   DATED: November 14, 2019                **SPRINKLE LLOYD & LICARI, LLP**

11

12                                    By:  *Michael Licari*

13                                         Michael Licari
                                           Attorney for Jane Doe

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SPRINKLE LLOYD &
LICARI, LLP
ATTORNEYS AT LAW
SAN DIEGO

13
PLAINTIFF JANE DOE'S SECOND AMENDED COMPLAINT
EXHIBIT V

Re: *Doe v. County of San Diego*
*Case No.* 37-2019-00020094-CU-CR-CTL

**PROOF OF SERVICE**
**Code of Civil Procedure §§ 1013a, 210.5**

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action. My business address is 2801 B Street, Unit 556, San Diego, CA 92102. On November 14, 2019, I served the following document(s):

**Jane Doe's Second Amended Complaint**

___x____By placing the document(s) listed above in a sealed envelope, addressed as set forth below, and placing the envelop for collection and mailing it overnight.

_____By transmitting via fax the document(s) listed above to the fax numbers set forth below on this date before 5:00 pm.

____x___By transmitting via One Legal the document(s) listed above to the person(s) listed below

_____By E-mailing the document(s) listed above to the address set forth below on this date before 5:00pm.

_____By Causing a true and correct copy thereof to be personally delivered to the person(s) at the addresses set forth below.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under the practice, it would be deposited with the U.S. Postal Service on the same day with the postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 14, 2019 at San Diego, California.

_____
Michael A. Licari

EXHIBIT V

**<u>Service List</u>**:

Fernando Kish
Office of County Counsel
1600 Pacific Highway, Room 355
San Diego, California 92101

EXHIBIT V

# EXHIBIT "W"

CIV-010

| ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Michael Licari (265241)<br>Sprinkle Lloyd & Licari LLP<br>2801 B. St. Ste. 556<br>San Diego, CA 92102<br>TELEPHONE NO.: 858-717-0013   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): mike@SL2Law.om<br>ATTORNEY FOR (Name): Jane Doe | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92102
BRANCH NAME: Central

PLAINTIFF/PETITIONER: Jane Doe

DEFENDANT/RESPONDENT: County of San Diego, Timothy Wilson, Roes

| APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL<br>☑ EX PARTE | CASE NUMBER:<br>37-2019-00020094-CU-CR-CTL |
|---|---|

**NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.**

1. Applicant (name): Jane Doe                                  is
   a. ☐ the parent of (name):
   b. ☐ the guardian of (name):
   c. ☐ the conservator of (name):
   d. ☑ a party to the suit.
   e. ☑ the minor to be represented (if the minor is 14 years of age or older).
   f. ☐ another interested person (specify capacity):

2. This application seeks the appointment of the following person as guardian ad litem (state name, address, and telephone number):
   Jennifer Tanis
   740 Breeze Hill Rd. Apt. 153
   Vista, CA 92081

3. The guardian ad litem is to represent the interests of the following person (state name, address, and telephone number):
   Jane Doe
   740 Breeze Hill Rd. Apt. 153
   Vista, CA 92081

4. The person to be represented is:
   a. ☑ a minor (date of birth): November 1, 2003
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☐ the person named in item 3 has a cause or causes of action on which suit should be brought (describe):
      Jane Doe seeks to hold the County liable for essentially maintaining a policy that allows any Sheriff's Department employee to review confidential and private information of Jane Doe - a minor sexual assault victim.

   ☐ Continued on Attachment 5a.

Form Adopted for Mandatory Use
Judicial Council of California
CIV-010 [Rev. January 1, 2008]

**APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL**

Code of Civil Procedure,
§ 372 et seq.

EXHIBIT W

**CIV-010**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Jane Doe | CASE NUMBER: |
| DEFENDANT/RESPONDENT: County of San Diego, Timothy Wilson, Roes | 37-2019-00020094-CU-CR-CTL |

5.  b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

d. ☐ the appointment of a guardian ad litem is necessary for the following reasons *(specify):*

☐ Continued on Attachment 5d.

6.  The proposed guardian ad litem's relationship to the person he or she will be representing is:
a. ☑ related *(state relationship):*  Jennifer Tanis is Jane Doe's mother
b. ☐ not related *(specify capacity):*

7.  The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. *(If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):*
       None

☐ Continued on Attachment 7.

Michael A. Licari
_____
(TYPE OR PRINT NAME)

► *Michael Licari*
_____
(SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:  November 13, 2019

Jane Doe
_____
(TYPE OR PRINT NAME)

► Jane Doe
_____
(SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.
Date:  November 13, 2019

Jennifer Tanis
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

### ORDER   ☐ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that *(name):*
is hereby appointed as guardian ad litem for *(name):*
for the reasons set forth in item 5 of the application.
Date:

_____
JUDICIAL OFFICER
☐ SIGNATURE FOLLOWS LAST ATTACHMENT

**APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL**

EXHIBIT W

1  MICHAEL A. LICARI (BAR NO. CA 265241)
2  **SPRINKLE LLOYD & LICARI LLP**
   Attorneys at Law
3  2801 B. St. Ste. 556
   San Diego, CA  92108
4  Telephone: (858) 717-0013

5  Attorney for Jane Doe

6              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7              **FOR THE COUNTY OF SAN DIEGO – CENTRAL DISTRICT**

8

9  JANE DOE, an Individual,                   Case No.: 37-2019-00020094-CU-CR-CTL

10              Plaintiff,                     **DECLARATION OF JENNIFER TANIS IN
                                              SUPPORT OF JANE DOE'S EX PARTE
11      v.                                    APPLICATION FOR APPOINTMENT OF
                                              GUARDIAN AD LITEM**
12  COUNTY OF SAN DIEGO, a California
    Municipality; TIMOTHY WILSON, an          Judge: Hon. Ronald Frazier
13  individual; and ROES 1 through 10,        Dept: C-65
    inclusive,
14                                            **[IMAGE FILE]**
15              Defendants.

16

17

18

19
        I, Jennifer Tanis declare the following:
20
    1.  I am over the age of 18 and have personal knowledge of the forgoing and will testify
21
        truthfully to such matters if called upon to do so.
22
    2.  I am Jane Doe's mother. I have never been married to Jane Doe's father Lejon Jackson
23
        and no custody order between myself and her father exists regarding Jane Doe.
24
    3.  I have full custody of Jane Doe and she lives with me.
25
    4.  I am familiar with Jane Doe's civil case, the facts and the timeline of events that have
26
        occurred to date. I routinely interact with Jane Doe's counsel and essentially have been
27
        acting in the capacity as Guardian Ad Litem since before the case was filed.
28

Sprinkle lloyd &
licari, LLP
Attorneys At Law
San Diego

1

DECLARATION OF JENNIFER TANIS

EXHIBIT W

5.  Jane Doe is not the subject of a juvenile dependency action nor the subject of a probate guardianship.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

DATED: November 13, 2019

Jennifer Tanis

EXHIBIT W

1    MICHAEL A. LICARI (BAR NO. CA 265241)
2    **SPRINKLE LLOYD & LICARI LLP**
     Attorneys at Law
3    2801 B. St. Ste. 556
     San Diego, CA  92108
4    Telephone: (858) 717-0013

5    Attorney for Jane Doe

6              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7           **FOR THE COUNTY OF SAN DIEGO – CENTRAL DISTRICT**

8

9    JANE DOE, an Individual,              Case No.: 37-2019-00020094-CU-CR-CTL

10              Plaintiff,                 **DECLARATION OF LEJON JACKSON IN
                                           SUPPORT OF JANE DOE'S EX PARTE**
11        v.                               **APPLICATION FOR APPOINTMENT OF
                                           GUARDIAN AD LITEM**
12   COUNTY OF SAN DIEGO, a California
     Municipality; TIMOTHY WILSON, an     Judge: Hon. Ronald Frazier
13   individual; and ROES 1 through 10,   Dept: C-65
     inclusive,
14                                         **[IMAGE FILE]**

15              Defendants.

16

17

18

19
          I, Lejon Jackson declare the following:
20
     1.   I am over the age of 18 and have personal knowledge of the forgoing and will testify
21
          truthfully to such matters if called upon to do so.
22
     2.   I am Jane Doe's father. I have never been married to Jane Doe's mother and no custody
23
          order between myself and Jane Doe's mother exists.
24
     3.   Jane Doe's mother, Jennifer Tanis has fully custody of Jane Doe. Jane Doe lives with her
25
          mother.
26
     4.   I am generally familiar with Jane Doe's civil case, the facts and the timeline of events that
27
          have occurred to date. I routinely have conversations with Jennifer Tanis about the case
28

SPRINKLE LLOYD &
   LICARI, LLP                                      1
  ATTORNEYS AT LAW
    SAN DIEGO
                                                                    DECLARATION OF LEJON JACKSON

**EXHIBIT W**

1  and she provides me updates.

2  5. I live in San Diego County and have a good relationship with Jennifer Tanis. I have full

3  faith and confidence in Ms. Tanis to act as Jane Doe's Guardian Ad Litem and her

4  appointment to this role in Jane Doe's case.

5  6. Jane Doe is not the subject of a juvenile dependency action nor the subject of a probate

6  guardianship.

7  I declare under penalty of perjury under the laws of the State of California that the forgoing is

8  true and correct.

9

10  DATED: November 13, 2019                                      11/15/19

11                                      Lejon Jackson

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SPRINKLE LLOYD &
LICARI LLP
ATTORNEYS AT LAW
SAN DIEGO

DECLARATION OF LEJON JACKSON

EXHIBIT W

Re: *Doe v. County of San Diego*
*Case No.* 37-2019-00020094-CU-CR-CTL

**PROOF OF SERVICE**
**Code of Civil Procedure §§ 1013a, 210.5**

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action. My business address is 2801 B Street, Unit 556, San Diego, CA 92102. On November 14, 2019, I served the following document(s):

**Jane Doe's Application for Guardian Ad Litem**

___x____By placing the document(s) listed above in a sealed envelope, addressed as set forth below, and placing the envelop for collection and mailing it overnight.

_____By transmitting via fax the document(s) listed above to the fax numbers set forth below on this date before 5:00 pm.

_____x____By transmitting via One Legal the document(s) listed above to the person(s) listed below

_____By E-mailing the document(s) listed above to the address set forth below on this date before 5:00pm.

_____By Causing a true and correct copy thereof to be personally delivered to the person(s) at the addresses set forth below.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under the practice, it would be deposited with the U.S. Postal Service on the same day with the postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 14, 2019 at San Diego, California.


_____
Michael A. Licari

EXHIBIT W

**<u>Service List</u>**:

Fernando Kish
Office of County Counsel
1600 Pacific Highway, Room 355
San Diego, California 92101